NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
                scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-MJ-01724 |
|---|---|
| Plaintiff, | PRELIMINARY HEARING BRIEF |
| v. | Date: May 7, 2020 |
| MEI XING, | Time: 10:00 a.m. |
| Defendant. | Court: Hon. Gail Standish |

   Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby submits this brief to assist the Court in conducting the anticipated preliminary hearing in this matter.  The brief provides an overview of the case law governing preliminary hearings, including timing requirements, the probable cause standard, evidentiary matters, and disclosures.

Dated: May 4, 2020                     Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       ─────────────────────────────
                                       DAMARIS DIAZ
                                       SCOTT LARA
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On April 17, 2020, defendant MEI XING ("defendant") was charged by criminal complaint with Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a). From July 2016 to October 23, 2018, defendant engaged in sex trafficking by force, fraud, and coercion involving at least six victims, including victim Q.D., by deceiving victims into engaging in commercial sex and/or later threatening victims by claiming defendant would report them to the police or immigration authorities, or that defendant would have them murdered. Defendant was arrested on April 21, 2020 and made her initial appearance on April 22, 2020. On May 7, 2020, the Court will hold a preliminary hearing to determine if the charge is supported by probable cause.

**II. TIMING**

Preliminary hearings generally must be held "within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody." Fed. R. Crim. P. 5.1(c). However, a magistrate judge may extend the time limits in Rule 5.1(c) under certain circumstances. Where the defendant consents, an extension of the time limits for a preliminary hearing may be granted "upon a showing of good cause." Fed. R. Crim. P. 5.1(d). Where the defendant does not consent, a magistrate judge may extend the time limits "only on a showing that extraordinary circumstances exist and justice requires the delay." Id.

Here, defendant is in custody, so the preliminary hearing would ordinarily take place on May 6, 2020. However, defendant has consented to the preliminary hearing being held on May 7, 2020, and

the Court has found good cause for the preliminary hearing to be held on May 7, 2020. (Dkt. 14.)

### III. THE PURPOSE OF A PRELIMINARY HEARING IS TO DETERMINE WHETHER THERE IS PROBABLE CAUSE

At a preliminary hearing, the court's sole task is to determine whether there is "probable cause to believe an offense has been committed and the defendant committed it." Fed. R. Crim. P. 5.1(e). In other words, "the purpose of a preliminary hearing . . . is to require the government to show probable cause to hold a suspect pending trial." Hooker v. Klein, 573 F.2d 1360, 1367 n.7 (9th Cir. 1978). Courts routinely apply this same probable cause standard when reviewing complaints and search warrants. Probable cause requires "knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007); see also Coleman v. Burnett, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause signifies evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt."); United States v. Bishop, 264 F.3d 919, 924 (9th Cir. 2001) ("Probable cause exists when there is a fair probability or substantial chance of criminal activity."). "[C]onclusive evidence of guilt is of course not necessary . . . to establish probable cause," Lopez, 482 F.3d at 1072, which means "[f]inely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence . . . have no place in the probable-cause decision. . . . All we have required is the kind of 'fair probability' on which 'reasonable and prudent people, not legal

1 technicians, act.'" Florida v. Harris, 133 S. Ct. 1050, 1055 (2013)
2 (citations omitted).
3     In evaluating probable cause, courts consider the totality of
4 the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983).
5 Under this standard, courts must consider "the whole picture," rather
6 than viewing individual facts "in isolation." District of Columbia
7 v. Wesby, 138 S. Ct. 577, 588 (2018). Accordingly, "[i]t is not
8 uncommon for seemingly innocent conduct to provide the basis for
9 probable cause." United States v. Rodriguez, 869 F.2d 479, 483 (9th
10 Cir. 1989); see also United States v. Gil, 58 F.3d 1414, 1418 (9th
11 Cir. 1995) ("[O]bservations of conduct consistent with drug
12 trafficking, even though apparently innocuous, can give rise to
13 probable cause."). A magistrate judge presiding over a preliminary
14 hearing can "legitimately find probable cause while personally
15 entertaining some reservations." Coleman, 477 F.2d at 1202.
16     The Supreme Court has counselled that probable cause is a "fluid
17 concept," turning on the evaluation of evidence in a "nontechnical,
18 common-sense" manner. Illinois v. Gates, 462 U.S. 213, 232, 235–36
19 (1983). "It does not require the fine resolution of conflicting
20 evidence that a reasonable-doubt or even a preponderance standard
21 demands, and credibility determinations are seldom crucial in
22 deciding whether the evidence supports a reasonable belief in guilt."
23 Gerstein v. Pugh, 420 U.S. 103, 121 (1975). Based on this guidance,
24 the magistrate judge's role at the preliminary hearing is simply to
25 determine whether the government has presented sufficient evidence to
26 establish probable cause. United States v. Kin-Hong, 110 F.3d 103,
27 120 (1st Cir. 1997); Ross v. Sirica, 380 F.2d 557, 560 (D.C. Cir.
28 1967). It is generally inappropriate for the magistrate judge to

