FILED
CLERK, U.S. DISTRICT COURT
06/12/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MEI XING,<br>　aka "Xing Mei,"<br>　"Anna," and<br>　"Boss,"<br><br>　　　　Defendant. | CR No. 2:20-cr-00228-ODW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1): Sex Trafficking; 18 U.S.C. § 1594(d), 28 U.S.C. § 2461: Criminal Forfeiture] |

　　The Grand Jury charges:

　　　　[18 U.S.C. §§ 1591(a)(1), (a)(2), (b)(1)]

　　Beginning in or around January 2017, and continuing to in or around October 2018, in Los Angeles County, within the Central District of California, defendant MEI XING, also known as "Xing Mei," "Anna," and "Boss," in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained by any means, and benefitted, financially and by receiving anything of value, from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, advertised, and maintained by any means, Victim 6, knowing

and recklessly disregarding that threats of force and coercion, as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause Victim 6 to engage in a commercial sex act.

FORFEITURE ALLEGATION

[18 U.S.C. § 1594(d) and 28 U.S.C. § 2461]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

(b) Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

(c) In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent & Organized Crime Section

SCOTT M. LARA
DAMARIS DIAZ
Assistant United States Attorneys
Violent & Organized Crime Section

4