CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
(E Mail: Callie_Steele@fd.org)
Senior Litigator
NEHA A. CHRISTERNA (Bar No. 245191)
(E-Mail: Neha_Christerna@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MEI XING,<br><br>  Defendant. | Case No. CR 20-228-ODW<br><br>**MEI XING'S MOTION TO SUPPRESS STATEMENTS; DECLARATION**<br><br>Hearing Date: 5/6/2022<br>Hearing Time: 10:00 am |

Defendant, Mei Xing, through her counsel of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby moves this Honorable Court for an order suppressing all statements that she allegedly made to law enforcement officers on October 23, 2018 and on April 21, 2020, because the statements were taken in violation of the Fifth and Sixth Amendments to the United States Constitution.

//
//
//

This motion is based upon the Fifth and Sixth Amendments to the United States Constitution, *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), attached Memorandum of Points and Authorities, declaration, Exhibits (which will be filed separately *under seal*), all files and records in this case, and any further evidence as may be adduced at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 18, 2022          By  */s/ Callie Glanton Steele*
CALLIE GLANTON STEELE
Senior Litigator
NEHA A. CHRISTERNA
Deputy Federal Public Defender
Attorneys for Mei Xing

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mei Xing is currently charged in a First Superseding Indictment with sex trafficking, in violation of 18 U.S.C. §§1591(a)(1), (a)(2), and (b)(1). In addition, the government has filed forfeiture charges [18 U.S.C. § 1954(d) and 28 U.S.C. § 2461]. [Docket No. 51]. Trial in this matter is currently scheduled for Tuesday, May 17, 2022.

On October 23, 2018 and April 21, 2020, Ms. Xing was questioned by law enforcement officers. Her native language is Mandarin. Each time she was questioned, law enforcement officers would alternate between English and Mandarin. She did not understand that she had a right to an attorney. She did not knowingly and voluntarily waive her right to remain silent nor did she waive her right to have an attorney present. Accordingly, as argued in further detail below, any statements that she allegedly made should be suppressed.

## II. ARGUMENT

**A. Ms. Xing's statements should be suppressed because her Fifth and Sixth Amendment rights were violated when she was interrogated.**

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The United States Supreme Court's decision in *Miranda* affords all individuals the right to be informed, prior to custodial interrogation, "that [they have] the right to the presence of an attorney, and that if [they] cannot afford an attorney one will be appointed

for [them] prior to any questioning if [they] so desire[ ]." *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

A *Miranda* violation occurs when a suspect is interrogated while in custody without first being advised of his rights. *See United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1046 (9th Cir. 1990). "Statements obtained in violation of *Miranda* may not be admitted against the accused, at least in the prosecution's case in chief." *United States v. Patterson*, 812 F.2d 1188, 1193 (9th Cir. 1987). A person is interrogated by police officers if he or she is questioned by the police or subjected to "any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 300-01(1980) (footnote omitted).

Effective assertion of the right to remain silent or the right to an attorney does not require the use of specific words or phrases. Simply put, if an individual "indicates in *any manner* and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in *any manner* that he does not wish to be interrogated, the police may not question him." *Miranda*, 384 U.S. at 444–45 (emphasis added).

"The Supreme Court held in *Miranda* that if an accused who is subject to custodial interrogation expresses his desire to deal with the police only through counsel, 'the interrogation must cease until an attorney is present.'" *Morris v. United States*, 728 A.2d 1210, 1217 (D.C. 1999) (quoting *Miranda*, 384 U.S. at 474). The Supreme Court later "expanded upon this limit on interrogation and declared that police questioning of a suspect who has invoked the right to counsel is prohibited 'unless the accused himself initiates further communication, exchanges, or conversations with the police.'" *Morris*, 728 A.2d at 1217 (quoting *Edwards v. Arizona*, 451 U.S.

2

477, 485 (1981)). "[I]f an accused does initiate communication with the authorities after he has refused to answer questions without counsel, the police nevertheless may not interrogate him without an attorney being present unless he has knowingly and intelligently waived his right to counsel." *Morris*, 728 A.2d at 1217 (citing *Edwards*, 451 U.S. at 486 n. 9).

Here, on October 23, 2018, Ms. Xing was interrogated by law enforcement officers while she was in police custody. She was questioned in both English and Mandarin, even though she is more comfortable in Mandarin.[1] When she was read her Miranda rights, she asked about an attorney, but one was not provided to her.[2] The questioning should have ceased when she asked about an attorney.

Additionally, on April 21, 2020, she was again interrogated by law enforcement officers while in their custody. Prior to questioning her, she was told that the situation was serious and that she was facing up to life in prison. She was in shock and she did not understand that she had the right to an attorney during the questioning, or the right to remain silent.[3] Any statements that she made were not made voluntarily.[4]

The government has the burden of proving by the greater weight of credible evidence that police complied with the *Miranda* decision and that any waiver by Ms. Xing was both voluntary and made knowingly and

---

[1] *See* Declaration of Mei Xing, which is attached.

[2] *See* Exhibit A, a video of Ms. Xing's interrogation on October 23, 2018. *See* Exhibit B, a transcript of the relevant portion of Ms. Xing's statement. (Exhibits A and B will be filed separately *under seal*).

[3] *See* Declaration of Mei Xing.

[4] *See* Exhibit C which is the video of Ms. Xing's interrogation on April 21, 2020, and Exhibit D, which is a transcript of the relevant portion of the interrogation.

3

1 intelligently. *Colorado v. Spring*, 479 U.S. 564 (1987). Once a suspect
2 asserts her right to counsel, not only must any current interrogation cease,
3 but a suspect in continuous custody may not be approached for further
4 interrogation until counsel has been made available. *Edwards v. Arizona*,
5 451 U.S. 477 (1981); *Maryland v. Shatzer*, 130 S. Ct. 1213, 559 US 98
6 (2010). Thus, any statements made by Ms. Xing should be suppressed.

## III. CONCLUSION

Ms. Xing's Fifth and Sixth Amendment rights were violated when she was interrogated on two occasions. As such, she respectfully requests suppression of any statements that she allegedly made.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 18, 2022      By  */s/ Callie Glanton Steele*
CALLIE GLANTON STEELE
Senior Litigator
NEHA A. CHRISTERNA
Deputy Federal Public Defender
Attorneys for Mei Xing

4