CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E Mail: Callie_Steele@fd.org)
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-6075
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MEI XING,<br><br>  Defendant. | Case No. CR 20-228-ODW<br><br>**MEI XING'S MOTION TO PRECLUDE DETECTIVE FRIES' INTENDED TESTIMONY**<br><br>Hearing Date: May 6, 2022<br>Hearing Time: 10:00 a.m. |

Defendant Mei Xing, by and through her counsel of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby moves *in limine* for an order precluding the government from introducing at trial the testimony of Detective David M. Fries and/or for a Daubert hearing regarding the admissibility of such testimony.

1

1
2
3   This motion is based upon the attached memorandum of points and
4   authorities, exhibits, all files and records in this case, and any further
5   evidence and argument as may be presented at the hearing on this motion.
6
7                                           Respectfully submitted,
                                            CUAUHTEMOC ORTEGA
8                                           Federal Public Defender
9
10  DATED: April 18, 2022              By   */s/ Callie Glanton Steele*
                                            CALLIE GLANTON STEELE
11                                          Senior Litigator
                                            NEHA A. CHRISTERNA
12                                          Deputy Federal Public Defender
                                            Counsel for Mei Xing
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                        2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The government has provided notice of its intent to call Detective David M. Fries as an expert witness, alleging specialized knowledge "in the area of sex trafficking and prostitution."[1] However, the government has failed to: 1) carry its burden and adequately explain how the "expert's" testimony will help the jury understand the evidence or determine a fact in issue, in violation of Federal Rule of Evidence 702(a); and 2) establish that the testimony is based on sufficient facts or data, in violation of Federal Rule of Evidence 702(b). Furthermore, fatally, under Federal Rule of Evidence 403, the "expert's" testimony is highly prejudicial, confusing, misleading, and wastes time, among other concerns. As such, the government should be precluded from calling Detective Fries as an expert witness.

## II. ARGUMENT

### A. The Government's Explanation for the Necessity of Detective Fries' "Expert" Testimony is Unconvincing, Highly Prejudicial, and Invades the Province of the Jury.

The government claims Detective Fries' testimony will, *inter alia,* "describe how based on his experience massage parlors are a type of business frequently used for sex trafficking and prostitution." Not only will Detective Fries' testimony prejudice Ms. Xing's defense, but it is also

---

[1] Government's Expert Notice at 1.

1

Case 2:20-cr-00228-FMO   Document 94   Filed 04/18/22   Page 4 of 10   Page ID #:504

unnecessary. Many people already view massage parlors skeptically[2] (stating "[t]he erotic massage economy has become ubiquitous in American culture and touches every socio-economic stratum. In February 2019, Robert Kraft, the billionaire owner of the New England Patriots, was caught in a massage parlor in Florida"[3]); (stating [t]he United States has a complex network of 'massage parlors' that are fronts for prostitution . . . [4]); (stating "[a]s many as 9,000 illegal massage parlors currently operate in more than 1,000 cities nationwide, fueling a roughly $3 billion industry, according to the Polaris Project, a nonprofit that runs the National Human Trafficking Hotline.")[5]  Detective Fries' "expert" testimony will not only unduly prejudice Ms. Xing, it is unnecessary.  Furthermore, studies have shown when a witness is qualified as an expert, they are seen more favorably by the jury, thus the Court should be wary of qualifying *any witness* as an expert, let alone a detective whose anticipated testimony is highly prejudicial. ("We conclude by recommending that one way for courts to better address the problem of biased experts is to recognize the issue of contextual bias." [6])

---

[2] Will Yakowicz, Forbes, *Inside the 4.5 Billion Erotic Massage Parlor Economy,* https://www.forbes.com/sites/willyakowicz/2021/04/04/inside-the-45-billion-erotic-massage-parlor-economy/?sh=3cff99dd79a8

[3] Will Yakowicz, Forbes, *Inside the 4.5 Billion Erotic Massage Parlor Economy,* https://www.forbes.com/sites/willyakowicz/2021/04/04/inside-the-45-billion-erotic-massage-parlor-economy/?sh=3cff99dd79a8

[4] Pamela Engel, Business Insider, *Sex Workers Are Trucked Across America to Work at Massage Parlors That Are Fronts for Prostitution,* https://www.businessinsider.com/the-network-of-massage-parlors-in-america-2014-3

[5] Phillip Marcelo, AP News, *New Solutions for the Old Problem of Illegal Massage Parlors,* https://apnews.com/article/immigration-nfl-ap-top-news-us-news-boston-6e0eb430041e431699ced179572f922f

[6] Jason M. Chin, *et al,* TC Beirne School of Law, University of Queensland; Institute for Globally Distributed Open, *The Biases of Experts: An Empirical Analysis of Expert Witness Challenges,*

Lastly, the government claims that Detective Fries is needed to testify to the,

> [m]ethods used by sex traffickers that use massage parlors as the cover for their sex trafficking activity" "[m]ethods of [r]ecruitment and [c]ontrol by [s]ex [t]raffickers [u]tilizing [m]assage [p]arlors as [f]ronts" "commonly used terminology"
>
> . . .
>
> "big job" (sex services), "in call" (customer and victim meet at a familiar place to the victim), "out call" (victim comes to the customer), and the customer will leave "very happy" (customer will ejaculate)

*See* Exhibit A. However, if the government intends to present this information to the jury, it should be given by the government's lay witnesses and complaining witnesses. The information is not beyond a reasonable juror's knowledge and does not require an "expert's" opinion. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137 (1999). Accordingly, Detective Fries' testimony should be precluded.

