CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E Mail: Callie_Steele@fd.org)
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DISTRICT

| UNITED STATES OF AMERICA, | Case No. CR 20-228-ODW |
|---|---|
| Plaintiff, | |
| v. | **OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO INTRODUCE EVIDENCE OF MS. XING'S PRIORS FOR PROSTITUTION** |
| MEI XING, | |
| Defendant. | Hearing Date: May 6, 2022<br>Hearing Time: 10:00 a.m. |

Defendant Mei Xing through her attorneys of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby files her Opposition to Government's Motion *in Limine* to Introduce Evidence of Ms. Xing's Priors for Prostitution.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 29, 2022      By  */s/ Neha A. Christerna*
                                Neha A. Christerna
                                Deputy Federal Defender

# MEMORUNDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The indictment charges the defendant, Mei Xing with a violation of 18 U.S.C. §§1591(a)(i),(a)(2),(b)(1), sex trafficking. On April 18, 2022, the government filed a Motion *in Limine* to introduce trial evidence of: (1) Ms. Xing's 1999 arrest and conviction for solicitation of lewd conduct, and (2) her 2001 arrest and conviction for prostitution. ("Government's Motion"). In its motion, the government incorrectly argues that the evidence of Ms. Xing's priors is admissible under rule 404(b) and particularly; (1) the evidence is admissible to show knowledge, (2) the convictions are not too remote in time, (3) the convictions are sufficient to show that Ms. Xing committed the prior bad acts, and (4) the prior convictions make Ms. Xing's knowledge more probable.

At the heart of this case is whether or not Ms. Xing forced the complaining witnesses into prostitution. This is not a case of other bad acts purportedly committed by Ms. Xing. As explained further below, the other wrongs or acts are inadmissible propensity evidence under Rule 404(b) and the prejudice of such evidence is substantially outweighed by any probative value under Rule 403. Ms. Xing respectfully requests that this Court deny the government's motion.

## II. ARGUMENT

**A. Evidence of Ms. Xing's Priors for Prostitution Should be Deemed Inadmissible**

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Subsequent acts may be admitted to show consciousness of guilt under Rule

2

404(b) if the evidence satisfies a four-part test: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) the act is similar to the offense charged. *United States v.Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (internal citation omitted) (reversing district court's admission of prior civil complaint filed by the SEC in a securities fraud case). The burden is on the government and the government has failed to prove that the evidence meets all of the above requirements.

In *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015), the Ninth Circuit underscored the necessity that prior bad acts must be relevant to some issue of the prosecution, stating that "[w]hen bad acts are not relevant, they can only be viewed as being presented to inflame prejudice in the trier of fact, in which case they are at odds with our fundamental premises on the need for a fair trial." The Ninth Circuit also emphasized that "[a] person should not be convicted merely because he or she has done prior bad acts." *Id.*

Moreover, the Ninth Circuit requires the government to "'articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.'" *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994) (quoting *United States v. Mehrmanesh,* 689 F.2d 822, 830 (9th Cir. 1982)).  The Ninth Circuit has "repeatedly emphasized that extrinsic act evidence is not looked upon with favor," due to "the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is." *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013-14 (9th Cir. 1995) (internal quotation marks and citations omitted).  Therefore, even if evidence of other acts satisfies the four part test of Rule 404(b), the government also must show that "the evidence satisfies Federal Rule of Evidence 403, such that its probative value is not outweighed by its prejudicial effect." *United States v. Ramirez-Robles*, 1234, 1242 (9th Cir. 2004).  Here, Ms. Xing's criminal priors for prostitution would only serve as propensity evidence.

//

1. <u>Knowledge of Sex work is not a Material Fact to the Instant Case</u>

The government incorrectly argues that Ms. Xing's prior bad acts are relevant to show knowledge of sex work occurring at massage parlors and at home (government's motion at p. 4). At issue in this case is whether Ms. Xing's force others to engage in sex work, not whether she knew how to operate a sex business. It is not, therefore a material fact to the case. The government has failed to articulate why knowledge of the sex work industry through Ms. Xing's own participation in sex work, more than 17 years ago relates to the knowledge it must prove in this case - that is Ms. Xing knowingly forced others to engage in sex work. "Proof of an intent to do one thing on an earlier occasion proves little about an intent to execute a dissimilar act at a later time." *United States v. Alfonso*, 759 F.2d 728, 740 (9th Cir. 1985).

