CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E Mail: Callie_Steele@fd.org)
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEI XING,<br><br>　　　　　Defendant. | Case No. CR 20-228-ODW<br><br>**OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE RECORDED STATEMENTS**<br><br>**Hearing Date: May 6, 2022**<br>**Hearing Time: 10:00 a.m.** |

　　　　Defendant Mei Xing through her attorneys of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby files her Opposition to Government's Motion *in Limine* to Exclude Recorded Statements.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: April 29, 2022　　　By　/s/ *Neha A. Christerna*
　　　　　　　　　　　　　　　　　NEHA A. CHRISTERNA
　　　　　　　　　　　　　　　　　Deputy Federal Public Defender
　　　　　　　　　　　　　　　　　CALLIE GLANTON STEELE
　　　　　　　　　　　　　　　　　Senior Litigator

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The indictment charges Mei Xing with a violation of 18 U.S.C. §§1591(a)(1),(a)(2),(b)(1), sex trafficking. On April 18, 2022, the government filed a Motion *in Limine* to Exclude Recordings ("Government's Motion"). The government filed a complaint in this case on April 17, 2020, and on June 12, 2020, an Indictment was filed charging one count of sex trafficking, involving "victim 6," in violation of 18 U.S.C. §1591(a)(1), (a)(2), and forfeiture allegations. [Docket No. 28].

On June 15, 2020, Ms. Xing's former counsel, Alex Kessel produced audio recordings to the government in which the government witness identified as "Victim 1" was recording another individual and encouraging her to say that she was a sex trafficking "victim" of Ms. Xing's, so that she could apply for her citizenship. The recordings also involved "Victim 1" and "Victim 7" discussing voluntarily engaging in prostitution after Ms. Xing's arrest, their drug use, and the money they were earning through prostitution. In other recordings provided to the government, "Victim 3", and "Victim 7" are speaking to the owner of a massage parlor located at 9611 Garvey Avenue, and "Victim 3," is attempting to run the business and to continue sex work at the location in question after Ms. Xing's arrest. Another audio recording involves "Victim 6's" best friend negotiating sex acts with a customer and "Victim 6" at her home after Ms. Xing's arrest.

On September 29, 2020, a Superseding Indictment was filed that alleged five counts of sex trafficking involving "Victims 2, 5, 4, 3, and 6" respectively, in violation of 18 U.S.C. §1591(a)(1), (a)(2), and forfeiture allegations. [Docket No. 51]. Absent from the Superseding Indictment were any allegations involving "Victim 1" and "Victim 7."

At issue in this case, is whether or not Ms. Xing forced the complaining witnesses to perform sex acts. The government is alleging that all of the complaining

witnesses were forced to engage in prostitution at the direction of Ms. Xing, and in addition, that she controlled their movements and forced drug use upon them. As argued in further detail below, the Court should reserve its ruling until trial, and rule only if the defense seeks to introduce the recordings into evidence. If the defense does move to introduce the recordings, they are relevant for impeachment purposes.

### I. ARGUMENT

#### A. The Government's Motion *in Limine* is Premature

In its motion, the government repeatedly states that it does not intend to call any of the witnesses on the recordings and further that "defense counsel has not notified the government" that it intends to call any of the witnesses on the recordings. The defense is under no obligation to inform the government of its witnesses at this stage of the proceedings. The Ninth Circuit has noted that the defense has no obligation to disclose its witnesses list in advance of trial. *See United States v. Hicks*, 103 F.3d 837 (9th Cir. 1996), *overruled on other grounds*). Thus, the Court should reserve it ruling on the government's motion and address this issue only if the defense seeks to introduce the recordings.

#### B. The Recordings are Admissible as Impeachment Evidence

Assuming that the defense can lay the foundation and depending on what the government's witnesses testify to on the stand, the produced recordings show bias, possible collusion, and/or a motive to lie on the part of the witnesses. The Six Amendment Confrontation Clause guarantees a criminal defendant the right to cross-examine government witnesses at trial. U.S. Const. amend VI ("in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him…"). "Cross-examination is the principle means by which the believability of a witness and the truth of the testimony are tested." *Davis v. Alaska,* 415 U.S. 308, 316, 94 S. Ct. 1105 (1974).

In a criminal trial, a defendant must have the "opportunity to show bias on the part of a prosecution witness." *United States v. Abel*, 469 U.S. 45, 50 (1984) (calling it "obviously correct" that bias is permissible and established basis of impeachment under the Rules). *See also Davis*, 415 U.S. at 316 (affirming that "[o]ne way of discrediting a witness is cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues of personalities in the case at hand"); *Green v. McElroy,* 360 U.S. 474, 496, 79 S.Ct. 1400 (1959) (stating that "[c]ertain principals have remained relatively immutable in our jurisprudence," including the right of the accused to challenge the "testimony of individuals [who] might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice or jealously"). Indeed, when a criminal defendant is prohibited from "expos[ing] to the jury the facts from which jurors….could appropriately draw inferences relating to the reliability of the witness," the Confrontation Clause is violated. *Delaware v. Van Arsdall,* 475 U.S. 673, 680 (1986).

In *United States v. Abel*, the Supreme Court elaborated on the meaning of "bias,"

> Bias is term used in the common law of "evidence" to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor or against a party. Bias may be induced by a witness' like or dislike, or fear of a party, or by the witness' self-interest. Proof of bias is almost always relevant because the jury, as a finder of fact and weigher of credibility, has historically been entitled to assess all the evidence which might bear on the accuracy and truth of a witness' testimony. The "common law of evidence" allowed the showing of bias by extrinsic evidence, which requiring the cross-examiner to "take the answer of the witness with respect to less favored forms of impeachment."

1  *See generally,* McCormick on Evidence, *supra,* § 40, at 89; Hale, Bias Affecting
2  Creditability, 1 Hastings, L. J. 1 (1949).  *Id.* at 52.
3        The recordings are admissible to show bias, motive to lie, and lack of credibility.
4  In particular, the recordings show that the witnesses have a motive to lie to gain an
5  advantage in their immigration proceedings.  They also have a motive to fabricate so
6  that they would have the opportunity to take over Ms. Xing's former position at the
7  massage parlor, and to continue participating in voluntary sex work.
8
9        **C. The Recordings are Not More Prejudicial Than Probative**
10        The government's attempt to employ Rule 403 and argue that the recordings are
11  prejudicial is ill-fated. The credibility of the witnesses is a crucial part of any criminal
12  trial. By taking the stand, a witness is placing her credibility at issue. *See U.S. v.*
13  *Alexander,* 48 F.3d 1477, 1489 (9th Cir. 1995). As discussed above, the biases and
14  motives of the witnesses to lie are extremely relevant to the witnesses' testimony that
15  they were being forced to perform sex acts.  The evidence is precisely relevant, which
16  is why the government seeks to exclude it as prejudicial.  However, the probative value
17  of this highly relevant evidence substantially outweighs any danger of prejudice.
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

## II. CONCLUSION

For the reasons outlined above, the government's motion should be denied. The recordings may be relevant for impeachment purposes, however, the government's motion is premature as the Court's ruling on the admissibility of the recordings should be reserved until the defense seeks the introduce the recordings through its own witnesses.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 29, 2022     By  /s/ *Neha A. Christerna*

NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator