CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
(E Mail: Callie_Steele@fd.org)
Senior Litigator
NEHA A. CHRISTERNA (Bar No. 245191)
(E Mail: Neha_Christerna@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-6075
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEI XING,<br><br>Defendant. | Case No. CR 20-228-ODW<br><br>**OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE VICTIM'S HISTORICAL IMMIGRATION RECORDS**<br><br>Hearing Date: May 6, 2022<br>Hearing Time: 10:00 a.m. |

Defendant Mei Xing, by and through her attorneys of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby moves for an order denying Government's Motion *in Limine* to Exclude Victim's Historical Immigration Records.

1

This motion is based upon the Fifth Amendment's Due Process Clause, the Sixth Amendment's Confrontation Clause, the attached memorandum of points and authorities, exhibits, all files and records in this case, and any further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 29, 2022     By /s/ *Callie Glanton Steele*
CALLIE GLANTON STEELE
Senior Litigator
NEHA A. CHRISTERNA
Deputy Federal Public Defender

# MEMORANDUM OF POINTS AND AUTHORITIES
# I. INTRODUCTION

Mei Xing is currently charged in a First Superseding Indictment with sex trafficking, in violation of 18 U.S.C. §§1591(a)(1), (a)(2), and (b)(1). In addition, the government has filed forfeiture charges [18 U.S.C. § 1954(d) and 28 U.S.C. § 2461]. [Docket No. 51]. The government now moves to exclude the "Historical Immigration Records"[1] of the alleged employees. However those records contain *Brady* material and should be admitted at trial.

"The government *concedes"* that the T-Visa Applications "may contain *relevant* and admissible statements made by the Victims".[2] The government also acknowledges that he T-Visa Applications were sponsored by the Los Angeles Sherriff's Department an agency that is involved in the prosecution of this matter. Paradoxically, in the very next sentence, the government argues that the historical records "are *irrelevant*, unduly prejudicial, and improper prior acts evidence in violation of Federal Rules of Evidence 401, 403, and 404(b)."[3] The government's conclusion is erroneous as the records are *highly relevant,* and thus, their exclusion would be extremely prejudicial and would violate Ms. Xing's constitutional rights. The government correctly states that the T-Visa Application Records contain "relevant and admissible statements made by the [employees]." Furthermore, the rest of the immigration is also highly relevant. Therefore, the government's motion must be denied.

---

[1] *See* Government's Motion *in Limine* No. 4 [Motion to Exclude Historical Immigration Records].
[2] *Id.* at 1.
[3] *Id.*

## II. ARGUMENT

### A. The Historical Immigration Record's Probative Value Is Highly Relevant to the Witnesses' Bias and Motivation to Favor the Prosecution.

The government claims Ms. Xing has "failed to articulate any probative value in this information." However, it is the government that has failed to carry its burden. Ms. Xing has a constitutional right to confront her accusers, and the Supreme Court has long held that it is "zealous to protect these rights from erosion." *Pointer v. Texas,* 380 U.S. 400, 405 (1965) (citing *Greene v, McElroy*, 360 U.S. 474, 496-497 (1959)).

The only case the government cites to exclude the records is *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). However, the holding by the *Van Ardsall* Court actually works against the government. There, the Supreme Court found a Confrontation Clause violation because the court had excluded evidence "that a jury might reasonably have found furnished the witness a motive for favoring the prosecution in his testimony." *Id.* at 679.

Here, the historical immigration records contain information that a reasonable jury can find furnished the employees with a motive for favoring the prosecution. The government readily admits that the disputed records contain "various statements about hardships and abuses they suffered in China, including highly personal information, and their criminal history (or lack thereof)." This is a prime example of information that would motivate the employees to favor the prosecution, who is sponsoring their T-Visa applications and is helping them obtain their citizenship. Their hardships faced in China could be seen by a jury as reasons to motivate the witnesses to falsify their testimony. A reasonable jury could infer a motivation to lie

so that the witnesses could avoid deportation and prosecution for violating the immigration laws of the United States. Therefore, the government's motion should be denied.

### III.  CONCLUSION

For the foregoing reasons, Ms. Xing respectfully requests that the Court deny the government's motion *in limine* to exclude the historical immigration documents of the victims.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 29, 2022         By  /s/ *Callie Glanton Steele*
CALLIE GLANTON STEELE
Senior Litigator
NEHA A. CHRISTERNA
Deputy Federal Public Defender