TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0302/0427
    Facsimile: (213) 894-3713
    E-mail: damaris.diaz@usdoj.gov
               scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MEI XING,<br><br>        Defendant. | No. 2:20-CR-0228(A)-ODW<br><br>GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NUMBER 1 TO EXCLUDE EVIDENCE OF VICTIMS' PRIOR AND POST-OFFENSE SEXUAL BEHAVIOR<br><br>Hearing Date: May 6, 2022<br>Location: Courtroom of the Honorable Otis D. Wright, II |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby submits the Government's Reply in Support of its Motion <u>in Limine</u> Number 1 to Exclude Evidence of the Victims' Prior and Post-Offense Sexual Behavior under Federal Rules of Evidence 412 and 403 (Dkt. 98).

///

The government's reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 2, 2022                    Respectfully submitted,

                                      TRACY L. WILKISON
                                      United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                      _____/s/_____
                                      DAMARIS DIAZ
                                      SCOTT M. LARA
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant's arguments in opposition to the government's Rule 412 motion perfectly illustrate the necessity of the rule. Defendant seeks to paint a highly prejudicial picture in the minds of the jurors and argue that the Victims were illegal immigrants who previously broke the law by committing prostitution crimes, therefore they could not possibly have been forced, defrauded, or coerced into sex work by defendant. Once a willing prostitute, always a willing prostitute, right?

Wrong. In a criminal case involving sexual misconduct, Federal Rule of Evidence 412 prohibits the admission of evidence offered to prove that a victim engaged in other sexual behavior. Fed. R. Evid. 412(a)(1). The rule has three limited exceptions to this prohibition, including, "evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(C). Time and again district courts across the country, including this Court, have applied this rule to exclude victims' prior and post sexual behavior--including prostitution. And time and again circuit courts, including the Ninth, have upheld the exclusion of that evidence as not being a violation of defendant's constitutional rights. Defendant cites no authority to the contrary.

**II.   ARGUMENT**

   **A.   Relevant Facts**

The relevant facts are set forth in the Government's Motion. (Dkt. 98.) The government wishes to correct several factual inaccuracies in defendant's opposition. (Dkt. 146.)

///

First, contrary to defendant's assertions, Victim 2 was <u>not</u> "in the country illegally . . . ." (Def. Opp. at 4.)  Quite the opposite: Victim 2 was a lawful permanent resident ("LPR") since before meeting defendant, and was studying for her massage therapy license when she answered defendant's advertisement for a massage therapist.  She formally obtained her massage license in mid-2018.  Also contrary to defendant's misstatement (Def. Opp. at 4-5), Victim 2, as an LPR, never had a need for a T-Visa and never applied for a T-Visa.

Second, defendant suggests that the Victims are accusing defendant of trafficking to support a pending T-Visa application.  (Def. Opp. at 5-7.)  However, each of the T-Visa applicants were only informed about their eligibility for the T-Visa after they came forward about defendant's trafficking.  Regardless, any alleged commercial sex unrelated to defendant's trafficking is irrelevant to the Victims' T-Visa applications, and this motion does not prevent defendant from asking relevant questions about those applications.

Finally, defendant makes numerous unrelated evidentiary arguments (hearsay, rape of the victims by defendant's customers, 404(b), etc.) that the government will properly address in its trial memo.  (Def. Opp at 6.)

    **B.**    **Rule 412 Bars Evidence of Victims' Irrelevant Sexual Behavior**

Defendant wants to be able to poison the jury with the incorrect idea that some of defendant's victims may have previously consented to sex work, and therefore cannot be believed when they say that defendant sex trafficked them.  Rule 412 prohibits defendant from doing so.  Defendant's assertion, without any authority, that in this

Section 1591 case "Rule 412 is not implicated here" (Def. Opp. at 8), is simply wrong. Rule 412 has been applied in numerous courts in this context. See e.g., United States v. Jackson, 806 F. App'x 533, 535 (9th Cir. 2020), cert. denied, 141 S. Ct. 832, 208 L. Ed. 2d 408 (2020); United States v. Valenzuela, 495 F. App'x 817, 819-20 (9th Cir. 2012); see also, Jordan v. Diaz, 378 F. Supp. 3d 888, 898 (C.D. Cal. 2019)(finding that California's similar Rape Shield law did not violate the Confrontation Clause). "Evidence of other acts of prostitution is irrelevant to whether [defendant] used force, fraud, or coercion to cause [victim] to engage in commercial sex acts." Jackson at 535.

A *more than cursory* reading of Ninth Circuit precedent and beyond reveals that Rule 412 applies squarely to sex trafficking cases involving force, fraud, or coercion, and not merely those involving minors. See, Jackson at 535; Valenzuela at 819-20  See also, United States v. Haines, 918 F.3d 694, 697-98 (9th Cir. 2019). In Haines, the Ninth Circuit joined the Second and Seventh Circuits in holding that evidence of other prostitution activity has little or no relevance in a sex trafficking cases, reasoning that "just because a victim agreed to engage in sex for money does not mean she consented to, e.g., being beaten or having her earnings confiscated by the defendant." Haines at 697-98 (citing United States v. Rivera, 799 F.3d 180, 185-86 (2d Cir. 2015) and United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012) (both involving sex trafficking of adults)); see also Valenzuela at 819-820 (9th Cir. 2012) (Rule 412 applied to sex trafficking involving adults and force, fraud, and coercion); United States v. Shamsud-Din, No. 10CR927, 2011 U.S. Dist. LEXIS 124449 at *3 (N.D. Ill. Oct. 27, 2011) ("Such evidence of prior

3

and post prostitution activities is the equivalent of propensity evidence and irrelevant to the charges.").

Here, the defendant wishes to introduce evidence of certain victims' prior arrests for the same purpose – an attempt to prove that they engaged in the acts of prostitution at issue in this case of their own free will rather than as a result of defendant's force, fraud, or coercion. Defendant says of one of her victims: "she claims that she was forced to perform sex work for clients, yet she performed sex work before and after the relevant time period." (Def. Opp. at 6.) This is exactly the type of argument that Rule 412 precludes. Even if the Victims here "willingly"[1] did sex work before or after meeting defendant, even if some of them knew that sex work was taking place at defendant's businesses, and even if some of them were "willing" to engage in some sex work, "knowing that suggestive behavior or even sexual acts might become a part of the job does not mean that the victims therefore consented to being threatened or coerced into performing sexual acts they did not wish to perform." Rivera, 799 F.3d at 185. "The very purpose of the Rule [412] is to preclude defendants from arguing that because the victim previously consented to have sex – for love or money – her claims of coercion should not be believed." Id. In Jordan v. Diaz, this Court recognized that the fact that the victims in Rivera "may have been prostitutes before working for defendants did not suggest that the defendants did not later threaten them with violence to coerce them into commercial sex." 378 F.Supp.3d 888, at 898 (C.D. Cal. 2019). As a result, "there was no relevant use of the cross-examination

---

[1] The government does not concede that any of the Victims engaged in sex work with true free will at any time.

4

testimony sought by [defendants] and the district court did not err in precluding it." Rivera, 799 F.3d at 186.

### C. The Rule 412 Exclusion Does Not Violate Defendant's Constitutional Rights

Despite defendant's claim to the contrary, the third exception under Rule 412(b)(1)(C) also does not apply here because exclusion of the evidence would not violate the defendant's rights to present a legally relevant defense.  It is undeniable that the constitutional rights contemplated by this exception include defendant's right to introduce evidence in their defense and "to present a complete defense" at trial.  Holmes v. South Carolina, 547 U.S. 319, 324 (2006).  However, defendant is "not constitutionally entitled to present irrelevant evidence," Doe v. United States, 666 F.2d 43, 47 (4th Cir. 1981), and the Constitution "only requires admission of probative evidence," United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009) (the Confrontation Clause only applies as to probative evidence).  Moreover, a defendant's right to introduce evidence is "not without limitation" and must "bow to accommodate other legitimate interests," such as safeguarding a victim against the invasion of privacy and harassment. Michigan v. Lucas, 500 U.S. 145, 149 (1991).  As the Supreme Court has recognized, "trial judges retain wide latitude . . . to impose reasonable limits on [testimony] based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).
///
///

  **D. Rule 403 Also Bars Evidence of Victims' Sexual Behavior**

  The Court should exclude evidence of Victims' prior or post prostitution for the additional reason that the limited probative value of such evidence is substantially outweighed by the risk of unfair prejudice pursuant to Rule 403. "Any such probative value the evidence [of victims' prior prostitution] could have is substantially outweighed by unfair prejudice, namely, the substantial risk that the jury will question the Victims' sexual morals and view them as immoral and untruthful because of their prior prostitution activities....Furthermore, the admission of this evidence is likely to confuse the issues before jury because these Victims are not on trial for their prostitution activities." United States v. Shamsud-Din, No. 10 CR 927, 2011 WL 5118840, at *5 (N.D. Ill. Oct. 27, 2011) (cited with approval in Haines, 918 F.3d at 698.)

**III. CONCLUSION**

  For the foregoing reasons, and those set forth in the government's motion (Dkt. 98), the Court should preclude any evidence of Victims' sexual behavior outside of the events at issue in this prosecution.