TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
                scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>              v.<br><br>MEI XING,<br><br>         Defendant. | No. CR 20-228-ODW<br><br>GOVERNMENT'S REPLY IN SUPPORT OF *MOTION IN LIMINE* NUMBER 2 TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS FOR PROSTITUTION<br><br>Hearing Date: May 6, 2022<br>Location:   Courtroom of the Honorable Otis D. Wright, II |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby files its Reply in Support of Government's Motion in Limine Number 2 to introduce at trial evidence of the defendant's prior convictions for prostitution under Federal Rule of Evidence 404(b). (Dkt. 101.)

///

///

The government's reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 2, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

　　　　/s/
DAMARIS DIAZ
SCOTT M. LARA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   ARGUMENT**

In her 2018 post-arrest interview, defendant claimed that no sex work was occurring in her massage parlors.  Defendant claimed that she instructed her employees to refuse sex work, and claimed that she turned away customers that asked for sexual service.  Defendant denied profiting from her employees' commercial sex work, denied arranging for her employees' appointments for paid sexual services, denied facilitating those sexual services, and flatly denied all knowledge that those sexual services were taking place.  All of these denials were clearly false.  Search warrants executed at defendant's businesses and her own home found abundant evidence of commercial sex work: women dressed in lingerie, lotion bottles with false bottoms, feminine douche kits, sexual lubricants, numerous condoms in their packaging, unpackaged condoms wrapped in cellophane, and large amounts of cash.  Witnesses will testify that defendant was not only aware of the commercial sex work, but that it was done at her direction and for her benefit, as a result of force, fraud, and coercion by or on behalf of defendant.

At trial, to the extent defendant repeats any of her initial denials--whether explicitly or by implication in the defense opening statement, cross-examination of government witnesses, or direct examination of defense witnesses--the Court should allow the government to introduce evidence of defendant's own prior convictions for prostitution for the limited purpose of establishing defendant's knowledge of commercial sex work.

To the extent the defense agrees that it will not place in issue defendant's knowledge of commercial sex work occurring at her

direction or on her behalf, then the government will not seek to introduce evidence of defendant's prior prostitution convictions.

## II.  CONCLUSION

For the foregoing reasons, and those set forth in the government's motion (Dkt. 101), the Court should admit evidence of defendant's prior prostitution convictions to rebut defendant's claimed ignorance regarding her commercial sex business.