TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT M. LARA (Cal. Bar No. 296944)
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0427/0302
    Facsimile: (213) 894-0131
    E-mail:    scott.lara@usdoj.gov
               damaris.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>              v.<br><br>MEI XING,<br><br>           Defendant. | No. CR 20-0228(A)-ODW<br><br>GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* #3 TO EXCLUDE SECRETLY RECORDED HEARSAY STATEMENTS OF NON-GOVERNMENTAL WITNESSES<br><br>Hearing Date: May 6, 2022<br>Location:     Courtroom of the Honorable Otis D. Wright, II |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Lara and Damaris Diaz submits its Reply in Support of its Motion in Limine #3 to Exclude Secretly Recorded Hearsay Statements of Non-Governmental Witnesses.

This Reply is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 2, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
SCOTT M. LARA
DAMARIS DIAZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On September 29, 2020, the Grand Jury returned the First Superseding Indictment alleging that defendant XING ("defendant") committed sex trafficking of five individuals, known as Victims 2 through 6 (collectively "the Victims") by force, fraud, or coercion.

On April 18, 2022, the government filed its Motion in Limine No. #3 to exclude specific secretly recorded hearsay statements. (Dkt. 104, the "Mot." or the "Motion") On April 29, 2022, defendant filed its opposition. (Dkt. 144, the "Opp." or the "Opposition").

In the Motion, the government argued that the Recordings are hearsay, more prejudicial than probative, not able to be authenticated, and inadmissible pursuant to Rule 412. (Mot at 4-9.)

Defendant's Opposition does not address whether the recordings are hearsay nor whether defendant or any witness will be able to authenticate these recording. Instead, defendant made a conclusory argument that this evidence has impeachment value, without explaining how this can be proper impeachment. (Opp. at 4-5.) Defendant also made a circular argument that the recordings must be relevant because the government thinks they are prejudicial. (Opp. at 5-6) ("The evidence is precisely relevant, which is why the government seeks to exclude it as prejudicial."). In support of these arguments, defendant also mischaracterizes the Recordings.

**II. FACTS**

   **A. Defendant Mischaracterized the Recordings**

      1. Attachment A Recording

Defendant claimed in her Opposition that the Attachment A Recording showed that Victim 1 "was recording another individual to

become a sex trafficking victim of Ms. Xing's so that she could apply for her citizenship." (Opp at 3.) This is wrong.

Attachment A is actually a recording of Victim 1 telling another person how to report human trafficking to an attorney and suggestions of how to phrase her complaint. (See Attachment A at 3; Mot. at 2.) Defendant's name was never mentioned. (See Attachment A at 3.) Immigration and citizenship were never referenced. (See Attachment A at 3.)

### 2. Recording Between Victim 3 and Victim 7

Defendant claims that this is a recording of Victim 3 discussing sex work with Victim 7 after defendant's arrest. (Opp. at 3.) However, defendant did not substantiate that assertion with evidence or a translation of the recording. (See Opp.) Because this recording is of such poor quality and was produced by unknown means, the government is largely unable to substantiate the recording's date, participants, contents, providence, and integrity. (Mot. at 3.)

Defendant also failed to acknowledge that the creator of this recording characterized the creation of the recording as "perjury." (See Mot. at Attachment B.)

### 3. Other Recordings made by Victim 7

Defendant characterizes one recording as "Victim 6's" best friend discussing commercial sex involving Victim 6 after defendant's criminal conduct. How defendant knows when the recording was created and an unknown declarant is Victim 6's "best friend," is unstated in defendant's opposition.

2

### 4. Defendant Referenced a Non-Existent or Unknown Recording

Defendant characterized one of the recordings as a recording of "'Victim 1' . . . and 'Victim 7' discussing voluntarily engaging in prostitution after Ms. Xing's arrest, their drug use and the money they earn." (Opp. at 3.) To the government's knowledge no such recording exists.[1] Nonetheless, even if such a recording existed it would be inadmissible hearsay, irrelevant, unduly prejudicial, and barred by Rule 412.

## III. ARGUMENT

### A. This Motion is Not Premature

Defendant claims this Court cannot consider the government's motion because defendant has no duty to notify the government of its witnesses. This argument is unpersuasive. The government has established that there is no permissible basis which would allow the admission of these undated, non-authenticated, unreliable Recordings. (Dkt. 104.) In opposition, defendant failed to rebut these arguments. As such, the Court can and should rule at this juncture that the recordings should be excluded.

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.

---

[1] To the government's knowledge there is no relevant recording which includes both Victims 1 and 7. Victim 1 is only a participant in the Attachment A recording, which does not include Victim 7. Furthermore, the Attachment A recording does not discuss voluntarily engaging in prostitution after defendant's arrest, drug use, or money. (See Mot. at Attachment A.)

The Commercial Sex Recordings, to the government's knowledge, include Victim 7 but not Victim 1.

3

2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (explaining that the motion in limine is used to "to exclude anticipated prejudicial evidence before the evidence is actually offered"). As the Seventh Circuit has stated:

> The motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmiss[i]ble for any purpose. The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury.

Jonasson v. Lutheran Child & Fam. Servs., 115 F.3d 436, 440 (7th Cir. 1997).

Here, the only arguments made by defense regarding the relevance of these witnesses' statements are "admissible as impeachment evidence" namely "bias." (See Opp. at 4-5.) Defendant claims that the Recordings are relevant to show that "the witnesses have a motive to lie to gain an advantage in their immigration proceedings" and "a motive to fabricate" in order to take over defendant's position in the massage parlor. (Opp. at 5.) Discounting for the moment the fact that the Recordings do not support any of defendant's theories, as discussed below, defendant identifies no possible admissible vehicle or purpose for this evidence, and the Recordings should be excluded altogether.

**B.    Defendant Cannot Call Witnesses Solely To Impeach Them**

As discussed in the government's motion (Mot. at 1-3), the Attachment A Recording involves Victim 1, and the remaining

4

recordings involve Victim 7.[2]  The government will not call either of these witnesses.

Defendant appears to want the freedom to call Victim 1 or Victim 7 (who are not named in the Indictment and who the government does not intend to call) expecting them to make statements unfavorable to defendant and intending to use the recordings to establish their alleged bias.  Unfortunately for defendant, a party is not permitted to call a witness purely to impeach them.  <u>United States v. Crouch</u>, 731 F.2d 621, 623 (9th Cir. 1984)(". . . a party is not permitted to get before the jury under the guise of impeachment, an ex parte statement of a witness by calling them to the stand when there is good reason to believe he will decline to testify as desired  . . . ."); <u>see also</u>, <u>United States v. Whitson</u>, 587 F.2d 948, 952-53 (9th Cir. 1978) (error to permit a party "to proceed to impeach its own induced statements with inadmissible evidence.").  Defendant has set forth no other basis for calling these witnesses, and therefore no basis to admit this evidence through their testimony.

In any event, the Recordings are inadmissible regardless of who testifies.

C.   **The Recordings Cannot be Used to Impeach Victims 2-6**

To the extent defendant intends to attempt to use the recordings to impeach Victims 2, 3, 4, 5 and 6, the Court cannot admit out-of-court statements of declarants to impeach testifying witnesses.

---

[2] One of the Victim 7 recordings involves Victim 3, and is discussed below.

5

1. <u>Impeachment of Victims 2 through 6 with Other Witnesses' Statements is Improper</u>

Defendant cannot impeach Victims 2 through 6 using any hearsay statements made by other declarants.

A witness may be impeached with his own inconsistent statement. This is because that witness's prior inconsistent statement is not offered for the truth, merely to show the witness made an inconsistent statement. <u>United States v. Bao</u>, 189 F.3d 860, 866 (9th Cir. 1999). However, "It is an entirely different matter to offer one declarant's statement to impeach the credibility of another witness." <u>Bao</u> at 866.

A witness's credibility cannot be impeached with an inconsistent statement made by a different declarant. Only the declarant of the prior inconsistent statement, and not another witness, may be impeached with the statement. <u>Id.</u> Impeachment with a contradictory account of an out-of-court declarant "does not go to another witness's credibility unless" the out-of-court declarant's "account is offered as true." <u>Id.</u>; <u>Crouch</u> at 623. However, if the out-of-court declarant's account is offered as true, it "would have been offered for the truth of the matter asserted therein." <u>Bao</u>, 189 F.3d at 866. This is hearsay. <u>Id.</u>; Fed. R. Evid. 801(c).

In short, there is no permissible way defendant can properly impeach Victims 2 through 6 with other witnesses' out-of-court statements without substantively introducing the statements for their truth, which would violate the rule against hearsay. Fed. R. Evid. 801(c).

Defendant's opposition does not to demonstrate how **other declarants'** out-of-court statements can demonstrate bias, or motive

6

to lie of a testifying witness. (Opp at 3-5.) Rather, defendant is attempting an end-run around the rules against hearsay, discussed further below.

Whether an out-of-court declarant discussed how to report a crime has nothing to do with whether Victims 2, 3, 4, 5, or 6 credibly testified about defendant's criminal conduct. Likewise, whether Victim 7 discussed commercial sex work after defendant's incarceration has nothing to do with Victims 2, 3, 4, 5 or 6's testimony that they were coerced into commercial sex work by defendant on an earlier date. Defendant's opposition does not even attempt to argue otherwise.

Defendant cannot take one declarant's out-of-court statements, ascribe her own meaning to the statements, then use them against **other testifying witnesses** to imply they are lying. This is antithetical to the truth telling process, and the opposite of what the Sixth Amendment Confrontation Clause stands for.

### 2. Impeachment of Victim 3

To the extent defendant claims that the recording involving Victim 3 references her participation in commercial sex work after the events in this case, the recording should be excluded under Rule 412. (Mot. at 9.) Any alleged statements made regarding commercial sex customers after October 2018 have no bearing on whether defendant coerced Victim 3 or other victims into commercial sex acts on an earlier date. (Mot. at 8.)

In sum, there is no relevant basis for defendant to ask Victim 3 about her sexual conduct after defendant's charged crime ended. There will be no reason or opportunity to impeach Victim 3 with this recording.

### D. The Recordings Are Hearsay

Both Victim 1 and Victim 7 will not be government witnesses, and the defendant is not on trial for what she did to them. Nonetheless, defendant wishes to admit out-of-court statements by Victims 1 and 7 to advance her arguments that these victims continued to engage in prostitution subsequent to defendant's arrest, and therefore they were not actually trafficked by defendant. (See Opp. at 5.) This is improper.

Furthermore, this demonstrates that defendant's intended use of these hearsay statements is for the truth of the matter asserted to support their stated defense: that the Victims are lying to get immigration benefits, and that they all must have continued to do commercial sex work after defendant's arrest because some former employees were recorded discussing commercial sex work. (See Mot. at 4-6.) This clear attempt to use out-of-court statements to prove the truth of the matter asserted should be barred.

### E. The Recordings Are Irrelevant and Have No Probative Value

Whether a person willingly engaged in commercial sex apart from defendant's sex trafficking is irrelevant to whether they were coerced into commercial sex on another occasion by defendant. See, United States v. Valenzuela, 495 Fed. Appx. 817, 819 (9th Cir. 2012) (affirming the trial court's preclusion of evidence of prior prostitution as irrelevant either to the defendants' use of coercion or the victims' consent to work in prostitution); United States v. Haines, 918 F.3d 694, 697 (9th Cir. 2019); (Dkt. 98, Gov. Mot. in Limine No. 1 at 6-11.)

Defendant also fails to identify, how discussions of **continued** sex work by individuals not at trial here, is probative to whether

8

defendant coerced five **different** Victims into commercial sex work (Victims 2-6) at an earlier date. Instead, these alleged recordings would support the unduly prejudicial inference defendant hopes to advance, namely, that some non-testifying declarants were willing sex workers after defendant's arrest, and therefore Victims 2-6 must have also been willing sex workers at all times. What others discuss on recordings does not control the conduct of **Victims 2, 3, 4, 5, 6,** especially when the Victims were not a party to those conversations. This evidence has no probative value, is unduly prejudicial, and should be excluded under Rule 403.

### F. The Recordings Cannot Be Authenticated

Defendant's Opposition does not even attempt to argue that these recordings can be authenticated. Defendant is unable to shed any light on when and where these recordings were made, who made them, how they were made, whether they are unedited, who will introduce the recordings, and all the participants in the recordings. These recordings are inadmissible under Federal Rule of Evidence 901(a) and are otherwise too unreliable to be offered in federal court.

### G. The Commercial Sex Recordings Are Precluded by Rule 412

The Commercial Sex Recordings allegedly contain evidence of the Victims other sexual conduct and therefore should be excluded by Federal Rule of Evidence 412. (See Mot. at 9; see also Dkt. 98.)

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court exclude the Recordings.