CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
(E Mail: Callie_Steele@fd.org)
Senior Litigator
NEHA A. CHRISTERNA (Bar No. 245191)
(E-Mail: Neha_Christerna@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>MEI XING,<br><br>   Defendant. | Case No. CR 20-228-ODW<br><br>**MEI XING'S REPLY TO MOTION *IN LIMINE* REGARDING THE USE OF THE WORD "VICTIM"**<br><br>**Hearing Date: May 6, 2022**<br>**Hearing Time: 10:00 am** |

Defendant Mei Xing through her attorneys of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby submits her Reply to the government's opposition to her Motion *In Limine* Regarding the Use of Word "Victim."

                              Respectfully submitted,

                              CUAUHTEMOC ORTEGA
                              Federal Public Defender

DATED: May 2, 2022            By  */s/ Neha A. Christerna*
                              NEHA A. CHRISTERNA
                              Deputy Federal Public Defender
                              CALLIE GLANTON STEELE
                              Senior Litigator
                              Counsel for Mei Xing

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 18, 2022, Mei Xing filed a motion *in limine* regarding the use of the word "victim." On April 25, 2022, the government filed an opposition to the motion *in limine* arguing that the government is entitled to use the word "victim," based on Ninth Circuit authority, jury instructions, and the Crime Victim's Rights Act. As argued below, Ms. Xing seeks to preclude the government from using the word "victim" when referring to the complaining witnesses in this matter. Using the word "victim" is inflammatory and should be precluded. Granting this motion will ensure that Ms. Xing has a fair trial.

## I. ARUGMENT

The use of the word "victim," presupposes the ultimate question to be decided by the jury in this case, namely, whether the Ms. Xing forced the witnesses into prostitution. *See United States v. Price*, No. 15-CR-00061-GHK, Dkt. 84, 1 (C.D. Cal. Sept. 22, 2015) ("The term 'victim' prematurely implies that a crime has been committed.") There is simply no fair way to avoid that conclusion if the term "victim" is used in the presence of the jury prior to closing argument.

The government's reliance on *United States v. Gibson*, 690 F.2d 697, 703 (9th Cir. 1982), which permitted a prosecutor's use of the word "victim" in the closing argument in a fraud case, and *United States v. Rude,* 88 F.3d 1538 (9th Cir. 1996) which permitted the word victim in a trial involving an alleged Ponzi scheme does not explain why use of the term victim prior to closing argument would be acceptable in this case, a case involving alleged sex trafficking.

The government's argument -- that the jury instructions include the term "victim" and therefore, it is not a comment on defendant's guilt -- is unpersuasive. As the government is aware, jury instructions are often modified or negotiated.

Moreover, the government's claims that the witnesses are considered victims under the definition of the Crime Victim' Rights Act (CVRA) is equally unpersuasive. That statute defines a "victim" as a person who was directly and proximately harmed as a result of the commission of a federal offense. However, here, whether or not the witnesses are "victims" is an issue for the jury to decide and should not be presented to the jury as a predetermined fact. Additionally, the government has not cited a case involving alleged sex trafficking of adults where the CRVA was applied.

## II.  CONCLUSION

Ms. Xing deserves a fair trial in which the jury fairly reviews the evidence admitted at trial and renders a verdict. The use of the word "victim", prior to any determination of guilt, will inflame the jury from the beginning of the case. As such, the government and witnesses should be precluded from using the word "victim,".

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 2, 2022       By  */s/ Neha A. Christerna*
NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator
Counsel for Mei Xing

3