TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
               scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MEI XING, <br><br> Defendant. | No. 2:20-CR-0228(A)-ODW <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT'S RULE 412 MOTION <br><br> [Proposed] Hearing Date: May 6, 2022 <br> Location:  Courtroom of the Honorable Otis D. Wright |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby opposes defendant's request to include evidence of the Victims' sexual history under Federal Rules of Evidence 412 and 403.  (Dkt. 155.)

    The government's motion is based upon the attached memorandum of points and authorities, the government's Motion in Limine No. 1 to Exclude Sexual History Evidence (Dkt. 98), the government's Reply in

Support of Motion in Limine No. 1 (Dkt. 147), the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 5, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　SCOTT M. GARRINGER
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　DAMARIS DIAZ
　　　　　　　　　　　　　　　　　　SCOTT M. LARA
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.  INTRODUCTION**

Defendant is charged with five counts of sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591(a) related to five victims identified in the First Superseding Indictment.

On April 19, 2022, the Government moved to exclude the Victims' sexual history under Federal Rule of Evidence 412, and 403.  (Dkt. 98.)  Defendant opposed (Dkt. 146), and the government replied (Dkt. 147).

Then, to comply with the requirements of Rule 412(c), defendant filed her official 412 Motion ("412 Motion" or "Mot.") just before midnight on May 3, 2022.  The parties have already fully briefed this issue and contemplated arguing the government's Motion in Limine No. 1 at the May 6, 2022, status conference.  Therefore, the government requests that the Court hold the Rule 412 hearing at that same May 6, 2022, status conference.  Victims' counsel will be present.

## **II.  ARGUMENT**

Defendant's motion includes unsupported inflammatory allegations regarding the Victims that are being raised for the first time in this filing.  Defendant cites nothing in support of these baseless allegations: not a declaration, not documents, not an identified potential witness.  It is completely unclear how defendant intends to admit these allegations, and there is no basis to find that these allegations are credible.  Defendant's motion should be denied on this basis alone.  See United States v. Chang Ru Meng Backman, 817 F.3d 662, 670 (9th Cir. 2016) (counsel's vague and conclusory declaration was insufficient to meet the specificity requirement of Rule 412).  Regardless, this evidence is irrelevant to whether

3

defendant committed the charged crimes.  Id. ("We doubt that evidence that the victim engaged in commercial sex acts after she had been coerced into prostitution has a bearing on whether Defendant earlier took coercive actions.  But, even assuming some relevance, the court's exclusion of the vaguely and insufficiently described evidence was neither arbitrary nor disproportionate to the purposes behind Rule 412's procedural requirements.").

   Defendant's 412 motion also recycles the same legally unsound and unpersuasive arguments set forth in her Opposition.  First defendant argues, without any legal authority, that Rule 412 does not apply to defendant's crime.  (Mot. at 8-10; Dkt. 146 at 9-11).  Second, defendant argues that the Constitution requires this evidence to be admitted.  (Mot. at 6-8; Dkt. 146 at 12.)  Finally, defendant argues the evidence is admissible under Rule 404(b) despite that having no bearing on whether this evidence is excluded by Rule 412.  (Mot. at 10-22; Dkt. 146 at 5-8.)  Once again, Defendant is wrong on all counts.

   Defendant has repeatedly argued, without citation to authority, that 18 U.S.C. § 1591 prosecutions involving force, fraud, or coercion (Sex Trafficking) do not involve "Sexual Misconduct."  (Mot. at 8-10; Dkt. 146 at 9-11.)  Defendant is patently wrong.  Section 1591 sex trafficking by force, fraud, or coercion is a crime involving sexual misconduct, and therefore Rule 412 applies to exclude all evidence of victims' sexual behavior unrelated to the charged crime, as trial and appellate courts across the country have repeatedly held.  See e.g., United States v. Jackson, 806 F. App'x 533, 535 (9th Cir. 2020)(Rule 412 applied to sex trafficking by force, fraud, or coercion) cert. denied, 141 S. Ct. 832, 208 L. Ed.

2d 408 (2020); United States v. Valenzuela, 495 F. App'x 817, 819-20 (9th Cir. 2012)(Rule 412 applied to sex trafficking involving adults and force, fraud, and coercion); United States v. Rivera, 799 F.3d 180, 185-86 (2d Cir. 2015)(Rule 412 applied in case involving sex trafficking of adults); United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012) (same).  (See also Dkt. 98 at 6-7; Dkt. 147 2-5.)

All of defendant's remaining arguments are fully addressed in the government's Motion in Limine No. 1 and Reply, which the government fully incorporates into this filing.  In summary: the exclusion of evidence under Rule 412 in this context would not violate defendant's constitutional rights.  (See Dkt. 98 at 8-10; Dkt. 147 at 3, 5.)  Next, Rule 404(b) is not relevant to the Rule 412 analysis, and does not provide a basis for admission of the proffered evidence. (See Dkt. 147 at 2.)  Finally, Rule 403 independently bars the admission of the proffered evidence.  (See Dkt. 98 at 11-12; Dkt. 147 at 6.)

**III. CONCLUSION**

For the foregoing reasons, and those set forth in the government's Motion In Limine No. 1 to Exclude Sexual History Evidence (Dkt. 98), and the government's Reply in Support of Motion in Limine No. 1 (Dkt. 147), the government respectfully requests that the Court exclude all evidence, argument, and cross-examination concerning the Victims' alleged sexual behavior or predisposition, including any mention of sex work outside of the facts of this case.