CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E Mail:  Callie_Steele@fd.org)
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 20-228-ODW |
| Plaintiff, | |
| v. | **MOTION TO EXCLUDE EVIDENCE** |
| MEI XING, | |
| Defendant. | |

Defendant Mei Xing through her attorneys of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby files her motion to exclude evidence.

//
//
//
//
//
//
//

This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  May 16, 2022        By   /s/  Neha A. Christerna

NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator

2

1

2

3

## MEMORANDUM OF POINTS AND AUTHORITIES

4

5

## I.  INTRODUCTION

6        Mei Xing is charged in a First Superseding Indictment with sex

7  trafficking, in violation of 18 U.S.C. §§1591(a)(1), (a)(2), and (b)(1).  In

8  addition, the government has filed forfeiture charges [18 U.S.C. § 1954(d)

9  and 28 U.S.C. § 2461].  [Docket No. 51].  Trial is scheduled for Tuesday,

10 May 17, 2022.

11       The government intends to call at least five complaining witnesses to

12 testify at trial. On April 29, 2022, after the pre-trial motions' deadline in

13 this matter, the government provided a Notice of Intent to Admit Evidence

14 of the following; (1) testimony regarding witness tampering and (2)

15 testimony regarding a commercial sex customer that the witnesses were

16 made to believe was a police officer. As explained below, the testimony

17 should be excluded because it constitutes a constructive amendment to the

18 indictment.

## II.  ARGUMENT

19 **A.    Testimony Regarding Alleged Witness Tampering**

20       On April 29, 2022, the government provided a letter to the defense as

21 notice that it intended to introduce evidence of a separate, uncharged

22 crimes, allegedly committed by Ms. Xing through witness testimony.

23 Specifically, the government indicated that it intended to elicit testimony

24 from witnesses that Ms. Xing contacted witnesses after her arrest and

25

26

27

28

pressured them to withdraw their allegations or provide false testimony.[1] The witnesses are expected to state that they were threatened that they would be reported to the police or immigration authorities. The government claims that these events are inextricably intertwined with the conduct charged and demonstrates consciousness of guilt. This is evidence of a crime that is not charged in the indictment.

**B.    Testimony Regarding a Police Officer Commercial Sex Customer**

The government has indicated that they intend to introduce testimony of that Ms. Xing led witnesses to believe that a certain commercial sex customer was a police officer who forced the witnesses to preform sex acts. The government additionally states that the witnesses will testify that they were instructed to do whatever the police officer wanted and not to collect money from him. The government claims that the evidence is admissible as to evidence of Ms. Xing's  guilt, and that her actions led to the witnesses' rape by the customer.

If the government is permitted to introduce evidence of witness tampering and a commercial sex customer who Ms. Xing claimed was a police officer, it will constitute a constructive amendment to the Indictment or a fatal variance and should, therefore, be excluded.

///

///

///

///

---

[1] The witnesses' statements regarding the uncharged crimes are inherently unreliable and contain multiple layers of hearsay. A separate motion to exclude this testimony for inadmissible hearsay is pending with the Court.

**C.     Introduction of Evidence of Witness Tampering and a Law Enforcement Commercial Sex Customer would be an Impermissible Constructive Amendment to the Indictment or a Fatal Variance**

In its letter, the government has indicated, for the first time, that it intends to prove its case by introducing evidence that Ms. Xing committed an uncharged crime -- witness tampering and colluding with a law enforcement officer to allow the rape of the witnesses. This untimely notice deprives Ms. Xing of fair notice required by the Constitution, and constructively amends the First Superseding Indictment. The danger that the jury will convict Ms. Xing on a witness tampering theory is substantial. This allegation was not presented to the grand jury, which returned an indictment charging Ms. Xing with sex trafficking.

Holding Ms. Xing to answer for charges not presented to and approved of by the grand jury is unconstitutional. *See* U.S. Const. amend. V (guaranteeing grand jury presentment); *Stirone v. United States*, 361 U.S. 212 (1960) (where defendant was indicted for extortion related to interference with shipments of sand, it was an impermissible constructive amendment to invite jury to convict on conduct related to shipments of steel); *United States v. Tsinhnahijinnie*, 112 F.3d 988 (9th Cir. 1997) (fatal variance between indictment and evidence where indictment alleged sexual abuse over a two-month period within confines of Indian reservation, but trial testimony suggested abuse happened over different time period, on and off reservation); *Jeffers v. United States*, 392 F.2d 749, 752-53 (9th Cir. 1968) (finding fatal variance where indictment alleged theory that money collected by religious group was used for nonreligious purposes, but evidence showed that use was contrary to representations made when money was collected). *See also United States v. Olsen*, 925 F.3d

1170, 1175 (9th Cir. 1991) (observing the requirement that proof remain true to indictment "serves notice related-functions of protecting against unfair surprise, enabling the defendant to prepare for trial and permitting the defendant to plead the indictment as a bar to later prosecutions"). And depriving her of fair notice of the charges against her has prevented her from preparing her Constitutionally-guaranteed defense. U.S. Const. Amend. VI (guaranteeing defendants the right to be informed of the nature and cause of the accusations against them).

"[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone*, 361 U.S. at 215-16. The proscription against constructive amendment of the indictment is "a fundamental principle stemming from [the Fifth] amendment," because "[i]t would be fundamentally unfair to convict a defendant on charges of which he had no notice." *United States v. Keller*, 916 F.2d 628, 633 (11th Cir. 1990) "A constructive amendment of an indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has passed upon them." *United States v. Wilbur*, 674 F.3d 1160, 1177- 78 (9th Cir. 2012) (internal quotation marks and citation omitted). "[A] constructive amendment always requires reversal." *Id.* at 1178. *See also United States v. Jingles,* 702 F.3d 494, 501 (9th Cir. 2012) (noting that a "constructive amendment . . . requires automatic reversal"); *United States v. Beasley*, 583 F.3d 384, 389 (6th Cir. 2009) ("An amendment is per se prejudicial, as it directly infringes the defendant's right to know of the charges against him by effectively allowing the jury to convict the defendant of a different crime than that for which he was charged." (internal quotation marks and citation omitted)); *United States v. Floresca*,

6

1   38 F.3d 706, 713 (4th Cir. 1994) ("[E]rror occasioned by constructive
2   amendments can *never* be harmless . . . .").
3          A "fatal variance occurs when a defendant is charged with one set of
4   facts constituting a crime but is convicted of another set of facts
5   constituting a crime." *United States v. Choy*, 309 F.3d 602, 608 n.5 (9th Cir.
6   2002). A fatal variance requires reversal where "the variance is so
7   fundamental that it permits the jury to convict the defendant of a different
8   crime than that charged." *United States v. Griffin,* 215 F.3d 866, 868 (8th
9   Cir. 2000). *See also Poonian v. United States,* 294 F.2d 74, 76 (9th Cir. 1961)
10  ("[A] variance between pleading and proof . . . will be deemed fatal if it
11  affects the substantial rights of [the defendant]."); *Griffin*, 215 F.3d at 868
12  ("A variance between the facts charged in a criminal indictment and the
13  evidence offered by the government at trial requires a new trial if it
14  prejudices the defendant, for example, by depriving him of adequate notice
15  of the charges he must defend.").
16         The purported testimony that the government plans to elicit will
17  substantially affect Ms. Xing's constitutional rights. The government's
18  intention to prove that Ms. Xing committed sex trafficking through evidence
19  of witness tampering  and an alleged rape by a police officer deprives Ms.
20  Xing of a meaningful opportunity to defend against such allegations. This
21  case involves thousands of pages of discovery, including recordings in the
22  Mandarin language.  It is unrealistic to expect a defendant to investigate
23  the veracity of every assertion contained in discovery in preparation for
24  trial. It is also antithetical to this American system, where notice is a
25  central feature of fairness and due process. Thus, Ms. Xing requests that
26  evidence regarding alleged witness tampering and a commercial sex
27  customer who was a member of law enforcement should be excluded at trial.
28

7

# III.  CONCLUSION

For all the reasons outlined above, the Court should preclude the government from introducing inadmissible evidence regarding (1) witness tampering and (2) a police officer commercial sex customer.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  May 17, 2022        By   /s/  Neha A. Christerna

NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator