TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorneys
Violent and Organized Crime Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0302/0427
Facsimile: (213) 894-3713
E-mail: damaris.diaz@usdoj.gov
scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEI XING,<br><br>Defendant. | No. CR 20-00228(A)-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER PRECLUDING EXPERT |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby files its opposition to defendant's motion for reconsideration of order precluding expert (see Dkt. 191).

\\

\\

\\

This opposition is based upon the attached memorandum of points and authorities, the government's ex parte application for an order precluding defendant's proposed expert testimony and supporting memorandum (Dkt. 166), the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 17, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/*
DAMARIS DIAZ
SCOTT M. LARA
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Today, on the first day of trial, defendant Mei Xing ("defendant") informed this Court and the government that she would make an oral motion for reconsideration of this Court's ruling precluding expert testimony from an immigration law expert. (Dkt. 191.) Defendant waited until trial began to file her motion despite learning of this Court's exclusion of the expert during a hearing on May 6, 2022, and receiving a written confirmation of the ruling on May 9, 2022. (Dkt. 159, 171.) After a short hearing on the reconsideration motion, the Court indicated that the expert should be permitted to testify as to what a T-Visa is. To ensure the record is complete, the government maintains that defendant's untimely reconsideration motion should otherwise be denied.

As a preliminary matter, defendant has not provided good cause to reconsider the Court's prior order by making a showing of new evidence, a clear legal error, a manifest injustice, or an intervening change in controlling law. See School Dist. No. 1J, Multnomah County, Or., v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Absent such a showing, there is no reason for the Court to reconsider its prior rulings on this issue.

Even if this Court were to consider defendant's eleventh-hour motion for reconsideration, it lacks merit. This Court has (twice) excluded defendant's proposed expert under Rule 702 because the testimony is not helpful to the jury. (Dkt. 166 at 3-5.) The expert's explanation of the actual legal benefits anticipated by, or extended to, any witness are not pertinent to the witness' supposed bias in favor of the government. Rather, the victims' subjective understanding of the benefits they believe they will receive is the

key to understanding their credibility. (Id. at 2.) Defendant's expert cannot shed any light on the witness' personal understandings and should be excluded.

The Eleventh Circuit's decision in United States v. Oliveros, 275 F.3d 1299 (11th Cir. 2001), is instructive. In that case, the court upheld the exclusion of an immigration law expert who would testify about visa relief available to a government informant. Id. at 1307-1308. The defendant maintained that the expert's testimony was "relevant to the issue of [the informant]'s bias, because it shows the extent of the benefit he actually received for cooperating and testifying." Id. at 1307-1308. But the Eleventh Circuit disagreed because "[w]hen it comes to a witness' motive to lie, [] what counts is not the actual extent of the benefit the witness has received or will receive, but the witness' belief about what he is getting." Id. at 1307. "The bias of a witness is a subjective fact influenced by that witness' beliefs about the benefit he will receive if he testifies in a particular way and the value of it to him, which is measured by what he thinks will happen if he does not receive the benefit." Id. An immigration lawyer's assessment of the benefits a witness stands to receive does not matter because "[a] witness cannot be motivated to lie by something which the witness does not think will happen." Id. "The absolute truth about what [the informant] received from the government and its value does not matter; what [the informant] believed about it does." Id.

Here, defendant will have an opportunity to cross-examine each victim-witness concerning their subjective expectation about what they stand to gain by testifying in this case. This testimony will supply the jury with all the relevant information they need to

evaluate each witness' supposed bias. Defendant's immigration law expert – who has no personal knowledge regarding each witness' expectations – will provide no further assistance to the jury and should remain exclude from trial.

Moreover, because the defense's purported immigration expert has been properly excluded as unhelpful to the jury and defendant can obtain all the required information through cross-examination, defendant has no need for the A-files of the victim witnesses (to the extent her motion for reconsideration raises that request). United States v. Caza, No. S-06-0058 FCD, 2009 WL 465619, at *2 (E.D. Cal. Feb. 24, 2009) (denying request for witness A-File materials as not relevant to impeachment because defense able to "ask[] what benefits each witness believes he or she will receive for cooperating with this prosecution"). (See also Dkt. 166 at 2-3.)

Indeed, the Court would be well within its discretion to deny defendant's motion for the sole reason that defendants waited until the morning of trial to raise it with the Court, despite knowing of the Court's ruling for over a week. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991) (affirming denial of motion to reconsider suppression motion "filed . . . the day before trial was scheduled to begin" because "the jury was standing by and [] the hearing on the motion . . . had taken place almost two weeks earlier. In light of this lack of timeliness, the district court did not abuse its discretion by denying the motion"); United States v. Hamilton, 469 F.2d 880, 882 (9th Cir. 1972) (affirming denial of motion to exclude trial evidence where defendant "made no motion . . . until the day of trial" and therefore the court acted within its discretion "in refusing to entertain the belated motion").

For the foregoing reasons, the government respectfully requests that the Court deny defendant’s motion for reconsideration of its order excluding its proffered immigration law expert witness.