TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar. No. 296944)
Assistant United States Attorneys
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0302/0427
    Facsimile: (213) 894-3713
    E-mail:   damaris.diaz@usdoj.gov
            scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 20-228(A)-ODW |
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE |
| v. | |
| MEI XING, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott Lara, hereby files its Opposition to Defendant's Motion to Exclude Evidence.

//
//
//

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 17, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                            /s/
                                       DAMARIS DIAZ
                                       SCOTT M. LARA
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES....................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES....................................1

I.   INTRODUCTION.......................................................1

II.  STATEMENT OF FACTS.................................................1

III. ARGUMENT...........................................................3

     A.   The Evidence Defendant Seeks to Exclude is
          Inextricably Intertwined with the Charged Conduct.............3

     B.   The Evidence Defendant Seeks to Exclude is Admissible
          to Prove Defendant's Knowledge................................6

     C.   The Evidence Does Not Constructively Amend the First
          Superseding Indictment........................................8

IV.  CONCLUSION........................................................11

**TABLE OF AUTHORITIES**

**TABLE OF AUTHORITIES**

DESCRIPTION                                                                                    PAGE

Cases

Ortiz-Sandoval v. Gomez,
  81 F.3d 891 (9th Cir. 1996) ................................... 9, 10

United States v. Adamson,
  291 F.3d 606 (9th Cir. 2002) ..................................... 8

United States v. Begay,
  673 F.3d 1038 (9th Cir. 2011) .................................... 9

United States v. Bhagat,
  436 F.3d 1140 (9th Cir. 2006) .................................... 9

United States v. Daly,
  974 F.2d 1215 (9th Cir. 1992) .................................. 4, 5

United States v. DeGeorge,
  380 F.3d 1203 (9th Cir. 2004) .................................... 3

United States v. Maddox,
  944 F.2d 1223 (6th Cir. 1991) .................................... 9

United States v. Meling,
  47 F.3d 1546 (9th Cir. 1995) ................................... 7, 9

United States v. Moore,
  735 F.2d 289 (8th Cir. 1984) ..................................... 4

United States v. Rosario-Diaz,
  202 F.3d 54 (1st Cir. 2000) ...................................... 9

United States v. Senffner,
  280 F.3d 755 (7th Cir. 2002) ..................................... 4

United States v. Smith,
  629 F.2d 650 (10th Cir. 1980) .................................... 9

United States v. Soliman,
  813 F.2d 277 (9th Cir. 1987) ..................................... 3

United States v. Spillone,
  879 F.2d 514 (9th Cir. 1989) ..................................... 6

United States v. Vizcarra-Martinez,
  66 F.3d 1006 (9th Cir. 1995) ..................................... 3

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                     <u>PAGE</u>

<u>United States v. Von Stoll</u>,
    726 F.2d 584 (9th Cir. 1984) ....................................... 8

<u>United States v. Ward</u>,
    747 F.3d 1184 (9th Cir. 2014) ...................................... 8

<u>United States v. Williams</u>,
    989 F.2d 1061 (9th Cir. 1993) ................................... 3, 5

Statutes

18 U.S.C. §§ 1591(a)(1) ............................................. 1

Rules

Federal Rule of Criminal Procedure 404(b) .................. 6, 7, 8, 9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant MEI XING ("defendant") filed a motion to exclude evidence that she asserts constructively amends the First Superseding Indictment. ECF No. 191 at 3. Defendant's motion is fundamentally flawed and directly contrary to Ninth Circuit law because the evidence is inextricably intertwined with the charged conduct and bears on defendant's force, fraud, or coercion, an element of the offenses, as to the victims. Defendant's motion should be denied.

**II.  STATEMENT OF FACTS**

Defendant is charged with five counts of sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2). ECF No. 51. Force, fraud, or coercion are elements of the charged offenses. Accordingly, part of the government's burden at trial will be to prove beyond a reasonable doubt that defendant knew that means of force, threats of force, force, fraud, coercion, or any combination of such means, would be used to cause victims to engage in a commercial sex act. Id.; Ninth Circuit Model Jury Instruction Nos. 20.25, 20.26 (2021 ed.).

The evidence proving defendant's knowledge of force, threats, or coercion includes: (1) victim testimony regarding defendant's association with and use of a commercial sex customer whom the victims were made to believe was a police officer (the "Cop"); and (2) victim testimony about defendant or a person assisting defendant who contacted victims for the purpose of trying to pressure them to withdraw their trafficking allegations or provide false testimony in support of defendant.

The government has produced English-language witness statements to the defense in this case. As a courtesy, the government also provided defendant with notice of the specific evidence intended to introduce to support its allegations at trial. See Ex. 1. The notice specified that such evidence is both inextricably intertwined with the charged conduct, and shows defendant's knowledge of her guilt. Id. at 1.

On the first day of trial — and nearly three weeks after the government sent its courtesy notice — defendant filed a motion to exclude victim testimony about (1) defendant's attempts to pressure the victims into withdrawing their accusations or providing false testimony in her support, and (2) defendant's association with, and use of the Cop, to intimidate the victims into participating in defendant's illegal sex venture. ECF No. 191 at 3-4. Tellingly, defendant does not deny that the evidence she seeks to exclude is inextricably intertwined with the charged conduct. Nor does defendant argue that the evidence is irrelevant to her knowledge and state of mind. Instead, defendant simply asserts, "[t]his is evidence of a crime that is not charged in the indictment," reciting generic constitutional principles and case law about constructive amendment of an indictment. Id. at 4-7.

Defendant's motion lacks merit and should be denied. The introduction of substantive, direct evidence at trial will not constructively amend the indictment, nor will a fatal variance result if the jury learns of defendant's witness intimidation efforts.

//
//
//

**III. ARGUMENT**

    **A.   The Evidence Defendant Seeks to Exclude is Inextricably Intertwined with the Charged Conduct**

The government's letter to the defense provides notice that the evidence it seeks to elicit at trial — including defendant's involvement with a commercial sex customer whom defendant represented was a police officer, and defendant's attempt to intimidate and tamper with witnesses — is inextricably intertwined with the sex trafficking charges for which defendant was indicted. Ex. 1 at 1-2. By her silence, defendant does not appear to disagree.

The Ninth Circuit permits two categories of evidence that may be "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b) of the Federal Rules of Evidence. Evidence may be admitted as inextricably intertwined if (1) it "constitutes a part of the transaction that serves as the basis for the criminal charge," or (2) when necessary "to offer a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)).

Under the first category, "uncharged transactions" that are "closely linked to the events charged" are admissible. See United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993) ("The policies underlying rule 404(b) are inapplicable when offenses committed as part of a 'single criminal episode' become other acts simply because the defendant 'is indicted for less than all of his actions.'" (quoting United States v. Soliman, 813 F.2d 277, 279 (9th Cir. 1987))).

Under the second category, a "jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void — without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992) (quoting United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984)). Echoing these principles, the Seventh Circuit has observed, "[a]cts satisfy the inextricably intertwined doctrine if they complete the story of the crime on trial; their absence would create a chronological or conceptual void in the story of the crime; or they are so blended or connected that they incidentally involve, explain the circumstances surrounding, or tend to prove any element of, the charged crime." United States v. Senffner, 280 F.3d 755, 764 (7th Cir. 2002).

The evidence at issue fits both theories of admissibility. First, evidence proving that defendant used the Cop to intimidate the victims and force them further into the sex trade is direct evidence of defendant's participation in, and knowledge of, the charged crimes, which require the government to prove force, fraud, or coercion. Defendant used the Cop's official status to coerce and intimidate the victims to do her bidding. For example, defendant made the victims believe that the Cop was protecting defendant's businesses from law enforcement, and were instructed to do whatever the Cop wanted. The victims were instructed not to ask for payment from the Cop; instead, after the Cop sexually assaulted the victims, the victims would receive payment directly from defendant or by the front desk per defendant's instructions. Evidence of defendant's mutually beneficial arrangement with the Cop is direct evidence of

4

defendant's culpability for the charged crimes and is "closely linked to the events charged." See Williams, 989 F.2d at 1070.

Defendant's arrangement with the Cop also allows the jury to better understand how defendant's criminal venture operated and why the victims felt compelled to continue working for defendant. It also helps explain how and why defendant operated with impunity between 2016 and 2018. And insofar as defendant's arrangement resulted in the victims' forced oral sex and rape by the Cop, the evidence is direct evidence of the "acts which form the basis of the charge." See Daly, 974 F.2d at 1217.

Defendant's witness tampering efforts are likewise inextricably intertwined with the charged conduct because they show the circumstances and background of the criminal charges. The jury in this case must be permitted to learn the complete "story of the crime on trial." Here, that story includes defendant's crimes, methods employed to commit her crimes, and the coverup. Moreover, defendant's post-arrest witness tampering efforts are an extension of her well-worn intimidation tactics. In contacting the victims to pressure them to either withdraw their allegations or testify in her support, defendant used many of the same control tactics in her witness tampering as she did in her sex trafficking: threatening to report the victims to the police or immigration authorities, and threatening violence to the victims or their family members. These events are inextricably intertwined with the conduct charged in the indictment, and the jury must be permitted to hear about them.

//
//
//

### B. The Evidence Defendant Seeks to Exclude is Admissible to Prove Defendant's Knowledge

If the Court holds that the evidence defendant seeks to exclude is not inextricably intertwined with the charged conduct, then the Court should find that the evidence is admissible under Federal Rule of Criminal Procedure 404(b) to show defendant's knowledge of the crimes. Defendant, again silent on this point in her motion, appears to concede the admissibility of the evidence under Rule 404(b).

The Ninth Circuit uses a four-part test to determine whether evidence is admissible under Rule 404(b). United States v. Spillone, 879 F.2d 514, 518 (9th Cir. 1989). First, "there must be sufficient evidence to support the jury's finding that the defendant committed the other [act]." Id. Second, "the other [act] must not be too remote [in time]." Id. at 519. Third, when admitted to prove intent, "the prior act must be similar." Id. Finally, the act "must be introduced in order to prove a material element of the case." Id.

The evidence in this case fulfills all four prongs of the Ninth Circuit's test. First, the jury will hear live, first-hand accounts from victims who suffered as a result of defendant's arrangement with the Cop. Witnesses will also testify about defendant's attempts to sway and intimidate them out of telling the truth about her crimes. Like with all witness testimony, the victims' testimony will be subject to cross-examination, and the jury will be able to assess the witness' demeanor and credibility.

Second, the acts are not remote in time. Defendant's arrangement with the Cop was ongoing between 2016 and 2018, the period encompassing defendant's charged conduct, and defendant's

witness intimidation efforts occurred right after her arrest in this case.

Third, the acts are similar to the charged conduct. The indictment charges sex trafficking through force, fraud, or coercion, and defendant's association with the Cop is an example of that criminal conduct. Indeed, the Cop was one of the people with whom defendant forced the victims to have commercial sex. Defendant used the Cop's position of authority to intimidate and coerce the victims into silence and submission.

Likewise, defendant's witness tampering efforts are similar to the charged conduct in that they represent a continuation of the scare tactics defendant used to keep her victims submissive and compliant. In trying to dissuade the victims from asserting their legal rights as victims, defendant threatened to report the victims to police or immigration authorities, and threatened violence to the victims or their family members.

Fourth and finally, the acts prove material elements of the case. Evidence of defendant's arrangement with the Cop directly proves that defendant was involved in trafficking the victims for commercial sex. Evidence that defendant contacted and intimidated the victims after defendant's arrest shows her knowledge of the charged conduct and consciousness of guilt. Of threats and intimidation, the Ninth Circuit has observed that they are "second only to a confession in terms of probative value." United States v. Meling, 47 F.3d 1546, 1557 (9th Cir. 1995).

Accordingly, while the government believes that the evidence defendant seeks to exclude is inextricably intertwined and should be admitted without reference to Rule 404(b), in the alternative, the

7

evidence should be admitted under Rule 404(b) because it is relevant, reliable, and proves material points.

### C. The Evidence Does Not Constructively Amend the First Superseding Indictment

While defendant does not contest that the evidence is inextricably intertwined with the charged conduct or otherwise admissible under Rule 404(b), defendant devotes her entire motion to the argument that the evidence constructively amends the indictment. It does not.

A constructive amendment "occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them," United States v. Ward, 747 F.3d 1184, 1189 (9th Cir. 2014) (quoting United States v. Von Stoll, 726 F.2d 584, 586 (9th Cir. 1984)), such as "where (1) there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument, or (2) the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." United States v. Adamson, 291 F.3d 606, 615 (9th Cir. 2002) (alterations in original) (internal quotation marks omitted). Neither of those errors is present here. The government indicted defendant for sex trafficking and will adduce evidence to prove that offense. Such evidence will not "enable the jury to convict the defendant for conduct with which [s]he was not charged." Ward, 747 F.3d at 1191.

The Ninth Circuit has repeatedly held that the introduction of evidence of a defendant's threats or intimidation toward victims or

8

witnesses does not constructively amend an indictment.  For example, in Meling, 47 F.3d at 1557, the Ninth Circuit affirmed the introduction of evidence showing that defendant "threatened his father-in-law and uncle to intimidate them into withholding information from the FBI" because the evidence "shows consciousness of guilt — second only to a confession in terms of probative value."

Similarly, in United States v. Begay, 673 F.3d 1038, 1046 (9th Cir. 2011), the Ninth Circuit held that evidence that a defendant told one witness "to keep quiet and to watch himself," and another witness "to blame the murders on other people," was "admissible to show [defendant]'s consciousness of guilt" under Rule 404(b).  Many other examples abound.  See, e.g., United States v. Bhagat, 436 F.3d 1140, 1146 (9th Cir. 2006) ("[E]vidence not referenced in the indictment may be admitted for impeachment or other legitimate purposes without effecting any changes to the indictment"); United States v. Rosario-Diaz, 202 F.3d 54, 71 (1st Cir. 2000) (evidence of "uncharged offenses" defendant committed by "plan[ning] to kill government witnesses" was offered "for a number of legitimate reasons aimed ultimately at proving the charged offenses, including to prove consciousness of guilt . . . we find no constructive amendment of the indictment"); United States v. Maddox, 944 F.2d 1223, 1230 (6th Cir. 1991); United States v. Smith, 629 F.2d 650, 651 (10th Cir. 1980).  These cases and their progeny reflect the broad principle that "Federal caselaw . . . is uniform in holding that threats are relevant to consciousness of guilt."  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 897 (9th Cir. 1996).  This principle holds true for the evidence at issue in this case.

In the face of this compelling case law, defendant makes little effort to actually explain how the evidence she seeks to exclude constructively amends the indictment or fatally varies from it. Of defendant's arrangement with the Cop, defendant perfunctorily writes, "it will constitute a constructive amendment to the Indictment or a fatal variance and should, therefore, be excluded." ECF No. 191. Merely stating that evidence constitutes constructive amendment does not make it so. This is particularly true here, where evidence of defendant's arrangement with the Cop is direct evidence of defendant's force, fraud, or coercion, and ultimately, her guilt.

Defendant devotes more space to her assertion that the jury should not learn of her efforts to intimidate the victims. In sum, she avers, without evidence or much explanation, that the introduction of such evidence will require defendant to "answer for charges not presented to and approved of by the grand jury." ECF No. 191 at 5. She also cites a "danger that the jury will convict Ms. Xing on a witness tampering theory [a]s substantial." Id.

Defendant's argument is misplaced, as is her concern that the jury will disregard the Ninth Circuit's jury instructions, the Court's verdict form, and any limiting instructions this Court may make during trial. The charge of witness tampering is not before the jury, and the government has nowhere alleged that defendant's post-arrest witness intimidation efforts constitute a new crime. Quite the contrary. The witness intimidation proves defendant's knowledge of, and involvement in, the already-charged crimes and does not constructively amend the FSI.

//
//

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to exclude evidence in its entirety.