# EXHIBIT 1



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Damaris Diaz / Scott M. Lara*  
*Phone: (213) 894-0302 / (213) 894-0427*  
*E-mail: damaris.diaz@usdoj.gov*  
       *scott.lara@usdoj.gov*

*1300 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California  90012*

April 29, 2022

<u>VIA E-MAIL</u>

    Re:    <u>United States v. Mei Xing</u>,  
            CR No. 20-228-ODW

    **Notice of Intent to Admit Evidence**

Dear Counsel:

    By this letter, the government provides notice of its intent to admit at trial evidence of the following acts and events. Although the government believes that these events are inextricably intertwined with the charged conduct, shows defendant's knowledge of her guilt, and subsequently this notice is not required, nonetheless we are providing notice as a courtesy.

    First, the government intends to elicit testimony from Victims regarding a commercial sex customer whom they were made to believe was a police officer (aka "the Cop"), who forced the Victims to provide sexual services, including oral sex and rape. The Victims were made to believe that the Cop was protecting defendant's businesses from law enforcement, and were instructed to do whatever the Cop wanted. The Victims were instructed not to ask for payment from the Cop, and whenever they were assaulted by the Cop they were paid directly by defendant or by the front desk per defendant's instructions. The Cop was one of the many ways that defendant trafficked the Victims by force, fraud, or coercion, and testimony regarding the Victims' encounters with the Cop is direct evidence of defendant's guilt. Defendant benefited financially and received items of value for participation in a commercial sex venture. Furthermore, defendant harbored, recruited, enticed, transported, provided, obtained, advertised, and maintained the Victims in engaging in this commercial sex venture, which in part resulted in their forced oral sex and rape by the Cop. Defendant knew and acted in reckless disregard that the Cop would use force, threats of force, and coercion and any combination of such to engage in the commercial sex act with the Cop, as charged in the Indictment.

    Second, the government intends to elicit testimony from Victims regarding defendant's attempt to tamper with witness testimony following her October 2018 arrest. Several Victims will testify that defendant or a person assisting defendant contacted them after her arrest in order to pressure them to either withdraw their trafficking allegations or provide false testimony in support of defendant. Defendant used many of the same control tactics in her witness tampering as she did in her sex trafficking: threatening to report the Victims to the police or immigration

RE:  United States v. Xing
April 29, 2022
Page 2

authorities, and threatening violence to the Victims or their family members.  These events are inextricably intertwined with the conduct charged in the indictment.  In addition, the witness tampering demonstrates defendant's consciousness of guilt.  In addition, the above conduct is evidence of defendant's motive, knowledge, intent, plan, identity, absence of mistake, and lack of accident.

Please let us know if you have any questions or would like to further discuss any of the matters raised above.  Please let us know if you do not believe the above notice is sufficient.

Very truly yours,

/s/

DAMARIS DIAZ
SCOTT M. LARA
Assistant United States Attorneys
Violent and Organized Crime Section