TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar. No. 296944)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
                scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 20-228(A)-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S STATUS REPORT |
| v. | |
| MEI XING, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Damaris Diaz and

///

///

///

1  Scott Lara, hereby files a Status Report in advance of the May 27,

2  2022 Status Conference.

3

4   Dated: May 26, 2022                 Respectfully submitted,

5                                       TRACY L. WILKISON
                                        United States Attorney
6
                                        SCOTT M. GARRINGER
7                                       Assistant United States Attorney
                                        Chief, Criminal Division
8

9                                       _____/s/_____
                                        DAMARIS DIAZ
10                                      SCOTT M. LARA
                                        Assistant United States Attorneys
11
                                        Attorneys for Plaintiff
12                                      UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**STATUS REPORT**

2

**I.    INTRODUCTION**

3      On May 18, 2022, after the jury was sworn and before counsel

4  delivered opening statements, the Honorable Otis D. Wright, II,

5  granted defendant's request for a mistrial, recused itself from the

6  case, and issued an Order to Reassign Criminal Case Due to Self-

7  Recusal.  This case is now pending before this Court, and a status

8  conference is scheduled for May 27, 2022 at 10:00 a.m.

9      The government hereby provides this brief summary of the

10  procedural history of the case, including the prior Court's rulings

11  on the parties' motions and evidentiary matters.

12 **II.    PROCEDURAL HISTORY**

13      Defendant is charged with five counts of sex trafficking in

14  violation of 18 U.S.C. §§ 1591(a)(1), (a)(2).[1]  On July 17, 2020,

15  August 26, 2020, December 2, 2020, and January 26, 2021, the

16  government filed opposed <u>ex parte</u> applications to continue the jury

17  trial to October 6, 2020, December 15, 2020, and February 16, 2021,

18  respectively, due to the global pandemic.[2]  On July 20, 2020, August

19  26, 2020, December 3, 2020, and January 27, 2021, the Court[3]

20  continued the trial to the dates requested in the applications.[4]  On

21  February 17, 2021, the Court issued an order continuing the trial to

22  July 27, 2021 due to the pandemic, and issued findings of facts

23  supporting the order.[5]

24  _____

25      [1] CR 51.

26      [2] CR 38, 43, 67, 69.
        [3] References to "the Court" dated May 18, 2022 or earlier refer
27  to the Honorable Otis D. Wright, II.

28      [4] CR 39, 45, 68, 70.
        [5] CR 71, 73.

On April 29, 2021, Deputy Federal Public Defender Neha Christerna filed her notice of appearance.[6]  On May 19, 2021 and November 18, 2021, the parties filed stipulations to continue the trial to December 14, 2021 and April 26, 2022, respectively.[7]  On May 19, 2021 and November 19, 2021, the Court continued the trial to December 14, 2021 and April 26, 2022, respectively.[8]

On December 14, 2021, Senior Litigator Public Defender Callie G. Steele filed her notice of appearance, replacing Deputy Federal Public Defender Craig A. Harbaugh, and joining Deputy Public Defender Neha Christerna.[9]  On March 15, 2022, pursuant to a stipulation filed by the parties, the Court continued the trial from April 26, 2022 to May 17, 2022.[10]

On April 18, 2022, the parties filed various pretrial evidentiary motions.[11]  On April 21, 2022, defendant filed an _ex parte_ application to continue the trial to September 6, 2022, which was opposed by the government and counsel for several of the Victims.[12] On April 22, 2022, the Court denied defendant's _ex parte_ application to continue the trial.[13]  On April 25, 2022 and April 29, 2022, the parties filed their oppositions to pretrial motions.[14]  On May 2, 2022, the parties filed their replies to pretrial motions.[15]  On May

---

[6] CR 74.

[7] CR 75, 80.

[8] CR 76, 81.

[9] CR 82.

[10] CR 84.

[11] CR 92-94, 98, 101, 104, 107.

[12] CR 117, 124, 125.

[13] CR 119.

[14] CR 126, 127, 129, 144-146.

[15] CR 147, 149-153.

3, 2022, defendant filed an affirmative motion to admit evidence under Rule 412.[16]  On May 5, 2022, the government filed its opposition to the Rule 412 motion.[17]

On May 6, 2022, the Court conducted a pretrial conference and ruled on all then-pending pretrial motions.[18]  Specifically, the Court ruled as follows:

(1)  Denied defendant's Motion in Limine to Suppress post-arrest statements;

(2)  Denied defendant's Motion in Limine to Preclude Use of the Term "Victim";

(3)  Denied defendant's Motion in Limine to Preclude the government's Trafficking Expert;

(4)  Granted the government's Motion in Limine Number 1 to Exclude Rule 412 Evidence;

(5)  Granted the government's Motion in Limine Number 3 to Exclude Surreptitious Recordings;

(6)  Granted the government's Motion in Limine Number 4 to Exclude Evidence from Victims' Historical Immigration Records;

(7)  Denied defendant's Rule 412 motion.[19]

The Court also granted the government's oral motion to preclude defendant's immigration expert from testifying.[20]  Defendant had

---

[16] CR 155.

[17] CR 157.

[18] Id.

[19] Id.  Government's Motion in Limine Number 2 to admit defendant's prior convictions (CR 101) was withdrawn based on the agreement of the parties that defendant would not deny knowledge of commercial sex work occurring at her direction or on her behalf (see CR 158).

[20] Transcript of May 6, 2022 hearing at pp. 57-58.

disclosed to the government its intent to introduce expert testimony the night before the pretrial conference.  On May 9, 2022, at the government's request, the Court issued a written order precluding defendant's immigration expert from testifying.[21]

On May 10, 2022, the government filed its individual and the parties' joint pretrial documents, including the government's trial memorandum, government's proposed voir dire, joint statement of the case, joint proposed verdict form, and joint proposed and disputed jury instructions.[22]  On May 10, 2022, defendant filed another evidentiary motion in limine to preclude evidence of the "cop" and defendant's post-arrest threats and proposed voir dire.[23]  On May 11, 2022, defendant filed an additional disputed proposed jury instruction.[24]  On May 12, 2022, the government opposed defendant's May 11 motion in limine.[25]

On May 12, 2022, defendant filed an ex parte application to continue the trial from May 17, 2022 to September 6, 2022.[26]  The government filed its opposition on May 13, 2022.[27]  On May 13, 2022, the Court issued orders denying defendant's request for reconsideration of defendant's request for a continuance.[28]

---

[21] CR 166, 171

[22] CR 172-177.

[23] CR 178, 179.

[24] CR 181.

[25] CR 183.

[26] CR 184.

[27] CR 185.

[28] CR 186, 187.

4

On May 16, 2022, defendant filed an <u>ex parte</u> application to review, again, the victims' immigration materials.[29]  The Court granted defendant's application.[30]  Defense counsel and defendant's expert reviewed the immigration materials that same day.  On May 17, 2022, the first day of trial, defendant made an oral motion for reconsideration of the Court's order precluding defendant's immigration expert.[31]  The Court granted the motion in part, and stated that defendant's expert would only be permitted to explain to the jury what a T-Visa is, and may not discuss or opine on historical immigration information, or the Victims' credibility.[32]  Later that day, the government filed its opposition to defendant's motion for reconsideration re: expert.[33]  On May 17, 2022, defendant also filed another motion to exclude evidence of the "cop" and defendant's post-arrest threats.[34]  On May 17, 2022, the government filed its opposition.[35]  On May 18, 2022, the Court orally denied defendant's motion to exclude evidence.[36]

Also on May 17, 2022, before jury selection began, defense counsel requested that defendant be unshackled on the basis that (1) the jury may hear the shackles, (2) the shackles restricted

---

[29] CR 188.

[30] CR 189.

[31] CR 190, Transcript of May 17, 2022 (part 1) at pp. 11-24.

[32] <u>Id</u>.

[33] CR 193 (incorrectly titled on the docket).

[34] CR 191.

[35] CR 194.

[36] Transcript of May 18, 2022 at p. 2.

defendant's movement, and (3) the shackles affected defendant's ability to assist with her defense.[37]  The Court denied the request.[38]

On May 17, 2022, the Court and the parties selected and empaneled a jury.[39]  At the end of the day, defendant made a motion for a mistrial, on the grounds that jurors may have seen defendant's leg shackles while seated in the gallery during jury selection, which the Court denied.[40]  On May 18, 2022, defendant renewed her motion for a mistrial.[41]  The Court granted defendant's motion, recused itself, and ordered the case to be reassigned.[42]  The accompanying minute order stated the case was reassigned to the Honorable Fernando M. Olguin.[43]

The parties will appear before this Court for a status conference on May 27, 2022 at 10:00 a.m.[44]  The government will provide the Court with a binder containing courtesy copies of the relevant pretrial documents.

---

[37] Transcript of May 17, 2022 (part 1) at pp. 2-5.

[38] Id.

[39] CR 195.

[40] Transcript of May 17, 2022 (part 2) at pp. 2-4.

[41] Transcript of May 18, 2022 at pp. 3-8; CR 196.

[42] Id.

[43] CR 200.

[44] CR 209, hearing time advanced to 10:00 a.m. per the Court's Clerk.