TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
                scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:20-CR-0228(A)-FMO |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO SEAL TRIAL TRANSCRIPT |
| v. | |
| MEI XING, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby files its Opposition to Defendant's Ex Parte Application for Order to Seal Transcript.

///

///

///

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 8, 2022              Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                      /s/ Scott M. Lara
                                 DAMARIS DIAZ
                                 SCOTT M. LARA
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On June 7, 2022, defendant filed, under seal, an ex parte application seeking an order to seal the transcript from the first day of trial – May 17, 2022 (the "Trial Transcript"). The government opposes the sealing of defense counsel's ex parte application. The government also opposes the sealing of the Trial Transcript.

**II. THERE IS NO COMPELLING REASON FOR THE SEALING OF THE TRIAL TRANSCRIPT OR DEFENDANT'S *EX PARTE* APPLICATION**

First, the government notes that, although defense counsel informed the government of its intent to request that the Trial Transcript be placed under seal, counsel did not meet and confer about filing the ex parte application under seal. Indeed, the government would have opposed such a request since there is no legal basis for defendant's application to be filed under seal. The application, which purports to seek sealing of the Trial Transcripts "to protect the jurors' names" contains no juror names, nor any other private or sensitive information whatsoever. In violation of Local Rule 79-5.2.2, the declaration fails to "establish[] good cause or demonstrate[e] compelling reasons why the strong presumption of public access...should be overcome." L.R. 79-5.2.2(a)(i). Defendant's ex parte application should not be filed under seal.

Second, there is no legal basis for filing the Trial Transcript under seal. Sealing of the Trial Transcript would infringe upon the public right of access to criminal proceedings. Indeed, the Supreme Court has stressed the importance of public access to criminal trials, including juror voir dire: "The process of juror selection is itself a matter of importance, not simply to the adversaries but to

the criminal justice system." Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty., 464 U.S. 501, 505 (1984) (reversing trial judge's order sealing transcripts of juror voir dire).

Defendant's purported basis: "to protect the jurors' names," is not compelling. There is no authority requiring the protection of juror names in a trial transcript. The Local Rule cited by defendant pertains to administrative court documents containing jurors' personal identifying information provided to aid in jury selection. L.R. 5.2-2.2; see also L.Cr.R. 49.1-2. Defendant's novel position would require the sealing of the juror voir dire portion of every trial. The government is aware of no other case where a defendant has requested the sealing of a transcript containing juror names.

Indeed, the consequences of sealing this entire day of trial transcript would have the improper effect of covering up matters of public concern. Defense counsel's request would seal a transcript which contains: a sustained Batson challenge illustrating defense counsel's pattern of using peremptory challenges to almost exclusively dismiss female jurors on the basis of gender; the Court's justification for shackling defendant, and discussion about that issue; and defense counsel's statements during voir dire.

Furthermore, sealing the entire transcript is unnecessary to accomplish defendant's stated goal of "protecting jurors' names." As an alternative to sealing the entire Trial Transcript, the government proposed that juror names be redacted in the publicly filed Trial Transcript. This proposal to redact the jurors' names comports with this Court's under seal procedures, which state that "Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and

filed separately with a reasonable amount of effort."  <u>Available</u> <u>at</u> https://www.cacd.uscourts.gov/sites/default/files/documents/FMO/AD/FMO%20CR%20Under%20Seal%20Procedures.pdf.  Defendant's concern for juror's privacy can be met by simply redacting the juror names from the Trial Transcript.  This approach would avoid the First Amendment implications of an overbroad sealing of an entire day's Trial Transcript.

Simply stated, juror privacy can be addressed with redactions, and the matters of public concern must remain in the public domain.

**III. CONCLUSION**

For the foregoing reasons, the government requests that defendant's <u>ex</u> <u>parte</u> applications to file the Trial Transcript and the application under seal be denied.

3