CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CALLIE GLANTON STEELE (Bar No. 155442)
Senior Litigator
(E Mail: Callie_Steele@fd.org)
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: 213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MEI XING,<br><br>Defendant. | Case No. CR 20-228-ODW<br><br>**OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION TO SET THE TRIAL DATE TO JULY 12, 2022**<br><br>**Proposed Trial Date:**<br><br>**October 25, 2022** |

Defendant Mei Xing through her counsel of record, Senior Litigator Callie Glanton Steele and Deputy Federal Public Defender Neha A. Christerna, hereby files her opposition to the government's *ex parte* application to set the trial date to July 12, 2022 [Docket No. 223]. Ms. Xing respectfully requests that this Court set a trial date to October 25, 2022, or at a later date when counsel and witnesses are available.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 10, 2022    By  /s/ Neha A. Christerna

NEHA A. CHRISTERNA
Deputy Federal Public Defender

# MEMORADUM OF POINTS AND AUTHROITIES

## I. INTRODUCTION

The defendant, Mei Xing, is charged with five counts of sex trafficking in violation of 18 U.S.C. §§1591(a)(1),(a)(2), and (b)(1), along with forfeiture charges [18 U.S.C. § 1954(d) and 28 U.S.C. §2461]. This case involves over 19,000 pages of written reports, recordings of interviews, criminal history records, probations records, and photos. A great quantity of the materials is in Mandarin Chinese. The government intends to call five complaining witnesses that have been interviewed approximately three to four times each by law enforcement in the Mandarin language. The government has provided hours and hours of recorded interviews. With exception of a few portions of the interviews and discovery including advertisements, the government has indicated that it does not intend to provide direct translations and transcripts of the witnesses' interviews. There are portions of the witnesses' interviews that were not translated directly from Mandarin to English, rather the person "interpreting" paraphrased the questions and answers.  In addition, on March 28, 2022, the government provided the defense with voluminous digital discovery that the government only made available for inspection but had not given a physical copy to the defense for analysis and review. Also, the government made available the witnesses' A-files for inspection but refused to turn over copies to the defense. On or about April 14, 2022, the government produced portions of the witnesses' A-files that contained T-Visa applications.

On April 21, 2022, Ms. Xing filed an *ex parte* application to continue the trial to September 6, 2022 in order to fully review the voluminous discovery that was provided to the defense a month and a half before the trial date. The Court denied the request. On May 12, 2022, Ms. Xing filed a

renewed the *ex parte* application to continue the trial to September 6, 2022. The defense requested more time to review the digital discovery that was produced, review the A-files in the government's possession, and prepare translations and transcripts made of the witnesses' interviews. That request was denied by the Court.

Trial in this matter commenced on May 17, 2022, in front of United States District Judge Otis D. Wright II. In its *ex parte* application, the government states that that a mistrial was declared on May 18, 2022, "due to an *allegation* by defense counsel that prospective jurors at voir dire may have been able to see defendant shackled under the curtained defense counsel's table..."[1] To correct the record, Counsel for Ms. Xing raised the issue of shackling on the first day of trial, before jury selection began. Specifically, Ms. Steele stated the following:

> I would like to note for the record that Ms. Xing is shackled at counsel table. We are making a motion to have the shackles taken off during the jury trial. The jury may hear the shackles and know that she's shackled. It restricts her movement. It also affects her ability to assist counsel, in violation of the 6th Amendment...the 9th Circuit case Howard specifically states that the Court must make an independent determination as to whether or not any restraints are necessary.[2]

---

[1] Government's *ex parte* application at p. 3 (emphasis added).

[2] *See* 5-17-2022 Jury Trial Day 1 Transcript at p.2-3.

The Court denied Ms. Steele's request. The Court ordered a larger number of prospective jurors due to the subject matter of the case. During jury selection, there were prospective jurors seated on both sides of the gallery. The jurors who were seated on the left side of the gallery[3] had a clear view underneath defense counsel's table, and of Ms. Xing's shackled ankles, especially when defense counsel stood up and walked to side bar during numerous side bar discussions. On the second day of trial, before any evidence was presented, the Court invited defense counsel to re-raise the issue of the shackling and request a mistral.[4] The government conceded that "some jurors may have had an opportunity to see"[5] Ms. Xing's shackled ankles. The government then asked the Court to determine whether the jurors that were chosen did see something that they should not have seen (like an exhibit) under the table. The Court acknowledged that such questioning would be problematic, and Ms. Xing also objected to the proposed remedy. The Court subsequently declared a mistrial and recused itself.[6] After the Court recused itself from the retrial, the matter was assigned to the Honorable Fernando M. Olguin.

The parties then appeared for a status conference in this Court on May 27, 2022. At the hearing, the defense indicated that it will renew some of the motions previously filed. In addition, the Court indicated that any oral motions were vacated and may be re-filed. Although the government

---

[3] From the Court's perspective, it would be the right side of the courtroom.

[4] *See* 5-18-2022 Jury Trial Day 2 Transcript at p. 3.

[5] *Id.* at p. 7.

[6] *See* 5-17-2022 Jury Trial Day 1 Transcript at pp. 5-8.

did not agree, there was discussion about a trial date in late October of 2022.

The government's application should be denied for the following reasons:

*First*, counsel for Ms. Xing is not available on the date proposed by the government -- July 12, 2022. Ms. Steele is scheduled to commence a murder trial in the Eastern District of Oklahoma on July 6, 2022. The trial could last more than a week. Even though defense counsel notified counsel for government of the trial date and conflict, the government contacted the prosecutor for the Oklahoma case and indicated to this Court that prosecutor's trial estimate was one week. However, as the defense informed the Assistant United States Attorneys in this matter, that prosecutor does not know the length of the defense's case. In addition, the jury could deliberate into the week of July 12th, and Ms. Steele would remain in Oklahoma during jury deliberations. During the meet and confer on June 3, 2022, Assistant United States Attorney ("AUSA") Scott Lara indicated that the prosecutor on the Oklahoma case stated that the trial was set on July 6th, but could start on another date in July. Defense counsel concurred and informed AUSA Lara that the district court judge assigned to the case sits in the Eastern District of Oklahoma during the first half of the month, and in the Northern District of Oklahoma during last half of the month. Thus, the trial could very likely begin on July 12th, which is the government's proposed trial date. Given defense counsel's and the government's combined conflicts, October 2022, would be the earliest date that all parties would be available.

///

///

///

5

*Second*, today the defense renewed it's Rule 412 motion [Docket No. 228] -- that motion must be filed at least 14 days before trial.[7] Since there is a pending motion before the Court there is excludable time under the Speedy Trial Act.  (*See* § 3161(h)(1)(D)).  Additionally, the defense intends to renew some of the motions that were previously filed.

*Third,* one of the defense's witnesses is currently pregnant and due at the end of August. She lives in another state and does not feel comfortable traveling until the end of September of 2022. The unavailability of an essential witness constitutes automatic excludable time from the Speedy Trial Act. (*See* § 3161(h)(3)(A)).

*Fourth,* more time is necessary the defense to adequately review with Ms. Xing, who is in custody, the voluminous digital discovery as well as the immigration documents that were provided to defense counsel just before the first trial with Ms. Xing, in custody, with the assistance of an interpreter.

For all of the reasons discussed in more detail below, this Court should deny the government's *ex parte* application to set the trial date to July 12, 2022.  Ms. Xing further requests that this Court set the trial date to October 25, 2022, or at a later date when counsel and witnesses are available.

## II.  DISCUSSION

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1). Certain periods of time, however, are excludable from the Speedy Trial Act's trial clock. *Id.* §3161(h). Some periods are automatically

---

[7] *See* Federal Rule of Evidence 412(c)(1).

excluded, including periods of delay or unavailability of the defendant or an essential witness. *Id.* §3161(h)(3)(A). Other periods of time are excluded when a judge continues a trial and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* §3161(h)(7)(A).

### A. Counsel for Ms. Xing is not Available on July 12, 2022

In its *ex parte* application, the government is requesting a trial date of July 12, 2022. Counsel for Ms. Xing, Ms. Steele, is not available on July 12, 2022, as she scheduled to commence a murder trial in the Eastern District of Oklahoma on July 6, 2022. Ms. Steele believes that the trial could be longer than one week and therefore, it is possible she may still be in trial on July 12, 2022. Moreover, the court in Oklahoma routinely sets more than one case for trial on the same date. Thus, it is possible that Ms. Steele could commence her trial in Oklahoma on July 12, 2022, instead of July 6, 2022.

Ms. Steele's list of conflicts has changed, however, since she intends to retire from the Office of the Federal Public Defender on July 24, 2022, and will request to be appointed as co-counsel on this matter. Ms. Steele is scheduled attend and be a presenter at a legal training for the National Association of Criminal Defense Lawyers ("NACDL") in West Palm Beach, Florida on August 11 and 12 of 2022.

Ms. Christerna has the following conflicts:

(1) United States v. Semaj Rufus Hall, No. CR 20-152-FMO, a single-defendant sales of explosives case, which is currently scheduled for trial on July 26, 2022, and is estimated to last five days.

(2) United States v. Gunnar Matthew Hemingway, No. CR 21-139-PRW (Oklahoma case), a single-defendant murder and arson case, which is currently scheduled for September 13, 2022, and is estimated to last seven days.

7

(3) <u>United States v. Jay Jadav</u>, No. CR 20-265-ODW, a single-defendant sexual assault upon an aircraft case, which is currently scheduled for trial on September 20, 2022, and is estimated to last four days.

(4) <u>United States v. Jesus Chuy Toscano</u>, No. CR 21-422-FMO, a three-defendant possession of methamphetamine with intent to distribute case, which is current scheduled for October 11, 2022, and is estimated to last three days.

(5) Ms. Christerna is scheduled to be out of the country from August 4, 2022 to August 9, 2022.

Counsel for government indicated it has a trial scheduled for September 20, 2022 and October 18, 2022. There appears to be no conflict for a trial date of October 25, 2022. The government additionally indicated that one of its witnesses is not available after October 4, 2022, because she is due to give birth on November 1, 2022, but the government was not clear about when its witness will be available again. The defense would not object to a date after October 25, 2022, if the government chooses to propose an alternative date when its witness would be available. The defense asked for an alternate dates after October 25th, but the government has not provided any.

### B. The Defense Intends to Refile Pretrial Motions

Ms. Xing requests a trial date of October 25, 2022, so that she may renew some of her previously filed motions,

Jury trial commenced on May 17, 2022. The first day of trial involved empaneling the jury. On the morning of May 18, 2022, prior to any evidence being presented, Judge Wright declared a mistrial and the Court recused itself from the retrial.

8

On June 10, 2022, Ms. Xing renewed her Rule 412 Motion to Allow Inquiry and Evidence of the Complaining Witness' Other Sex Work. That motion is pending before the Court. The defense also intends to renew some of is motions before this Court. Since motions *in limine* are motions that are preliminary in nature, the defense is not prohibited from doing so. As the Supreme Court has stated, motions *in limine* are rulings that are "subject to change when the case unfolds.... Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States,* 469 U.S. 38, 41–42, 105 S. Ct. 460, 463, 83 L. Ed. 2d 443 (1984); *see also McSherry v. City of Long Beach,* 423 F.3d 1015, 1022 (9th Cir. 2005), *as amended* (Oct. 27, 2005).

Since the defense intends to renew some of its previously filed motions, this Court should find that the time between now and the proposed trial date of October 25, 2022 is excludable from the Speedy Trial Act.

### C. A Necessary Defense Witness is Not Available

The defense intends to call an essential witness that is currently pregnant and has some pregnancy related health issues. Her due date is at the end of August. She will be available to testify at the end of September of 2022. Therefore, if the case were to proceed to trial before the end of September of 2022, it would result in prejudice to Ms. Xing.

### D. Voluminous Discovery that was Produced Just Before Trial Warrants a Finding of Excludable Time

Ms. Xing made two previous requests to the Court to continue the trial based on voluminous discovery that was provide to the defense just

9

prior to trial.[8] Although the requests were denied by the Court who was presiding over the case at the time, the defense maintains that additional time is needed to review the produced discovery, conduct further investigation if needed, and confer with Ms. Xing, who is in custody, with the assistance of an interpreter.

Although the government has made digital devices available for inspection, it was not until March 28, 2022, that the government agreed to turn over 72 gigabytes of digital data that contains 3,067 files. Most of the information in the files is in Mandarin and needs translation which is a lengthy process. Moreover, on May 12, 2022, the government turned over additional digital data which also needs translation from Mandarin to English.

On April 20, 2022, the government provided a DVR to defense counsel that it previously made available to inspect but did not provide the defense with a copy. Initially, defense counsel was unable to access the data. However, after taking the DVR to the manufacturer, a technician for the manufacturer assisted in accessing the data and the DVR contains 931 gigabytes of video files. The defense has determined that the DVR contains *Brady* material and needs to fully review the data with Ms. Xing, who is currently in custody.

Also, since the beginning of this case, the government has had in its possession the A-files of the complaining witnesses. The A-files consist of asylum applications from 2015, and T-Visa applications from 2019. The asylum applications contain aliases that the complaining witnesses have used and additional *Brady* information. Although the government has produced the T-Visa application, the government never provided the

---

[8] *See* Docket #117 and #184.

defense copies of the asylum applications, but only made them available for the defense at the United States Attorney's office.

Moreover, in previous cases, the government has provided transcripts of interviews of witnesses. The interviews of the witnesses in this case are in Mandarin. The defense believed that the government would be providing transcripts. The government provided transcripts of notes and advertisements, but not of the witnesses' interviews. After inquiring whether the government would provide such transcripts twice, on May 10, 2022, one week before trial, the government indicated that it would *not* have transcripts created of any of the witnesses' interviews. It is necessary for the defense to prepare transcripts ahead of trial and additional time is needed to prepare the transcripts of hours and hours of witnesses' interviews.

A trial date of October 25, 2022, would provide the necessary time for the defense to confer with Xing, who is in custody, review the digital discovery, obtain translations, complete additional investigation and conduct legal research in preparation for trial. Counsel has discussed this continuance with Ms. Xing and she requests a continuance to October 25, 2022, or to a later date when all witnesses are available.

### E. The Requested Trial Date Will Not Prejudice the Government's Case Nor the Complaining Witnesses

In support of their *ex parte* application, the government indicates that any further delay would prejudice the government's case, since some of the government witnesses could return to China.[9] This argument holds no weight. The government fails to mention that four out of the five

---

[9] Government's *ex parte* application at p. 6.

11

government witnesses have applied for asylum and/or T-visas to be able to remain in the United States, and each have stated, under penalty of perjury, that they would be in fear for their lives if they were to return to China. The fifth government witness is a long-time legal permanent residence of the United States.

The government similarly argues that a delay would somehow prejudice the complaining witnesses.[10] The government requested to continue this trial, over the defense's objections, a total of five times, and agreed to continue the trial, through stipulations, another three times. The government cannot now claim that a trial date a mere 3 months from their proposed trial date will somehow prejudice their case.

### III. CONCLUSION

For the reasons articulated above, Ms. Xing respectfully requests the Court set the instant matter for trial on October 25, 2022, or on a later date when counsel and witnesses are available. Additional time is necessary to confer with Ms. Xing who is in custody, translate recently received evidence, conduct and complete an independent investigation of the case, conduct and complete additional legal research, review the discovery and potential evidence in the case, and prepare for trial. Failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney of the Government to obtain available witnesses.

---

[10] *Id.*

1     Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the Ms. Xing believes that the time period of May 17, 2022, to October 25, 2022 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    Nothing in this application shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 10, 2022      By  /s/ Neha A. Christerna

NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Senior Litigator

13