TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT M. LARA (Cal. Bar No. 296944)
DAMARIS DIAZ (Cal. Bar No. 277524)
Assistant United States Attorneys
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0427/0302
     Facsimile: (213) 894-3713
     E-mail:    scott.lara@usdoj.gov
                damaris.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MEI XING,<br><br>　　　　Defendant. | No. CR 20-0228-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S THIRD EX PARTE APPLICATION FOR RECONSIDERATION OF BAIL PENDING TRIAL<br><br>Hearing Date: June 17, 2022<br>Hearing Time: 1:00 p.m.<br>Courtroom: Hon. Gail J. Standish |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott Lara, hereby files its opposition to defendant's third ex parte application for reconsideration of bail pending trial.

///

///

///

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 15, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

        /s/
DAMARIS DIAZ
SCOTT M. LARA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant moves this Court to reconsider for the third time its pre-trial detention orders based on an additional alleged surety. Defendant ignores the facts justifying defendant's detention: this Court previously found by clear and convincing evidence that defendant was a danger to the community, and by a preponderance of the evidence found that defendant was a flight risk.  Dkt. 12 at p. 2.  These findings were based upon the strong weight of the evidence against defendant, defendant's prior criminal history, defendant's lack of stable employment, insufficient financially responsible sureties, significant family or other ties outside of the United States, possibility of removal or deportation, and, specifically, the fact that defendant made threats against the victim witnesses in the case against her.  Id. at pp. 2-3.  Furthermore, defendant remains a citizen of a country that does not have an extradition treaty with the United States.  Since this initial detention order, none of the Court's findings have materially changed, and there is no basis to release defendant on bond.

In this third application for reconsideration, defendant asserts that she has two sureties (one more than previously asserted) willing to sign for her secured bond.  This additional surety does little to address all of the reasons that the Court previously found defendant to be a danger to the community and a flight risk.  There are no changed circumstances justifying departure from this Court's prior detention orders.  Defendant's third application for reconsideration should be denied.  See 18 U.S.C. §§ 3142(e)(1), 3142(e)(3).

**II.    PROCEDURAL BACKGROUND**

    **A.    Offense Conduct and Indictment**

From July 2016 to October 23, 2018, defendant engaged in sex trafficking by force, fraud, and coercion involving at least five victims.  On April 17, 2020, defendant MEI XING ("defendant") was charged by criminal complaint with Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a).

As alleged in the Complaint, defendant's trafficking included forcing the victims to have sex with abusive customers, have sex without protection, and engage in sex acts the victims would not otherwise consent to.  Defendant also failed to pay the victims as promised, and was generally verbally abusive and intimidating.  Defendant claimed to have connections to local law enforcement, and would threaten the victims with arrest and deportation if they threatened to quit or report defendant, or otherwise did not comply with her demands.  Defendant also claimed to have connections to criminal gangs in Los Angeles and in China, and would threaten the victims with harm to them or their families in China.  Defendant frequently threatened the victims by saying that she could "buy a life for $2,000," meaning that she could have someone killed for $2,000.  The victims believed defendant was well-connected and would make good on her threats.  See Dkt. 1 ("Complaint") ¶¶ 15-35.

After she was arrested by state authorities in October 2018, defendant contacted several of the victims through third parties to intimidate them and attempt to prevent them from cooperating with law enforcement.  Out of fear for defendant and at her direction, some of the victims attempted to tamper with the testimony of other victims,

and tried to gather evidence that would be helpful to defendant. Complaint ¶¶ 48-67.

Defendant also told witnesses that if she lost her state case she would flee to China, that she had 10 million yuan (approximately $1.4 million USD) in China, and that if she went to jail she would use that money to seek revenge against anyone who wronged her. On March 27, 2020, defendant sold her townhouse in the United States. Complaint ¶¶ 68-73.

Defendant was arrested on a federal complaint on April 21, 2020, and made her initial appearance on April 22, 2020, where this Court ordered defendant be detained pending trial. On May 13, 2020, this Court held a preliminary hearing and determined that there was probable cause to believe that defendant committed the offense alleged in the complaint, and ordered that defendant be held to answer in the district court. On June 12, 2020, a federal grand jury indicted defendant on one count of Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a). See Dkt. 28 ("Indictment"). On September 29, 2022, defendant was charged in a first superseding indictment with five counts of Sex Trafficking by Force, Fraud, or Coercion in violation of 18 U.S.C. § 1591(a). See Dkt. 51 ("FSI").

On May 17, 2022, a jury was empaneled for the trial in this action. See Dkt. 195; Transcript at Dkt. 216, 217, 221. On May 18, 2022, before opening statements, Judge Wright granted defendant's motion for a mistrial based on the possibility that members of the jury saw defendant's shackled feet, and recused himself from the case. See Dkt. 196; Transcript at Dkt. 210. The case was reassigned

3

to the Honorable Fernando M. Olguin.  Dkt. 200.  A new trial date has not yet been set.

On June 8, 2022, defendant filed the instant application for reconsideration of bond.  Dkt. 226, 227.

**B.    Detention Proceedings**

After defendant's arrest, this Court ordered her detained pursuant to 18 U.S.C. § 3142(e), based on a finding that no condition or combination of conditions would reasonably assure both defendant's appearance and the safety of the community.  This was a presumption case under 18 U.S.C. §3142(e)(3) because it involves an offence under Chapter 77 for which a maximum term of imprisonment of 20 years or more is prescribed.

This order rested on the following findings:

- The weight of the evidence against defendant is strong;
- Defendant's prior criminal history;
- Lack of stable employment;
- Insufficient sureties;
- Significant family or other ties outside the United States;
- Subject to removal or deportation after serving any period of incarceration; and
- Threats allegedly made to victims who are witnesses in the investigation.

See Dkt. 12 ("Order of Detention Pending Trial").  These findings remain applicable.

Indeed, the Complaint in this case details defendant's threats against victims and witnesses, intended to keep them in the commercial sex business for defendant's benefit, and to prevent them

4

from providing evidence against defendant in her State court criminal case. See Complaint. The Complaint also details defendant's stated plans to flee to China in the event she could not win her State court criminal case, and her stated plan to take revenge against those who testify against her and their families with over $1 million she has in China. Id. Furthermore, defendant remains a citizen of China, which does not have an extradition treaty with the United States. If she were to flee to China, the government would be unable to retrieve her to stand trial in this case.

On July 22, 2020, defendant challenged her detention order, which was denied by this Court. Dkt. 41. On September 14, 2020, defendant again challenged her detention order, this time before District Judge Otis D. Wright, which Judge Wright denied, finding that "there are no conditions nor combination of conditions which will assure Defendant's appearance at all future hearings and/or protect the community from further crimes or injury from defendant." Dkt. 50. Judge Wright further found the following grounds required denial of defendant's application: "the government appears to have a strong case, Defendant's possession of a foreign passport, her frequent trips to China with which the United States has no extradition agreement, Defendant's criminal history, the fact that if convicted, she is facing a 15-year sentence and removal from the United States, her access to liquidated assets and inadequate security for a bond." Id.

**III. ARGUMENT**

Defendant's third motion for reconsideration of her pre-trial detention should be denied.

///

### A. Legal Standards for Pre-Trial Detention

A defendant must be detained pending trial where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is thus appropriate where a defendant is either a danger to the community or a flight risk. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

Where, as here, there is probable cause to believe that the defendant committed an offense under 18 U.S.C. § 1591, it is presumed that "no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). That "presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).

Categorical grants or denials of bail, untethered from an individualized determination, are impermissible. United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019). That is because "the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)." Id. Those factors are:

    (1) the nature and circumstances of the offense charged;

    (2) the weight of the evidence against the defendant;

    (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating

6

>            to drug or alcohol abuse, criminal history, and record
>            concerning appearance at court proceedings, as well as
>            whether the crime was committed while the defendant was on
>            probation or parole; and
>
> 4) the nature and seriousness of the danger to any person or
>    to the community that would be posed by the defendant's
>    release. 18 U.S.C. § 3142(g).

United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986). Consideration of non-statutory factors is disfavored. Diaz-Hernandez, 943 F.3d at 1199.

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

**B. Under 18 U.S.C. § 3142, Defendant's Detention Is Appropriate: She Remains A Flight Risk and A Danger to the Community**

1. <u>The facts justifying detention have not changed</u>

Defendant has raised no materially changed circumstances that were not previously considered and rejected by this Court, and all of the facts that initially justified defendant's pre-trial detention remain true:

- **The nature and circumstances of defendant's offense have not changed.**

Defendant is charged with sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591, an offense carrying a mandatory minimum sentence of 15 years' imprisonment. The government is prepared to call at trial five victims who will recount harrowing facts about defendant's sex trafficking – including defendant's

7

coercing of victims to have sex with abusive customers, as well as her threats to have them or their family members killed or harmed if the victims refused to continue working for defendant or reported her illegal conduct.

- **The weight of evidence against the defendant remains substantial.**

As discussed above, the government has identified at least five victims who will testify at trial regarding defendant's trafficking by force, fraud, or coercion, and who corroborate the facts set forth in the Complaint and the Indictment.

- **Defendant remains a flight risk.**

Defendant's sentencing exposure on this case, her ties to China and resources abroad, the sale of her townhouse on March 27, 2020, and her stated intention to flee to China to avoid incarceration all continue to justify her detention in this case. Defendant has presented no evidence of any material changed circumstances affecting the analysis of her flight risk. Given defendant's alleged financial resources in China, and her sentencing exposure, the availability of an additional $100,000 surety would not meaningfully assure defendant's appearance for future court proceedings in this matter.

- **Defendant's release would endanger the community.**

Defendant's threats to witnesses against her, which include threats to harm both the witnesses and their families in China, continue to justify her detention in this case. During the time between defendant's arrest on State charges and her arrest on federal charges, defendant engaged in witness tampering by making threats to her victims about her ability to harm them and their families in China and by attempting to have victims/witnesses give false

8

testimony in her favor. There are no conditions of release that will prevent defendant from engaging in similar behavior if released on bond.

As a result, defendant remains a flight risk and a danger to the community. As the Bail Reform Act recognizes, she should remain detained pending trial. 18 U.S.C. § 3142(e)(1).

**IV. CONCLUSION**

There are no conditions or combination of conditions that reasonably assure defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(1). She should remain detained. Id.

This Court should deny defendant's application for reconsideration.