CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

CALLIE GLANTON STEELE (Bar No. 155442)
(E-mail: calliesteeleesq@gmail.com)
2222 Foothill Boulevard, Suite 301
La Cañada, Flintridge, California 91011
Telephone: (626) 405-4910
Facsimile: (626) 388-9759

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>MEI XING,<br><br>　　　　　Defendant. | Case No. CR 20-228-FMO<br><br>**REPLY IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE**<br><br>**Hearing Date: October 14, 2022**<br>**Hearing Time: 2:30 p.m.** |

Defendant Mei Xing through her attorneys of record, Callie Glanton Steele, Esq., and Deputy Federal Public Defender Neha A. Christerna, hereby files her Reply in Support of Motion to Exclude Evidence (Docket No. 191).

//
//
//
//
//

This reply is based upon the attached memorandum of points and authorities, all files and records in this case, and any further evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 30, 2022   By  /s/ *Neha A. Christerna*
NEHA A. CHRISTERNA
Deputy Federal Public Defender
CALLIE GLANTON STEELE
Attorney at Law

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mei Xing is charged in a First Superseding Indictment with sex trafficking, and the first trial was scheduled to begin on May 17, 2022. On April 29, 2022, approximately two weeks prior to the first trial, the government provided Notice of Intent to Admit Evidence of the following uncharged conduct; (1) testimony regarding a commercial sex customer that the witnesses claim they were told was a police officer, (2) testimony regarding witness tampering.[1] On May 16, 2022, Ms. Xing filed a Motion to Exclude Evidence and argued that admitting the evidence would constitute a constructive amendment of the indictment or a fatal variance from it. (Docket No. 191).

The government filed its opposition to Ms. Xing's motion on May 17, 2022. (Docket No. 194). In its opposition, the government argued that the evidence is inextricably intertwined with the conduct charged in the indictment, or in the alternative, that the evidence is admissible pursuant to Federal Rule of Evidence 404(b) to prove Ms. Xing's knowledge.

For the reasons set forth below, the Court should exclude all testimony regarding an alleged police officer customer and alleged witness tampering. If the government is allowed to elicit testimony on those two subjects, it will result in a constructive amendment and/or fatal variance to the indictment in this case.

//
//
//
//
//

---

[1] Exhibit A to Mei Xing's Motion *In Limine* to Exclude Government's Inadmissible Hearsay Evidence, Docket No. 178-1.

## II. ARGUMENT

### A. The uncharged crimes are not inextricably intertwined.

The government seeks to circumvent the indictment process and introduce evidence of crimes that were never presented to the grand jury through the testimony of witnesses. The government contends that these offenses are inextricably intertwined with the conduct charged in the indictment and demonstrate consciousness of guilt. Because the government failed to present the evidence to the grand jury and it is not inextricably intertwined, the evidence should be excluded.

First, the government has indicated that it intends to introduce testimony that Ms. Xing led witnesses to believe that a certain commercial sex customer was a police officer who forced the witnesses to preform sex acts. The government also intends to introduce evidence that witnesses were instructed to do whatever the police officer wanted and not to collect money from him. The government argues that the evidence is admissible as to Ms. Xing's guilt, and that her actions led to the witnesses' rape by the customer. The government also intends to introduce evidence of witness tampering which also was not presented to the grand jury.

To determine if evidence is inextricably intertwined, the 9th Circuit has indicted that the evidence would have to be "part of the transaction" that constitutes the criminal charge or it must be necessary so that the prosecution can tell a comprehensive story about the offense. *United States v. Loftis*, 843 F.3d 1173 (9th Cir. 2016). The evidence that the government seeks to admit is neither.

The government argues that the uncharged conduct regarding the police officer shows that Ms. Xing knew of the offense and participated in it.[2] However, the alleged

---

[2] Opposition to Defendant's Motion to Exclude Evidence, Docket No. 194 at 4.

conduct regarding the police officer is not necessarily part of the sex trafficking, rather it is much more extreme.  From the witnesses' purported testimony, it appears that the government's theory is that Ms. Xing hired the witnesses at massage parlors to perform massages and that she did not inform them that they would be performing sex work.  The witnesses had performed sex work previously, however.  The allegations regarding the police officer involve rape, which is prejudicial, extreme, and can be distinguished from sex trafficking.

In addition, the government's argument that Ms. Xing's purported relationship with the police officer was used to intimidate the witnesses and to "force them further into the sex trade"[3] is simply not credible.  The witnesses were engaged in sex work prior to meeting Ms. Xing.  The came to work for her without massage therapist licenses.  They were already in the sex trade and to claim that this alleged relationship with a customer who was a police officer somehow forced them into the sex trade further is simple not supported by the evidence.  The government is merely attempting to constructively amend the indictment by admitting highly prejudicial evidence of a separate crime without presenting it to the grand jury.  The evidence about the police officer is not part of the offense and is not necessary for the government to tell the complete story.

Similarly, the government's argument that the jury should hear the witness tampering allegations so that it will know the background and circumstances of the offense and to have a complete story[4] also fails.  According to the witnesses, the alleged witness tampering occurred after the offense was completed.  Ms. Xing had been arrested when the alleged witness tampering occurred.  Thus, the witness tampering is not part of the transaction and it is not needed for the government to tell a

---

[3] *Id.*

[4] *Id.* At 5.

comprehensive story.

### B. The purported evidence is not part of the indictment.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment to provide "a plain, concise and definite written statement of the essential facts constituting the offense charged." *See United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) ("The Supreme Court has instructed that an indictment is sufficient if it contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy.") (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also Collins v. Markley*, 346 F.2d 230, 232 (7th Cir.) (en banc) ("The sufficiency of an indictment is to be measured by certain guidelines. First, the indictment standing alone must contain the elements of the offense intended to be charged, and it must be sufficient to apprise the accused of the nature of the offense. Second, after conviction, the record of the case must be sufficient so that the accused can plead the judgment in bar of any subsequent prosecution for the same offense."), *cert. denied*, 382 U.S. 946 (1965).

The indictment "may incorporate the words of the statute to set forth the offense, but the statutory language 'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'") *Yefsky*, 994 F.2d 885 (quoting *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888))); *cf. United States v. Nance*, 533 F.2d 699, 702 (D.C. Cir. 1976) (noting with approval mail fraud count that specifies misrepresentations); *United States v. Curtis*, 506 F.2d 985, 990 (10th Cir. 1974) (citations omitted) (dismissing mail fraud indictment that excludes false pretenses).

In *Yefsky*, the court held that the indictment was defective in that it did not

provide the defendant with adequate notice of the charge (conspiracy to commit mail fraud) against him. 994 F.2d at 893. "Where guilt depends so crucially upon such *a specific identification of fact*, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* (citing *Hamling*, 418 U.S. at 118 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)) (emphasis in *Hamling*).

When the government presented its case to the grand jury, it failed to obtain an indictment that contained charges relating to specific conduct with the police officer or witness tampering. The government cannot, after the fact, circumvent the grand jury process and introduce extremely prejudicial evidence of other crimes.

### C.    The proposed testimony should not be admitted to prove knowledge pursuant to Federal Rule of Evidence 404(b)

In its opposition, the government argues that the evidence is admissible under Rule 404(b) because it demonstrates Ms. Xing's knowledge of the crimes.[5] Pursuant to Rule 404(b), evidence of another crime or wrong should not be admitted to prove character evidence to show that a "person acted in accordance with the character." Rule 404(b)(1). However, it may be admitted for another purpose, one of which would be to prove knowledge. *See* Rule 404(b)(2).

The government argues that the four-part test to determine if evidence should be admitted under 404(b) has been satisfied. *See United States v. Spillone*, 879 F.2d 514, 518 (9th Cir. 1989). The government's contention is wrong because the first prong of the test will not be satisfied. The government argues that it will be able to produce sufficient evidence to prove that the acts were committed. However, the government will not be able to produce reliable evidence to prove that these acts occurred.

As to witness tampering allegation, the government does not have sufficient

---

[5] Opposition to Defendant's Motion to Exclude Evidence, Docket No. 194 at 6.

evidence of that offense. Once again, the government cannot satisfy the first prong of the test. The only evidence that the government will produce will be testimony of Witnesses 2-6, who are extremely biased against Ms. Xing. Four of the five witnesses need to say that they were "trafficked" to qualify for a T-Visa, so that they can remain in the United States. Except for their extremely biased testimony, there is no other evidence of witness tampering. Thus, the first prong has not been satisfied.

Although the other prongs of the 9th Circuit's test have been satisfied, the evidence should still be excluded under Rule 403.[6] The government is attempting to introduce allegations of rape that were not included in the indictment. It is the government theory that Ms. Xing forced the witnesses to be raped by a police officer. The extreme prejudicial effect of introducing this evidence is substantially outweighed by any probative value.

Similarly, evidence of witness tampering should also be excluded under Rule 403 because admitting such evidence will waste the jury's time and will result in mini-trials as the government attempts to prove charges that were never included in the indictment.

### III.  CONCLUSION

For all the reasons outlined above, the Court should preclude the government from introducing inadmissible evidence regarding an alleged sex customer who was a police officer and witness tampering.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 30, 2022       By  /s/ *Neha A. Christerna*
                                NEHA A. CHRISTERNA
                                Deputy Federal Public Defender
                                CALLIE GLANTON STEELE
                                Attorney at Law

---

[6] Federal Rule of Evidence 403.

8