**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 20-0228 FMO |
| Plaintiff, | |
| v. | **ORDER RE: PRETRIAL CONFERENCE** |
| MEI XING, | |
| Defendant. | |

Having reviewed the parties' pretrial filings and pursuant to the pretrial conference held on October 14, 2022, it is ORDERED as follows.[1]

1. The parties shall meet and confer on **Monday, October 17, 2022, at 12:00 p.m.**, to discuss the issues set forth below. The meet and confer shall continue – throughout the week if necessary – until the parties have thoroughly and carefully discussed each issue set forth below.

2. The government's Pretrial Exhibit Stipulation (**Document No. 271**) is hereby **stricken**. During the meet and confer referenced above, the parties shall discuss defendant's objections to the remaining 30 exhibits.[2] The meet and confer shall continue until the parties have thoroughly and carefully discussed each exhibit. The government shall file a revised Pretrial Exhibit Stipulation no later than **Friday, October 21, 2022, at 5:00 p.m.**

---

[1] To the extent that there is any conflict between the requirements set forth in this Order and the court's statements during the pretrial conference, this Order shall control.

[2] Except as set forth in this order, the parties shall comply with all the dates and requirements set forth in the Court's Case Management Order of May 31, 2022 (Dkt. 220).

3. With respect to the disputed testimony summarized in the government's April 29, 2022, Notice of Intent to Admit Evidence, (see Dkt. 178-1, Exh. A, Notice), the government shall send defendant a list of the specific testimony that it intends to elicit from each complaining witness regarding statements made by people other than defendant no later than **Monday, October 17, 2022**. Counsel for the parties shall meet and confer regarding the disputed testimony no later than **Tuesday, October 18, 2022**. The parties shall file a Joint Brief Re: Alleged Hearsay Testimony addressing defendant's evidentiary objections to the statements referenced above no later than **Friday, October 21, 2022, at 5:00 p.m.** Each side's portion of the Joint Brief shall be limited to no more than ten (10) pages.

4. During the meet and confer referenced above, the parties shall discuss their respective objections to the opposing party's expert(s). At a minimum, the parties shall discuss the expert's qualifications and the reliability of each expert's testimony.[3] The parties shall, no later than **Tuesday, October 18, 2022**, exchange their initial section(s) of a Joint Brief Re: Expert Testimony that addresses each party's position as to: (1) the qualifications of the opposing party's expert(s); and (2) why the opinions of the opposing party's expert(s) are not reliable under Rule 702 of the Federal Rules of Evidence, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167 (1999), and applicable Ninth Circuit case law. See, e.g., United States of America v. Holguin, __ F.4th __, 2022 WL 8140576, *1 (9th Cir. 2022). Each side's initial sections shall be limited to three (3) pages per expert.

The parties shall, no later than **Thursday, October 20, 2022**, exchange their response(s) to the opposing party's initial section of the Joint Brief. The response(s) shall be limited to three (3) pages per expert. Defense counsel shall file the Joint Brief Re: Expert Testimony no later than **Friday, October 21, 2022, at 5:00 p.m.**

---

[3] The parties may only challenge experts that are the subject of the following motions: (1) the government's Motion to Preclude Defense "Expert" (Dkt. 263); (2) defendant's Renewed Motion to Preclude Detective Fries' Intended Testimony (Dkt. 269); and (3) defendant's Motion In Limine to Include Expert Testimony (Dkt. 280).

5. For the reasons set forth on the record, defendant's Motion to Compel Discovery Related to Digital Evidence in Government's Possession (**Document No. 270**) is **granted** as set forth in this Order. The government shall produce a copy of the full Cellebrite extraction to defendant no later than **Wednesday, October 19, 2022**.

6. For the reasons set forth on the record, defendant's Motion to Compel Government to Produce Brady Information to Be Used at Trial (**Document No. 272**) is **granted** as set forth in this Order. Counsel for the parties and the complaining witnesses shall meet and confer no later than **Wednesday, October 19, 2022**, to discuss redactions of private information in the subject documents. The government shall produce copies of the subject documents to defendant no later than **Monday, October 24, 2022**.

7. During the meet and confer referenced above, the parties shall discuss the necessity of certified translations for foreign-language recordings. If there are any recordings that either side still believes require certified translation, the parties shall file a Joint Brief Re: Translations no later than **Friday, October 21, 2022, at 5:00 p.m.** The parties shall identify the specific recording and time period within the recording for which each side requests an order requiring certified translation and the justification for doing so. Each side's portion of the Joint Brief shall be limited to no more than seven (7) pages.

8. The parties and complaining witnesses shall attend an in camera hearing pursuant to Rule 412 of the Federal Rules of Evidence on **Friday, October 28, 2022, at 2:00 p.m.**[4] If necessary, a further pretrial conference will be held following the in camera hearing.

9. The trial is continued to **Tuesday, November 1, 2022, at 9:00 a.m.** On the first day of trial, counsel must appear at 8:30 a.m. to discuss preliminary matters with the court.

Dated this 16th day of October, 2022.

/s/
Fernando M. Olguin
United States District Judge

---

[4] Please note that this is a different time from what the court stated during the pretrial conference.