CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: 213) 894-2854
Facsimile: (213) 894-0081

CALLIE GLANTON STEELE, ESQ. (Bar No. 155442)
(E-mail: calliesteeleesq@gmail.com)
2222 Foothill Boulevard, Suite 301
La Cañada, Flintridge, California 91011
Telephone: (626) 405-4910
Facsimile: (626) 388-9759

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MEI XING, <br><br> Defendant. | Case No. CR 20-228-FMO <br><br> *EX PARTE* APPLICATION FOR ORDER CONTINUANING TRIAL DATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COUNSEL <br><br> Current Date: February 21, 2023 <br><br> Proposed Date: April 25, 2023 |

Defendant Mei Xing through her counsel of record, Callie Glanton Steele, Esq., and Deputy Federal Public Defender Neha A. Christerna, hereby moves this Honorable Court for an order continuing the trial date from Tuesday, February 21, 2023 to Tuesday, April 25, 2023.

//

1 | The defense believes that the government opposes this request, but the government has
2 | not yet responded to defense counsel's most recent inquiry.

                                                                                                  Respectfully submitted,

                                                                                                  CUAUHTEMOC ORTEGA
                                                                                                  Federal Public Defender

DATED: February 20, 2023       By_____
                                                    CALLIE GLANTON STEELE, Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mei Xing is charged in a First Superseding Indictment with sex trafficking, in violation of 18 U.S.C. §§1591(a)(1), (a)(2), and (b)(1). (*See* Dkt 51). The government intends to call five complaining witnesses. The complaining witnesses are expected to testify that they were hired to work at a massage parlor by Ms. Xing and that Ms. Xing then forced or coerced them into providing sexual services to customers. Only one of the five witnesses, Witness 3, turned over her phone to the government. In addition, the government had Witness 8's iPhone and iPad. For over two years, the defense requested access to the devices and the government refused and only allowed the defense to review the voluminous material at the FBI office located in Westwood, California. On September 26, 2022, Ms. Xing made a motion to compel the government to produce Witness 3's digital data (Dkt 270). On October 14, 2022, the court granted the motion. On October 17, 2022, the government produced the digital data. The data was produced with an older version of the Cellebrite reader which allowed access to some of the data. Since that time, Cellebrite has made significant updates to the physical analyzer program and additional information is now available.

On January 23, 2023, and January 30, 2023, the defense was able to install a new Cellebrite reader that revealed additional evidence, including photos, videos, and audio files, that was not accessible on the previous version of the Cellebrite reader provided by th government. In addition, the new Cellebrite reader had a feature that provides rough translations of the cellular data from Mandarin to English that was not previously available. Ms. Xing is currently in custody at the Metropolitan Detention Center in Los Angeles. Due to limitations of the jail computers, counsel for Ms. Xing has not been able to review much of the voluminous cell data with Ms. Xing. The data from Ms. Xing's phone is under a protective order so the government prohibited the defense from providing the cell data to her. Recently, the defense requested and the government

agreed for Ms. Xing to have access to the information from her phone. The officials at MDC have not allowed Ms. Xing to have a Cellebrite reader so that she may access her cell phone data.

Each of the five testifying witnesses in this case have been interviewed multiple times by law enforcement and the prosecutors. Each time they were interviewed there was either a translator from the Sherriff's department of a linguist from the FBI used for translation, but not a court certified interpreter. The defense was able to identify key errors, omissions or additions in the translations. Ms. Xing filed a motion requesting that the Court order certified translations of the interviews. On December 21, 2022, that motion was denied.

On October 14, 2022, the Court held a pretrial conference. At that hearing the Court granted the defense's request for updated A-files for four of the witnesses. On January 27, 2023, less than a month before the trial date of February 21, 2023, the defense received additional immigration documents for witnesses 4, 5, and 6. On February 9, 2023, less than two weeks before trial, the defense received 821 pages of an A-file that belongs to witness 3. Some of the documents were duplicative of what the government had produced. In Witness 3's file, and based on the defense's investigation, the defense found evidence that Witness 3 may have received an undisclosed immigration benefit for her testimony and she may have committed perjury, both requiring additional investigation.

Upon the request of Ms. Xing, the Court set a trial date of February 28, 2023. On January 18, 2023, the Court advanced the trial date to February 21, 2023. The defense is seeking a continuance of the trial to April 25, 2023. First, additional time is necessary to review the crucial cell data with the updated Cellebrite reader with Ms. Xing so that she may meaningfully participate in her defense. Second, defense counsel needs additional time to prepare exhibits from the Cellebrite data which has now been accessed with an updated Cellebrite reader. Third, additional time is necessary to

obtain certified translations of the Cellebrite data that has been accessed with the new Cellebrite reader and to finalize the translations of the witnesses' interviews. And fourth, based on the A-file of witness 3 and investigation, there is evidence that witness 3 may have received an undisclosed immigration benefit and may have committed perjury, both of which need to be investigated.

## II.  ARGUMENT

### A.  Pertinent Law

The Speedy Trial Act generally requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1). Certain periods of time, however, are excludable from the Speedy Trial Act's trial clock. *Id.* §3161(h). Some periods are automatically excluded, including periods of delay or unavailability of the defendant or an essential witness. *Id.* §3161(h)(3)(A). Other periods of time are excluded when a judge continues a trial and finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* §3161(h)(7)(A).

### B.  Ms. Xing is entitled to review Discovery and Participate in her Defense

A criminal defendant is entitled, under Rule 16(a)(1)(C), to review "documents ... which are within the possession, custody or control of the government, and which are material to the *preparation of the defendant's defense* or are intended for use by the government as evidence in chief at the trial[.]" Fed.R.Crim.P. 16(a)(1)(C) (emphasis added).

The government seized data from a digital device belonging to Witness 3 on October 23, 2018. Specifically, the data was obtained from her iPhone. The government also had in its possession data from an iPhone and an iPad belonging to

Witness 8. Despite numerous requests by the defense, government refused to provide the cell data to the defense. Instead, the government indicated that the defense could go to the FBI office in Westwood to review the data. To do so, it was necessary for the defense to go to the office with a Mandarin interpreter. On September 26, 2022, the defense filed a Motion to Compel Discovery Related to Digital Evidence in the Government's Possession. On October 14, 2022, the Court granted the defense's motion.

Based on a Court order, on October 17, 2022, the government produced to the defense digital evidence from 3 devices that it had in its possession since October 23, 2018. The data contained in Witness 3's iPhone consists of: approximately 1248 audio files, 540 SMS messages, 637 WeChat messages, 431 contacts, all with Mandarin characters that require translation to English. (*See* Declaration of Neha A. Christerna ("Christerna Decl.") at ¶ 4). The data constitutes *Brady* information.

The data contained in Witness 8's iPhone consists of 259 WeChat threads (each thread can contain hundreds of messages), 8339 contacts, 10767 audio files, 10857 images, and 322 videos all with Mandarin characters that require translation to English. The data contained in Witness 8's iPad consists of: 122 chat threads (each can contain hundreds of messages), 4247 contacts, 5534 audio files, 2199 images and 27 videos all with Mandarin characters that require translation to English. *Id.* at ¶ 4.

Since receiving the cell date, the defense has been working diligently on reviewing the enormous amount of data with a Mandarin interpreter, extracting relevant data, and using computer experts to obtain and organize the data. On January 23, 2023 and January 30, 2023, the defense received an updated version of the Cellebrite reader, which included a language pack that provided rough translations for Witness 3, Witness 8, and Ms. Xing's devices. Also, with the updated Cellebrite reader, photos, audio, and video files that were previously not accessible by defense counsel were able to be accessed. *Id.* at ¶¶ 6-7.

6

Ms. Xing is currently in custody at the MDC, Los Angeles. Due to limitations of the jail computers, defense counsel has not been able to review much of the voluminous cell data with Ms. Xing. In addition, the data from Ms. Xing's phone is under a protective order so the government prohibited the defense from providing her own cellular data to her. On January 31, 2023, the defense requested that the government allow Ms. Xing to have access to the information from her phone. On February 1, 2023, the government agreed that the Ms. Xing may have possession of the data from her phone. However, the officials at MDC have not allowed Ms. Xing to have a Cellebrite reader so that she may have access to the cell phone data. *Id.* at ¶ 8.

Since a Cellebrite reader is prohibited at MDC, defense counsel must review all the data with Ms. Xing in person. The defense has made numerous attempts to review the cell data from all devices with Ms. Xing but the computers in the legal visiting room at MDC do not have the capability to play the new Cellebrite reader. The defense consulted with an expert to explore whether the data can be printed and provided to Ms. Xing in custody but it would be impossible to provide her with hundreds of thousands of pages of printed data. *Id.* at ¶¶ 8-10.

Ms. Xing's review of the data is crucial because she can provide context and information regarding the receiver or sender of messages, identify speakers on audio files, and identify individuals in videos and photos. Ms. Xing is entitled to review the discovery in her case and assist with her defense. *Id.*

The defense raised the issue of Ms. Xing not being able to review the cell date at the pretrial conference on February 17, 2023. The Court directed the government to assist in finding a solution. On February 17, 2023, the government inquired about the defense's current process of reviewing the data with Ms. Xing, to which the defense responded. The defense has not heard back from the government as to a solution to date. The government indicated that it will have additional information on Tuesday, February 21, 2023, when officials at MDC are available. *Id.* at 16-18.

The defense requests additional time so that Ms. Xing may review the cell phone data and to have the relevant portions extracted, translated by a court certified interpreter, and prepared as exhibits. The defense requests a continuance to April 25, 2023.

### C. The Preparation of Certified Translations Warrants Additional Time

Each of the five witnesses have been interviewed approximately 3 - 4 times each by law enforcement. During each interview, the government had either a special reserve sheriff's deputy or an FBI linguist interpret for the witnesses. The government did not use a court certified interpreter nor did it have any of the interviews translated later by a court certified interpreter. The defense has confirmed that the translations by the reserve sheriff's deputy and the FBI linguist are not accurate. (*See* Christerna Decl. at ¶ 9-10). In some instances, the words or full sentences are omitted, or the wrong word is translated, or the person translating is merely paraphrasing and not translating what the witness said word-for-word. *Id.*

The defense has diligently been preparing selected portions of the interviews and is having them translated by court-certified interpreters. However, the process is extremely time consuming and costly. The witnesses made many inconsistent statements, so obtaining certified translations of the witnesses' various prior inconsistent statements does not support the government's theory, but is crucial for the defense's impeachment of the witnesses. The defense filed a motion requesting that the Court order certified translations, but the Court denied that motion on December 21, 2022. As a result of the Court's denial, the defense has been working diligently to have relevant portions of the transcripts translated by court-certified interpreters. Thus, additional time is needed to complete certified transcripts of hours and hours of witnesses' interviews.

**D.     The Government's recently produced updated Immigration Files Necessities further investigation for Ms. Xing to have Due Process and a Fair Trial**

At the pretrial conference that took place on October 14, 2022, the Court also ordered that the government produce witnesses' complete A-files to the defense by October 24, 2022. (*See* Dkt #311).  The A-files consist of asylum applications from 2015 and T-Visa applications from 2019.  The asylum applications and T-Visa applications contain aliases that the complaining witnesses have used and additional *Brady* information.  In addition, the T-visa applications that the government previously produced were heavily redacted. (Christerna Decl. at ¶ 13). The Court ordered the government to turn over T-visa applications that have only private information redacted. On October 24, 2022 the government produced the A-files for witnesses 2, 3, 4, 6. The defense subsequently requested updated A-files. On January 27, 2023 the defense received updated pages for Witnesses 4, 5, and 6's A-file. On February 9, 2023, less than two weeks before trial, the defense received 8 pages of an updated A-file for Witness 3. Based on the information in the A-file and investigation, the defense identified that Witness 3 may have received an undisclosed benefit for her testimony and found evidence of perjury; more time is necessary to subpoena relevant witnesses and to investigate these issues. (Christerna Decl. at ¶¶ 14-15).

### III.  CONTINUANCE REQUEST

Trial is currently scheduled for Tuesday, February 21, 2023.  With this *ex parte* application, Ms. Xing requests that the Court continue the trial to Tuesday, April 25, 2023 and find that the time period between February 21, 2023 and April 25, 2023 is excludable under the Speedy Trial Act, as the interests of justice outweighs the public's right to a speedy trial. Counsel has discussed this continuance with Mei Xing and she requests a continuance to April 25, 2023.  The government previously indicated that it


objects to a continuance, but when the defense requested its position after court on February 17, 2023, the government has not yet responded.

                                          Respectfully submitted,

                                          CUAUHTEMOC ORTEGA
                                          Federal Public Defender

DATED: February 20, 2023       By _____
                                          CALLIE GLANTON STEELE, Esq.