CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: 213) 894-2854
Facsimile: (213) 894-0081

CALLIE GLANTON STEELE, ESQ. (Bar No. 155442)
(E-mail: calliesteeleesq@gmail.com)
2222 Foothill Boulevard, Suite 301
La Cañada, Flintridge, California 91011
Telephone: (626) 405-4910
Facsimile: (626) 388-9759

Attorneys for Defendant
MEI XING

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

| UNITED STATES OF AMERICA, | Case No. CR 20-228-FMO |
|---|---|
| Plaintiff, | ***EX PARTE* APPLICATION FOR ORDER DIRECTING THE USMS AND/OR MDC OFFICIALS TO PROVIDE ACCESS TO CELLEBRITE DATA** |
| v. | |
| MEI XING, | |
| Defendant. | |

Defendant Mei Xing through her counsel of record, Callie Glanton Steele, Esq., and Deputy Federal Public Defender Neha A. Christerna, hereby moves this Honorable Court for an order directing representatives of the United States Marshal's Service and/or officials at the Metropolitan Detention Center ("MDC") to provide (or allow defense counsel to provide) to Ms. Xing (Reg. No. 66401-112) a laptop computer with the current

Cellebrite reader to access her discovery at MDC.  In addition, Ms. Xing requests that the Court order officials at MDC to allow counsel for Ms. Xing to bring a laptop with the current Cellebrite software into the MDC visiting room so that counsel may review the Cellebrite data with Ms. Xing.  The government opposes this request.

This *ex parte* application is based upon the attached declaration of counsel and all files and records in this case.

Respectfully submitted,

CALLIE GLANTON STEELE, Esq.

DATED:  February 24, 2023    By   */s/ Callie Glanton Steele*
CALLIE GLANTON STEELE, Esq.
NEHA A. CHRISTERNA
Deputy Federal Public Defender
Counsel for Mei Xing

# DECLARATION OF CALLIE GLANTON STEELE

I, Callie Glanton Steele, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of California and I am admitted to practice in this Court.

2. I, along with Deputy Federal Public Defender Neha A Christerna, represent Mei Xing in the instant matter.

3. Ms. Xing is being housed at the Metropolitan Detention Center in Los Angeles ("MDC"). According to the Bureau of Prisons ("BOP") regulations, attorneys are not allowed to bring their own computers into the MDC visiting room.

4. The government has provided Cellebrite data to defense counsel for Ms. Xing's case. I have attempted to review the Cellebrite data with Ms. Xing at MDC and have had great difficulty because the computers in the visiting room at MDC do not allow me to use the current version of the Cellebrite reader.

5. In order to review the Cellebrite data effectively, Ms. Xing needs a computer with the most current version of the Cellebrite reader. It is my understanding that as of now, the most current version of the Cellebrite reader is version 7.6.1.

6. Due to the amount of data, much of which is in the Mandarin language, it is necessary for Ms. Xing to have a computer with the current Cellebrite reader at MDC so that she may review the data prior to trial. Ms. Xing speaks Mandarin and is able to review the data if she is provided a laptop with the current Cellebrite reader.

7. The defense team is willing to provide a laptop computer to Ms.

3

Xing that contains the most current version of the Cellebrite reader and the non-protected discovery in this matter. In the alternative, counsel for Ms. Xing requests a court order directing the USMS and/or officials at MDC to provide Ms. Xing with a computer with the most current Cellebrite reader.

8. In addition, the defense team requests an order directing the officials at MDC to allow counsel for Ms. Xing to bring a laptop computer to the visiting room at MDC, with the current Cellebrite reader, so that counsel may review the Cellebrite data with Ms. Xing, including data that is protected by a protective order.

9. On February 23, 2023, I sent an e-mail to officials at MDC and explained that the trial in this matter is on April 25, 2023. I also explained that the defense team has attempted to review the Cellebrite data with Ms. Xing in the visiting room at MDC on many occasions, but we have been unable to use the current Cellebrite Reader, version 7.6.1 (required to view the data), on the computers in the visiting room. I requested permission to provide a computer with Cellebrite Reader version 7.6.1, and non-protected discovery for her case, including the Cellebrite data, to Ms. Xing for her to review her discovery at MDC. I also requested permission to bring our own computer into MDC with Cellebrite Reader version 7.6.1, so that we could review with Ms. Xing the Cellebrite data that is under a protective order and unprotected Cellebrite data. I specifically stated that I wanted to bring a computer on the following dates: February 25, 26, March, 4, 5, 11, 12, 18, 19, 25, 26, April 1,2, 8, 9,15, 16, 22 and 23.

10. I have not received any response from anyone at MDC as of the time of this filing.

11. On February 23, 2023, I corresponded by electronic mail with Assistant United States Attorneys Damaris Diaz and Scott Lara. The government's position is as follows:

> On Tuesday, February 21, 2023, the government informed defense counsel of the procedure identified by BOP Counsel to address defendant's need to access discovery. The procedure involves making a request by email for the IT department at MDC to load the Cellebrite reader onto the MDC computers and, if unsuccessful, writing to the Warden to request an exception to the technology policy that would allow defense counsel to bring a laptop into MDC. Defense counsel has stated that they do not intend to wait for the conclusion of the MDC process before seeking this order. Thus, the government opposes this ex parte application since defense counsel has apparently not made any effort to complete BOP procedures before requesting the extraordinary remedy of asking the Court to insert itself into BOP operations before BOP is given an opportunity to address defendant's technology issues.

//
//
//

5

12. Actually, the defense teams has initiated the procedure at MDC. In addition, the defense team is simultaneously requesting a Court order to facilitate the review of the Cellebrite data immediately to avoid any further delay of the proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2023 at Santa Barbara, California.

                              */s/  Callie Glanton Steele*              .
                              CALLIE GLANTON STEELE