E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAMARIS DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damaris.diaz@usdoj.gov
                scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-228(B)-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE |
| v. | |
| MEI XING, | Trial Date: May 23, 2023<br>Trial Time: 9:00 a.m.<br>Location:  Courtroom of the<br>            Hon. Fernando M.<br>            Olguin |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott M. Lara, hereby files its Reply in Support of a Request for Judicial Notice.

///

///

This Reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 22, 2023                   Respectfully submitted,

                                        E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                          /s/
                                      DAMARIS DIAZ
                                      SCOTT M. LARA
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION[1]**

The Court is statutorily required to judicially notice a regulation in the federal register.  See e.g., 44 U.S.C. § 1507 ("The contents of the Federal Register **shall be** judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number.") Defendant's arguments to the contrary are simply wrong.

**II.   ARGUMENT**

Defense counsel has repeatedly argued that the Victims committed perjury in their T-Visa applications by checking the box stating they were present and most recent entry was "on account of trafficking," and likewise on a companion question about their current presence in the United States.  The Court should judicially notice the regulation that instructs Victims on the meaning of these question and who qualifies for T-Visa relief.

**A.   This C.F.R. Will Be Helpful to the Jury**

Defendant, in various filings and argument, has called into question the Victims' answers to the following questions, which the requested C.F.R. will illuminate:

3. I am physically present in the United States, American Samoa, or the Commonwealth of the Northern Mariana Islands, or at a port of entry, **on account of trafficking**, or have been allowed entry into the United    ☒ Yes  ☐ No

9. My most recent entry was on account of the trafficking that forms the basis for my claim. *(Explain the circumstances of your most recent arrival.)*    ☒ Yes  ☐ No

The government requests that the Court judicially notice the regulation that defines what physical presence and entry "on account

---

[1] This is not late.  Fed. R. of Evid. 201(d) states: "The court may take judicial notice at any stage of the proceeding."  Courts often take judicial notice even during trial as the need arises.

of trafficking" means, to allow the jury to determine whether the Victims answered these questions correctly.

The requested regulation itself defines who is entitled to answer yes to this question. As explained in the government's request for judicial notice, the regulation is more expansive than defendant claims. It does not apply only to those who were trafficked <u>into</u> the United States, it also includes aliens who escape from trafficking within the United States and remain in the United States. <u>See</u> 8 C.F.R. § 214.11(g)(ii-iv); <u>see also</u>, The Coalition Against Slavery and Trafficking, *Physical Presence Advisory* at 4 (<u>available at</u> https://castla.app.box.com/v/physicalpresenceadvisory)(Victims who "enter U.S. lawfully or unauthorized, meets trafficker several years after entry, and is trafficked in U.S." is eligible under 8 C.F.R. § 214.11(g)(1)(iv).) For example, what question nine is asking is whether the most recent entry into the United States preceded the trafficking event. This is intended to weed out ineligible applicants who escaped from trafficking inside the United States, then exited the United States, then reenter the United States and claim T-Visa Status. <u>See</u> 8 C.F.R. § 214.11(g)(ii-iv); <u>see also</u>, The Coalition Against Slavery and Trafficking, *Physical Presence Advisory* at 4. Defendant is not an expert in immigrant law and does not completely grasp what this question is asking, which is completely understandable as this is very confusing on its face. That is precisely why this Request for Judicial Notice is vital for the jury to adequately understand this issue when defendant raises it.

Even Judge Wright acknowledged this issue was not apparent on its face "THE COURT: What does that mean? 'On account of?'." (Dkt.

2

202 at 45.)  Defendant then answered the Court incorrectly without the benefit of the requested regulation, "MS. STEELE: Because of trafficking. I came here because I was trafficked. Someone brought me here as a prostitute to work in the United States."  (Dkt. 202 at 45-46.)  Defendant was wrong.  See e.g., 8 C.F.R. § 214.11(g)(ii-iv); The Coalition Against Slavery and Trafficking, *Physical Presence Advisory* at 4.  The prior Court's question and defense counsel's incorrect answer encapsulate precisely why the requested judicial notice of this C.F.R. would be helpful to all parties and the jury.

      **B.**    **Defendant Has Placed the Regulation Squarely at Issue**

Defendant has repeatedly stated the victims committed perjury in answering "yes" to the "on account of" questions because they entered the country freely and <u>then</u> met defendant and were trafficked. Despite the assistance of a purported immigration expert, defendant misunderstands what "on account of" means in the context of T-Visa applications, demonstrating why the regulation is necessary to explain what it means to be present on account of trafficking.

Instead, defendant now claims that  "Ms. Xing is not arguing that the Witnesses (or 'they') wrote under penalty of perjury that they were trafficked into the United States."  (Dkt. 545 at 4-5.) This is either false or a major departure from defendant's strident and oft repeated position.

For example, at a pretrial conference on May 6, 2022, defendant argued for 11 pages in the transcript that the victims saying "yes" to the question, "My most recent entry was on account of trafficking that forms the basis for my claim" is an inconsistent statement under penalty of perjury that is fodder for cross-examination.  (<u>See</u> Dkt. 202 at 27-38.)  In fact, defendant references "under penalty of

perjury" no fewer than 9 times when referring to the Victims' answers to these questions.  (See id.)

Defendant made it clear she was talking about the above check box answers for all of the Victims who had T-Visas: "THE COURT: . . . Are you saying that all of them said the exact same thing? MS. STEELE: Yes. All of them. Checked the same box." (Id. at 28.) Defendant also argued: "in that **T Visa application, each and every one of them says**, 'My most recent entry was **on account of trafficking** that forms the basis for my claim.' That's inconsistent with what they said in their [historical immigration applications]."  (Id. at 27.)  Defense counsel then summed it up saying, "This is under penalty of perjury."  (Id.)  Defendant also made it clear she was also referring to the physically present in the United States on account of trafficking question as well.  Id. at 36 ( "There's another question that they've all checked, they all checked it: 'I'm physically present in the United States . . . on account of trafficking . . . .'" and that its answered under "penalty of perjury.").)

Defendant has repeated these claims more recently.  On February 17, 2023, defense counsel stated: "Not one of them [the Victims] says that they were brought here to be trafficked, not one; but they **all signed their T-Visa application, saying we were brought on the account of trafficking.  And that's just not true**." Dkt. 461 at 38 (emphasis added).

Defendant also argued:

". . . to understand how T-Visas work so that they can assess the credibility of these **witnesses** who are signing something saying, **I was brought here from China on the account of trafficking** when they're not even alleging that

4

> they were trafficked until they met -- or not until they met our client . . . ."

(Dkt. 461 at 38 (emphasis added).) Allowing defendant to engage in this flawed line of questioning without reading the regulation explaining what the presence/entry "on account of trafficking" portion of the T-Visa means and who is eligible would unnecessarily mislead the jury.

Instead, defendant plans to continue arguing that the "on account of trafficking" requirements are only met by a victim who states that "[s]omeone brought me here as a prostitute to work in the United States," in order to incorrectly claim that the Victims perjured themselves. (See Dkt. 202 at 45-46.) Defendant knows this argument will have significantly more impact if she can prevent the jury from understanding that those trafficked within the United States also can correctly answer yes to these questions and are eligible for this relief.

Next, defendant implies the government misquoted defense counsel. She is wrong. The full argument in defendant's brief was:

> "But when **they** applied for their T-Visas, **the Witnesses** alleged that they could not return to China due to their fear of Ms. Xing's alleged mafia ties, making no mention of their past persecution. Moreover, **some witnesses gave false and inconsistent statements** for their reasons to come to the United States. **For example**, Witness 6 wrote under penalty of perjury that she was trafficked into the United States."

(Dkt. 448 at 6.) Defense counsel's generalization about all the victims with T-Visa applications when she referred to "they," "the Witnesses," "some witnesses" (all plural), and then presented Witness 6 as an "example."

5

1      Thus, the government properly condensed this to illustrate
2 defendant's argument:

> Despite the above listed regulation, defendant has stated on the record that the Victims lied in their T-Visa applications, because they "wrote under penalty of perjury that [they were] trafficked into the United States." (See e.g., Dkt. 448 at 6 (Defendant's Motion to

7 This accurately reflects defendant's argument, of which defendant
8 used Victim 6 as a mere example of "**some witnesses** false and
9 inconsistent statements for their reasons to come to the United
10 States." (Dkt. 448 at 6.)
11      The government accurately reflected defendant's oft-repeated
12 argument on this point, made in Court on May 6, 2022, and again in
13 Court on February 17, 2023, as detailed above. As the Court can see
14 with each quote from the prior hearings above, defendant continuous
15 referred to "all" of "them" or "the witnesses" and claim this was an
16 issue with every T-Visa application. There was nothing inaccurate
17 about the government's description of defendant's arguments.
18      In opposition to the government's request for judicial notice,
19 defendant now claims that she was only ever referring to Victim 6's
20 answers to one of the "on account of" questions. This is belied by
21 defendant's statements in Court and in filings discussed above.
22      Further, defendant's position is simply incorrect. In Victim
23 6's T-Visa application supplement, her attorneys wrote that Victim 6
24 was liberated by law enforcement, after she was recruited by
25 defendant and trafficked after already having entered the United
26 States. (Confidential001359.) In her own declaration, Victim 6
27 states she came to the United States in 2015 and summarized her
28 reasons from her historical immigration documents for first coming to

6

the U.S., and only after she had been in the U.S. for approximately one to two years, was she recruited by defendant in 2017 then forced into sex work against her will (i.e. sex trafficked). (Confidential001370.)  Victims satisfy the physical presence on account of trafficking requirement found at 8 U.S.C. § 214.11(g) even if they freely enter the United States, get trafficked while here, then escape from their trafficker.  <u>See</u> USCIS policy manual, Vol. 3, Part B, Chapter 2 § C (<u>available at</u> https://www.uscis.gov/policy-manual/volume-3-part-b-chapter-2) (Physical Presence on Account of Trafficking,[2] applies to: noncitizen trafficking victims who were already in the United States before when the trafficking began.); <u>see also, e.g.</u>, 67 Federal Register 4787 (finding that aliens that are first trafficked after already having already entered the United States satisfy the physical presence requirement as long as they remain in the U.S.).  Defendant's naked, and incorrect, statement that these Victims had to have been trafficked into the United States to answer yes to these questions is simply incorrect.  U.S. Department of Justice, "*Physical Presence on Account of Trafficking*": *Eligibility Requirements for T-Visa Applicants* (2018)(available at https://www.ojp.gov/library/publications/physical-presence-account-trafficking-eligibility-requirement-t-visa) ("Applicants can demonstrate that they were recruited and trafficked in the United States without a trafficker transporting them into the United States as long as their current presence in the United States is related to the trafficking.").

The physical presence regulation the CAST document, Federal

---

[2] This is the Regulation (8 U.S.C. § 214.11(g)(1)) the government wishes the Court to judicially notice.

7

Register, and USCIS policy manual all cite to 8 U.S.C. § 214.11(g)(1) to answer this precise issue. This is why the government requests that the Court to take judicial notice of this regulation. This regulation is crucial to understanding what aliens can qualify for this benefit and should check yes to these questions.

However, defendant now appears to be saying that she would withdraw her arguments that the victims (other than Victim 6) committed perjury in their answers to the above referenced check boxes and explanations. However, this concession does not cure the need for judicial notice, since defendant will still cause unnecessary confusion by raising this topic with Victim 6. If defendant stipulates that she will not ask any victim about these questions, there will be no need for judicial notice.

### C. Defendant Would Suffer No Unfair Prejudice

Defendant next fails to demonstrate how reading a regulation, which is statutorily required to be noticed, would be "highly prejudicial." It is hardly prejudicial for the jury to actually understand a matter that defendant places before it. The Court need only read the regulation to the jury. Defendant attempts to add additional portions of the regulation to say it will be confusing, but the regulation speaks for itself. It is up to the jury to simply listen to the regulation which provides the necessary context when hearing testimony or argument about this portion of the T-Visa that defendant has repeatedly made an issue.

In fact, **not reading** the regulation would fail to give the jury the necessary context to understand what this portion of the T-Visa application is referring to, which would mislead the jury. The government requests this judicial notice to help blunt the

8

prejudicial nature of defendant's misleading questions and argument on this topic.[3]

### D. The Regulation in Question is Not a Legislative Fact

Defendant next claims this is a legislative fact, and under Federal Rule of Evidence 201 this should not be judicially notice. However, Rules in the Federal Register, which includes Codes of Federal Regulations are not legislative facts.

In United States v. Woods, the Ninth Circuit found "[f]ar from abusing its discretion, the district court complied with federal law by judicially noticing the Rule.[4] See 44 U.S.C. § 1507 ('The contents of the Federal Register shall be judicially noticed....')." 335 F.3d 993, 1001 (2003). The Ninth Circuit also noted that it had previously approved of "judicial notice of similar regulations." Id. (citing Mora v. Vasquez (In re Mora), 199 F.3d 1024, 1028 n. 7 (9th Cir. 1999)).

Statutory authority also conflicts with defendant's position. 44 U.S.C. § 1507 requires the requested judicial notice. "The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number." 44 U.S.C. § 1507.

Defendant fails to even address the binding statutory and precedential authority requiring this regulation to be judicially noticed. Defendant instead chooses a straw man by arguing that the

---

[3] The government maintains that this entire line of questioning should be excluded pursuant to Rule 403. However, if the Court were to entertain this impeachment, the government believes the requested C.F.R. will provide context that will lessen the impeachment's undue prejudice and undue risk of misleading the jury.

[4] The rule referenced is 16 C.F.R. § 310.3 and 16 C.F.R. § 310.4. These C.F.R.s are in the same Federal Register as the government's proposed judicially noticed C.F.R.

9

Court shouldn't judicially notice this regulation in the federal register because a prior district court in a civil case refused to judicially notice court opinions, and a Division of Labor Standards Notice. CTC Glob. Corp. v. Huang, 2018 WL 4849715, at *2-3 (C.D. Cal. Mar. 19, 2018). Defendant attempts to compare apples to oranges. Here, the regulation is in the federal register and thus it is required to be noticed as instructed by binding, published Ninth Circuit precedent and black letter statutory law. Defendant's arguments simply have no merit.

**III. CONCLUSION**

The Court should grant the government's request for judicial notice.

10