make credibility determinations, which fall within the province of the jury as the trier of fact. United States v. Perez, No. 5:14–MJ–75, 2014 WL 1725759, at *11 (S.D.Tex. Apr. 29, 2014) (at probable cause stage of proceedings, defense's credibility-focused efforts are essentially irrelevant).

Inquiries about potential affirmative defenses are not relevant to the probable cause determination. Broam v. Bogan, 320 F.3d 1023, 1023 (9th Cir. 2003) (once probable cause established, an officer need not investigate further to look for evidence that may exculpate accused "whether the claim is based on mistaken identity or a defense such as lack of requisite intent" (quoting Baker v. McCollan, 443 U.S. 137, 145-56 (1979))). Nor does the probable cause inquiry permit courts to question the thoroughness of an investigation that might have provided more than the minimal "fair probability" threshold -- even where further investigation may uncover "potentially dispositive" evidence. United States v. Goude, 440 F.3d 1065, 1073 & n.5 (9th Cir. 2005) (en banc) ("the benchmark is not what the FBI 'could have' done" (citing United States v. Miller, 753 F.2d 1475, 1481 (9th Cir. 1985) (probable cause exists even though officers failed to take "simple steps" which could have independently verified facts))). Once probable cause is established, there is simply no requirement that officers "continue to investigate or seek further corroboration." Ewing v. City of Stockton, 588 F.3d 1218, 1227 (9th Cir. 2009).

### IV. EVIDENTIARY MATTERS

A. The Federal Rules of Evidence do not apply.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid.

4

1101(d)(3). The only exception is that the rules on privilege still apply. Fed. R. Evid. 1101(c). As described below, the evidence that may be presented at preliminary hearings differs in important respects from the typical rules of evidence.

### B. Hearsay is admissible.

Because the normal rules of evidence do not apply, hearsay is admissible at preliminary hearings. See, e.g., Santos v. Thomas, 830 F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under American law, the evidence taken need not meet the standards for admissibility at trial. Indeed, at a preliminary hearing in federal court a finding of probable cause may be based upon hearsay in whole or in part.") (internal quotation marks omitted); Peterson v. California, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth Amendment permits a determination of probable cause at a preliminary hearing based on hearsay testimony). This concept has deep roots. Rule 5.1, the rule governing preliminary hearings, previously contained an explicit statement that "[t]he finding of probable cause may be based upon hearsay evidence in whole or in part." The Advisory Committee omitted that language in the 2002 amendments, deeming it unnecessary because federal law had become clear that it is appropriate to rely on hearsay at the preliminary hearing and the Federal Rules of Evidence explicitly state that they do not apply at this stage. Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002 Amendments; Fed. R. Evid. 1101. Presentation of hearsay at a preliminary hearing also poses no Confrontation Clause problem, because the Confrontation Clause is a trial right. Peterson, 604 F.3d at 1169-70.

C. <u>Suppression arguments are premature.</u>

At a preliminary hearing, the defendant "may not object to evidence on the ground that it was unlawfully acquired." Fed. R. Crim. P. 5.1(e). Thus, a defendant may not raise arguments that evidence should be suppressed. <u>See, e.g.</u>, <u>Giordenello v. United States</u>, 357 U.S. 480, 484 (1958); <u>United States v. Olender</u>, No. 00-CR-80141-DT, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

D. <u>Cross-examination is limited.</u>

Because the only purpose of the preliminary hearing is to determine probable cause, the scope of cross-examination of government witnesses is limited. "Cross-examination at a preliminary hearing, like the hearing itself, is confined by the principle that a probe into probable cause is the end and aim of the proceeding[.]" <u>Coleman</u>, 477 F.2d at 1201. Defense counsel may not use cross-examination to go "on an impermissible quest for discovery." <u>Id.</u> For example, the Fifth Circuit upheld a magistrate judge's decision to prevent cross-examination about the identity of an informant. <u>United States v. Hart</u>, 526 F.2d 344, 344 (5th Cir. 1976). Indeed, informant identity is generally privileged, <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957), and any such disclosure would be particularly inappropriate at this preliminary stage. <u>McCray v. Illinois</u>, 386 U.S. 300, 311 (1967) (upholding state's refusal to compel police officers to divulge informant's identity at preliminary hearing, noting, "we have repeatedly made clear that federal officers need not disclose an informer's identity in applying for an arrest or search warrant").

Likewise, cross-examination questions directed to potential suppression arguments would be outside the scope of the preliminary

hearing. In addition to the special limitations for preliminary hearings, "cross-examination is properly to be limited at preliminary hearing, as at trial, to the scope of the witness'[s] direct examination." Coleman, 477 F.2d at 1201.

### E. Defendant Should Not be Allowed to Introduce Evidence to Intimidate, Bully, or Harass the Victims

At defendant's initial appearance, defense counsel Alex Kessel informed government counsel that he possessed surreptitious recordings of certain victims, which Mr. Kessel had intended to introduce at defendant's state court preliminary hearing. Defense counsel informed the government that these videos depict various victims engaging in illegal behavior such as drug use. The government has asked for these recordings as part of defendant's reciprocal discovery obligations. To date, the government has not received a copy of these recordings.

The Court should not allow defendant to play any such videos at the preliminary hearing. A party may properly inquire as to whether a witness was under the influence of alcohol or drugs at the time of the event to which the witness is testifying occurred or at the time the witness is testifying in court. More relevant here, a party may ask the testifying agent if the witness was under the influence of any substance when they spoke to the agent or when they preserved the events they were reporting about. However, while the courts will allow a party to look for incompetency or bias due to drug or alcohol use, the courts will rarely allow questions about drug use to go beyond the above-mentioned areas. As the Ninth Circuit has noted, "there is widespread recognition that drug addiction is an issue fraught with potential prejudice," leading Courts to disallow that

1  evidence.  United States v. Kizer, 569 F.2d 504, 506 (9th Cir. 1978),
2  cert denied, 435 U.S. 976 (1978), see also, United States v. Domina,
3  784 F.2d 1361, 1366-67 (9th Cir. 1986), cert denied, 479 U.S. 1038
4  (1987).  The same logic holds true for disallowing defendant at this
5  preliminary hearing to play a video of a victim using illegal drugs
6  at a preliminary hearing.

7       Furthermore, defense counsel cannot introduce the victims'
8  criminal history or acts of prostitution before defendant trafficked
9  them, or after defendant ceased trafficking them.  The victims'
10 propensity to engage in sex for money before or after the commission
11 of the charged offenses makes it no more or less probable that the
12 defendant engaged in sex trafficking of Victim Q.D., the only charge
13 before the Court at this preliminary hearing.  See United States v.
14 Anderson, 139 F.3d 291 (1st Cir. 1998), cert. denied, 119 S.Ct. 158
15 (1998)(upholding the exclusion of evidence of victims' commercial
16 sexual activity outside of the offense conduct in a prosecution
17 brought, in part, under 18 U.S.C. § 2423(a) because "[a]ny propensity
18 to engage in prostitution would have had no bearing on what the jury
19 needed to find in order to reach a guilty verdict").  Courts have
20 routinely found this type of evidence irrelevant and a defendant's
21 mere allegations of relevancy should not persuade this Court
22 otherwise.  See e.g., Anderson 139 F.3d at 302-03.  This line of
23 questioning simply serves to further harass, embarrass, and create
24 prejudice against these victims of sexual exploitation.  Questioning
25 about the victims' sexual conduct is irrelevant and raises serious
26 concerns about re-victimizing the victims in this case.  The Court
27 should therefore appropriately limit defendants' cross-examination.
28 This evidence is improper propensity evidence, irrelevant, and highly

prejudicial, and would focusing the hearing, improperly, on the victims' behavior, rather than on the defendants' state of mind or criminal acts. As a result, this evidence should not publicly presented at the preliminary hearing.

Moreover, defendant cannot introduce the victims' criminal histories related to prostitution before or after their interactions with defendant because this "evidence" violates Federal Rule of Evidence 412, the federal "Rape Shield" rule.[1]

Federal Rules of Evidence 412 states that in cases involving allegations of sexual misconduct, "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" and "[e]vidence offered to prove any alleged victim's predisposition" are inadmissible. Fed. R. Evid. 412(a).[2] "Sexual behavior" includes "all activities that involve actual physical conduct, i.e. sexual intercourse or sexual contact" or that imply sexual intercourse or sexual contact, such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). This includes alleged acts of prostitution by victims of sex trafficking in 18 U.S.C. § 1591 cases. See United States v. Valenzuela, 495 Fed. App'x. 817, 819 (9th Cir. 2012), United States v. Bell, et al., CR No. 12-57-VAP, Dkt. No. 318 at 8-9 (C.D. Cal December 19, 2013). In United States v. Haines, the Ninth Circuit found that Rule 412

---

[1] The Rules of Evidence do not apply to this proceeding. However, the purpose behind Rule 412, namely, to protect victims from invasion of privacy, potential embarrassment, and sexual stereotyping in an open Court, remains salient at this hearing. As a result, the government asks this Court to disallow defendant from airing allegations of victims' alleged prior or subsequent prostitution.

[2] Rule 412 has three exceptions, none of which apply here.

9

protects victims of sex trafficking from having their prior prostitution activities from being admitted. 918 F.3d 694, 697 (9th Cir. 2019). Judge Phillips in United States v. Carter, likewise ruled that Rule 412 made any mention of the victims' prior prostitution arrests, convictions, or activities inadmissible. (2:14-cr-0297 Dkt. 158.)[3]

## V. DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS

Disclosure is a natural, but collateral, effect of any preliminary hearing. A preliminary hearing "does not include discovery for the sake of discovery." Coleman, 477 F.2d at 1199–200; see also, Robbins v. United States, 476 F.2d 26, 32 (10th Cir. 1973) ("[A] preliminary hearing is not designed for the purpose of affording discovery for an accused."); United States v. Begaye, 236 F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in Rule 16, Federal Rules of Criminal Procedure, are not applicable to preliminary hearings."). Rather, Rule 5.1 directs the parties to make certain limited disclosures. Specifically, the parties are required to produce the statements of the witnesses whom they call to testify at the preliminary hearing. Fed. R. Crim. P. 5.1(h), 26.2.

Statements must be produced only if they "relate[] to the subject matter of the witness's testimony" and also fall into one of the following categories:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any

---

[3] Furthermore, the cited authority are all related to trial testimony, where defendant has far more latitude than at this preliminary hearing. See infra at 6.

10

    transcription of a recording; or

    (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed. R. Crim. P. 26.2(f). As to the first category, a report or notes on a witness interview cannot be adopted by the witness unless the witness read them or heard them read back. <u>Goldberg v. United States</u>, 425 U.S. 94, 110 n.19 (1976); <u>United States v. Traylor</u>, 656 F.2d 1326, 1336 (9th Cir. 1981). As to the second category, records only qualify if they "reflect the witness'[s] own words" and constitute a "complete recital." <u>United States v. Bobadilla-Lopez</u>, 954 F.2d 519, 522 (9th Cir. 1992). Thus, Rule 26.2 generally does not require disclosure of interview reports unless the report author is a testifying witness and testifies about the interview. <u>See</u> <u>United States v. Moore</u>, 651 F.3d 30, 75 (D.C. Cir. 2011). If material does qualify as witness statements, it must be turned over "[a]fter a witness . . . has testified on direct examination." Fed. R. Crim. P. 26.2(a); <u>see</u> <u>United States v. Mills</u>, 641 F.2d 785, 789-90 (9th Cir. 1981) (holding that "no statement of a government witness is discoverable until the witness has testified on direct examination").

## VI. CONCLUSION

The foregoing provides an overview of legal issues relating to preliminary hearings. Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.