**B.   Detective Fries is not Qualified as an Expert on this Topic and he should be Precluded from Testifying.**

Federal Rule of Evidence 702 permits opinion testimony by an expert who is qualified by "knowledge, skill, expertise, training, or education," if four conditions are met: (a) "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," (b) "the testimony is based on sufficient facts or data," (c) "the testimony is the product of reliable principles and

methods," and (d) "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires that the proffered evidence "help the trier of fact to understand the evidence or to determine a fact in issue." F. R. Evid. 702. "This condition goes primarily to relevance." *Daubert*, 509 U.S. at 591. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* (internal citations omitted); *see also United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985) ("An additional consideration under Rule 702—another aspect of relevancy—is whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.").

The government claims that Detective Fries can provide context to evidence that the government *may* introduce at trial.[7] To support its tenuous argument, the government cites *United States v. Brooks,* for the proposition that "the relationship between prostitutes and pimps is not the subject of common knowledge" thus, expert testimony is proper *here*.[8] (*Citing* 610 F.3d 1186, 1196 (9th Cir. 2010) (quoting *United States v. Taylor,* 239 F.3d 994, 998 (9th Cir. 2001).

However, the government misunderstands the holding in *Brooks*. The government argues that a vice detective's testimony is proper in *every* case when there is an allegation of sex trafficking. This is false. *Brooks* and its progeny are clearly distinguishable. In *Brooks,* the Ninth Circuit held that a detective's expert testimony was proper because the detective's testimony

---

[7] *Id.* (emphasis added).
[8] *Id.* (emphasis added).

"closely fit the facts of th[e] case . . . " *Id.* There, the Defendant pimped *children*, transported them across state lines, drugged them, and forced them to walk the dark streets for his own financial gain. The expert's testimony was found to be proper because the expert,

> conducted approximately twenty to twenty-five *full-scale child prostitution investigations*, completed approximately fifty extended interviews with pimps and prostitutes, and frequently worked undercover, posing as a street prostitute and posting prostitution ads online. Detective Hein had attended several *specialized trainings on child prostitution* and had *lectured on the subject of child prostitution*.

610 F.3d at 1195-96. Here, the government claims Detective Fries' "expert" testimony is proper because he has been involved in "background checking and permitting of massage parlors" in *Fresno*[9]. The government also claims that Detective Fries has been involved in "over fifty cases involving *possible* sex trafficking and prostitution at massage parlors."[10] However, the government has failed to tell the Court how many of those investigations resulted in the prosecution of any sex related crimes. To put it bluntly, a fisherman who has gone on fifty fishing expeditions, but has only caught one, is by no means an expert. Detective Fries may very well be qualified to testify as an expert in cases involving street prostitution, however, the facts of *this* case do not "closely fit" Detective Fries' expertise. Therefore, his testimony should be precluded.

---

[9] *Id.* (emphasis added).
[10] *Id.* (emphasis added).

**C.  Detective Fries' Testimony Will Offer Biased and Subjective Opinions that Cannot be Assessed for Reliability and Violates Federal Rule of Evidence 702 and *Daubert*.**

The Ninth Circuit has held,

> In order for a scientific technique to be reliable, there must be evidence in the record indicating the methodology "can be or has been tested." *Cooper v. Brown*, 510 F.3d 870, 880-81 (9th Cir. 2007). The question is whether an expert's methodology can be "challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability." Fed. R. Evid. 702 Advisory Committee's Note to 2000 Amendments. *Daubert* described the "testability" prong in the context of a hypothesis that is falsifiable. 509 U.S. at 593. Testability "assures the opponent of proffered evidence the possibility of meaningful cross-examination (should he or someone else undertake the testing)." *United States v. Mitchell*, 365 F.3d 215, 238 (3d Cir. 2004).

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1046 (9th Cir. 2014). The government has failed to assure the reliability of Detective Fries' testimony, and therefore, if the Court allows the admissibility of his "expert" testimony it would deprive Ms. Xing "the possibility of a meaningful cross-examination." *Id.*

//

//

//

**D.    At the Very Least, a *Daubert* Hearing is Necessary.**

If the Court is inclined to find that expert testimony of Detective Fries is relevant, it must hold a *Daubert* hearing to assess the reliability of such testimony before admitting it.  Rule 702 requires a court to determine that expert testimony "is based on sufficient facts or data," the testimony is "the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.  What is more, the Court does "not have discretion to abandon th[is] gatekeeping function altogether."  *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019).  A "district court abuses its discretion when it . . . fail[s] to assess the scientific validity or methodology of an expert's proposed testimony."  *Id.* at 1189.  Here, the government has offered very thin evidence that Detective Fries' Testimony will be based off any measure of reliability.  While Detective Fries may have general experience investigating *street* prostitution and the licensing of massage parlors, Detective Fries lacks previous experience with the exact terms at issue here.  His "qualifications, including his experience" with similar investigations "are relevant but not alone sufficient to satisfy Federal Rule of Evidence 702."  *United States v. Vera,* 770 F.3d 1232, 1241 (9th Cir. 2014).

The Court would have to inquire into his knowledge to assure that it is both reliable and adequately explained.  The Court simply does not have sufficient information to assess the reliability of Detective Fries' testimony and must hold a Daubert hearing to fulfill its gatekeeping function.

//
//
//
//

## III. CONCLUSION

Because Detective Fries is not qualified as an expert and his testimony would not be helpful to the jury, Ms. Xing respectfully requests that the Court preclude his testimony, or in the alternative, hold a *Daubert* hearing to assess his reliability.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 18, 2022         By   */s/ Callie Glanton Steele*
CALLIE GLANTON STEELE
Senior Litigator
NEHA A. CHRISTERNA
Deputy Federal Public Defender
Counsel for Mei Xing