The only purpose of the evidence would be to convince the jury that Ms. Xing is a bad person, precisely the sort of inference that Rule 404 prohibits. What the 1999 and 2001 convictions might suggest to the jury that Ms. Xing engaged in sex work so she has the propensity to force others to do so. The risk that the jury will convict Ms. Xing based on this impermissible inference substantially outweighs the probative value of this prior conviction under Rule 403.

2. <u>Ms. Xing's Prior Bad Acts are Remote in Time</u>

The government next argues that Ms. Xing's prior bad acts are not remote in time (government's motion at p. 5-6). The government is misguided. The prior convictions are remote in time. The first arrest occurred in 1999 and the second in 2001, more than 17 years before her arrest and more than 21 years before her trial will take place. Although the Ninth Circuit has not identified a number when it comes to past conduct being too remote, "[e]valuation of that factor depends on the purpose for which the evidence is admitted." *United States v. Kindred*, 931 F.2d 609 (9th Cir. 1992). Here, since there is no real purpose of evidentiary value and the priors are dissimilar, the priors are too remote in time.

Although the prior bad acts involve sex work and the instant case involves the

witnesses (not Ms. Xing) engaging in sex work, the two are, in fact quite different. In the past, Ms. Xing was charged with solicitation of a lewd act and prostitution. This is very different than being accused of sex trafficking. The prior bad acts, violations of Cal. Penal Code sections 647(a) and 647(b) are punished as misdemeanors, and usually do not involve a significant custodial term. In contrast, Ms. Xing is charged with a federal felony of sex trafficking carrying a 15-year mandatory minimum. Although the jury will not know the differences in potential punishment, there is a risk that a jury can equate the two as equally wrong and convict Ms. Xing on the basis of her prior conduct. At the time of her 1999 and 2001 arrests, there was no evidence that she was forcing other's to engage in sex work. Admission of Ms. Xing's bad acts, that are different than the charged conduct in the instant case, will cause confusion and the prejudicial value of such information will outweigh any probative value. A specific danger would be the jury confusing the prior bad acts to be similar to the conduct charged and convicting Ms. Xing on that basis.

       3.  <u>Ms. Xing's Prior Bad Acts Do not make her Knowledge More Probable</u>

The government lastly argues that the prior bad act need not be similar to the charged offense as long as it would tend to provide knowledge. (Government's Motion at p. 7). Seemingly conceding that the prior acts are, in fact, different than the charged conduct, the government further argues Ms. Xing's prior participation in sex work makes her more knowledgeable about the sex work industry. As explained above, knowledge of sex work is not a material fact to this case. Moreover, the defense anticipates that the government will call a number of witnesses who will testify to Ms. Xing's role at the massage parlor and her knowledge of the sexual acts that were performed. Thus, it is unnecessary, confusing, a waste of time, and prejudicial for the government to seek to introduce the prior bad evidence.

//
//
//

## B. Any Other Bad Acts Or Prior Convictions Would Also Be Substantially More Prejudicial Than Probative

Federal Rule of Evidence 403 provides that "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger *of one or more* of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added). Even if the Court found that other acts or wrongs purportedly committed by Ms. Xing were admissible under Rule 404(b), the evidence should still be excluded under Rule 403. The probative value would be substantially outweighed by the danger of unfair prejudice and confusion of the issues.

The facts and circumstances of the prior bad acts are completely different than the charged conduct in the instant case. The facts of Ms. Xing's 1999 and 2001 arrest and convictions do not support a factual scenario similar to the facts alleged by the government in this sex trafficking case. Such evidence could consume unnecessary time from the trial, requiring the Court to entertain testimony from a witness wholly unrelated to this case, and for that witness to be cross-examined. The result would be exactly the kind of undue delay and wasted time that Rule 403 empowers this Court to reject.

The purported prior acts are likewise inadmissible pursuant to Rule 403 as their probative value is substantially outweighed by the obvious unfair prejudice that would result to Ms. Xing. The allegations in this case are that Ms. Xing forced the witnesses into performing sexual acts. The allegations in the prior incidents involve Ms. Xing, herself, voluntarily offering to perform sexual acts on an undercover police officer. This is solely an unjust attempt by the government to introduce inflammatory and highly prejudicial evidence to secure a conviction on the bad acts alone.

//
//
//

### III.  CONCLUSION

For all the reasons outlined above, the government's motion should be denied.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 29, 2022      By  /s/ *Neha A. Christerna*
NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator