**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CRIMINAL MINUTES - GENERAL**

| Case No. | **CR 20-0228 FMO** | | Date | **May 23, 2023** |
|---|---|---|---|---|

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Interpreter | None Present |

| Gabriela Garcia | None Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| MEI XING | NOT | | X | Neha Christerna, DFPD | NOT | | X |
| | | | | Callie Steele, CJA | NOT | | X |

**Proceeding**   **(In Chambers) Order Re: Amended Rule 412 Motion [409]**

     Having reviewed and considered all the briefing filed with respect to defendant Mei Xing's ("defendant") Amended Motion to Admit Impeachment Evidence Pursuant to Federal Rule of Evidence 412 (Dkt. 409, "Motion"), and having heard oral argument from the parties regarding the same, the court finds and concludes as follows.

     In a "criminal proceeding involving alleged sexual misconduct[,]" Federal Rule of Evidence 412[1] prohibits the admission of "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a)(1)-(2). As relevant here, Rule 412 contains an exception for "evidence whose exclusion would violate the defendant's constitutional rights" in criminal cases. See id. at 412(b)(1)(C).

     The court conducted an in camera proceeding pursuant to Rule 412 where it heard oral argument on the instant Motion and set a date for another session of the in camera proceeding to hear testimony from the alleged victims. (See Dkt. 467, Court's Order of April 24, 2023). Although "the government request[ed] an in camera hearing pursuant to Rule 412(c)(2) prior to any attempt [to] place any [412] question, evidence, or information before the jury[,]" (Dkt. 414, Government's Opposition to Defendant's Amended Motion [] ("Opp.") at 15), it opposed the alleged victims' attendance or testimony at the subsequent hearing. (See Dkt. 472, Government's Opposition to Defendant's Oral Motion to Compel Victims [] ("Opp. to Compel") at 6) ("There is no provision in the rule that compels [the alleged victims'] attendance or testimony.").

     As one of the leading treatises on federal practice and procedure states:

---

[1] All further "Rule" references are to the Federal Rules of Evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

> In any case, a judge normally has broad discretion to control the nature and extent of any presentation made in connection with [Rule 412] motions to admit evidence at trial.  ¶  It is fair to assume that, in most criminal cases, the defendant has some right to question the victim at the in camera hearing. Such questioning is essential to defendant's Sixth Amendment rights if, absent an opportunity to question the victim, the defendant could have difficulty establishing the admissibility of evidence that is highly probative of innocence.

Wright & Gold, 23 Fed. Prac. & Proc. Evid. § 5377.1, at 639-40 (2d ed. 2018).  Here, the court is persuaded that the testimony of the alleged victims is key to evaluating whether and to what extent a defendant can show that "the probative value of the evidence significantly outweighs possible harm to the victim[s.]"  See 1994 Adv. Comm. Notes to Fed. R. Evid. 412; United States v. Valenzuela, 2008 WL 2824958, *2 (C.D. Cal. 2008) ("Rule 412(c) clearly shifts the burden to defendants to present and justify the introduction of any sexual history evidence they wish to offer at trial.").  Nevertheless, because it is unclear as to whether the court had the authority to compel the victims to testify at the Rule 412 in camera proceeding, see Fed. R. Evid.  412(c)(2) (describing the attendance of alleged victim in permissive terms, stating that "the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard"), the court took the Rule 412 in camera proceeding off-calendar.  Thus, the court is faced with the task of ruling on defendant's Motion without the benefit of the alleged victims' testimony, even though such questioning may be essential to protecting defendant's rights under the Confrontation Clause and right to present a defense under the Compulsory Process Clause.  See Pennsylvania v. Ritchie, 480 U.S. 39, 56, 107 S.Ct. 989, 1000 (1987) ("[A]t a minimum, . . . criminal defendants have the right to the government's assistance in compelling attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt.") (emphasis added); United States v. Stever, 603 F.3d 747, 755 (9th Cir. 2010) ("Whether grounded in the Sixth Amendment's guarantee of compulsory process or in the more general Fifth Amendment guarantee of due process, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.  This right includes, at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt.") (internal citations and quotation marks omitted).

Defendant seeks to introduce "the witnesses' prior arrests for prostitution, false names and dates of birth given to police when they were arrested, the witnesses' conflicting accounts of the arrests to the government and in immigration documents under the penalty of perjury, and the witnesses' sex work in massage parlors before and after working for Ms. Xing[.]"  (Dkt. 409, Motion at 1) (emphasis in original).  The court has already considered, and rejected, a similar motion filed by defendant.  (See Dkt. 366, Court's Order of February 8, 2023).  Even so, defendant argues that she is now "requesting a narrower ruling of the witnesses' prior sex history than previously sought."  (Dkt. 409, Motion at 2).  However, the court is not persuaded, as it appears that defendant seeks to admit the same evidence for largely the same reasons as before.  (Compare Dkt. 228, Mei Xing's Renewed Rule 412 Motion [] ("Initial Motion"), with Dkt. 409, Motion).  To the extent defendant advances the same arguments on the same grounds, the court declines to revisit its prior ruling.  In other words, the court stands by its prior ruling that defendant is prohibited from introducing evidence of any alleged victim's post-arrest sexual behavior[2] or

---

   [2]  This ruling is only intended to limit evidence regarding the alleged victims' sexual activity subsequent to defendant's arrest.  The court does not at this time make a ruling regarding whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

any alleged victim's sexual behavior before encountering defendant to show that they made false statements to police.  (See Dkt. 366, Court's Order of February 8, 2023).

Even so, it appears that defendant advances two arguments not previously considered by this court.  First, defendant argues that arrest reports from before alleged victims 3, 4, and 5 encountered defendant contradict statements that they made under oath on their T-visa applications.  (See Dkt. 409, Motion at 11).  Second, defendant argues that evidence of the alleged victims' prior sexual conduct is admissible to challenge the government's theory of trafficking by fraud.  (See id. at 2-6); (Dkt. 420, Reply in Support of Mei Xing's Motion [] ("Reply") at 2-5).

As to the first basis, the government asserts that "the Victims disclosed their arrests on their T-Visa applications. . . .  Thus, defendant['s] argument rests on the faulty supposition that an arrest is conclusive proof that the crime was committed, and therefore any Victim refutation of having committed a crime must be perjury."  (Dkt. 414, Government's Opposition to Defendant's Amended Motion [] ("Opposition") at 14). However, the government offers nothing to support its position that "conclusive proof" of a statement's falsity is required to impeach statements made by a witness under oath.  (See, generally, Dkt. 414, Opp. at 14-15); cf. United States v. Weicks, 362 F.Appx. 844, 850 (9th Cir. 2010) (affirming decision to allow impeachment of defendant's trial testimony by evidence of two prior arrests that did not result in convictions).  As to the government's argument that the statements in the T-visas may not directly contradict the evidence contained within the arrest reports, (see Dkt. 414, Opposition at 14), the court notes, as the government stated in its opposition, that "courts must consider and resolve issues under Rule 412 without regard to whether a jury or factfinder will ultimately accept or reject all or part of the testimony."  (See Dkt. 472, Opp. to Compel at 3).[3]  In other words, the relevant inquiry may not be whether the statements are actually contradicted, but rather, whether the probative value of the contradiction would significantly outweigh the possible harm, given defendant's argument that they are contradicted.  The court need not resolve this question, however, as it is persuaded that there is a conflict between the alleged subject victims' statements on their T-visa applications and the information contained in the prior arrest reports.  (See Dkt. 409, Motion at 2-6); see also 1 Ninth Circuit Criminal Handbook § 13.02[2][c][i] ("If a witness has made a statement prior to testifying in court – whether to law enforcement, defense investigators, or anyone else – that statement is fair game for impeachment to the extent it conflicts with the witness's testimony on the stand.").  Thus, the court considers whether "the probative value of the evidence significantly outweighs possible harm to the victim[s]."  1994 Adv. Comm. Notes to Fed. R. Evid. 412; id. ("The rule aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process."); Valenzuela, 2008 WL 2824958, at *2 n. 5 ("Rule 412 affirmatively requires that the proponent of the evidence justify its

---

evidence that the alleged victims returned to defendant's massage parlor after defendant's arrest is admissible.

[3] The government attributes this as a quotation to United States v. Anderson, 467 F.Appx. 474, 480 (6th Cir. 2012).  After careful review, the court was unable to locate this quotation in that case or any other case.  However, the court concurs that Anderson stands for the proposition for which the government cites it.  See id. ("[C]ourts are not free to make Rule 412 rulings on the basis of credibility judgments.") (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

admission.").

The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution "to have compulsory process for obtaining witnesses in his favor" and "to be confronted with the witnesses against him." U.S. Const., Amend. VI. "The right to confront witnesses . . . includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias or self-interest in testifying." Hughes v. Raines, 641 F.2d 790, 792 (9th Cir. 1981). In addition, just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, the Compulsory Process Clause "guarantees criminal defendants a meaningful opportunity to present a complete defense. This right includes, at a minimum, . . . the right to put before a jury evidence that might influence the determination of guilt." Stever, 603 F.3d at 755. That the statements on the T-visa applications are contradicted by the information contained in the alleged victims' prior arrest reports provides strong impeachment evidence, which could undermine the alleged victims' "general credibility[.]" See Hughes, 641 F.2d at 792. The evidence also tends to show the alleged victims' bias in waiting to contact the police or an attorney until after learning that they could obtain immigration benefits. (See Dkt. 409, Motion at 10); see also United States v. Bartlett, 856 F.2d 1071, 1088 (8th Cir. 1988) ("Th[e] right [to confrontation] includes the right to cross-examine witnesses to attack their general credibility or to show their possible bias or self-interest in testifying.") (internal quotation marks omitted). On the other hand, the court has little evidence that the introduction of these prior arrest reports would prove harmful or embarrassing to the alleged victims. The government opposed having the alleged victims testify at the Rule 412 in camera hearing and, aside from passing references to the alleged victims' rights under Rule 412 and the Crime Victims' Rights Act, its briefing focuses on whether the challenged evidence is probative. (See, e.g., Dkt. 414, Opp. at 14-15) ("If defendant is allowed to prosecute these Victims about ancient, unrelated, and ultimately dismissed arrests, this will violate the Victims' rights under Rule 412 and the CVRA, unduly prejudice the government and Victims, confuse the jury, waste time, and is not probative of whether defendant committed the crimes charged."); (Id. at 9) ("[D]efendant's proposed cross-examination of the Victims' prior sexual history is not probative of bias or relevant to the elements of the charged offense."). Indeed, the government makes no argument concerning the potential harm to the alleged victims. (See, generally, id. at 4-6, 7-9, 12-15). Further, it is difficult to conclude that allowing such evidence would be harmful since some of the alleged victims have admitted to prior sex work, (see id. at 2) – and to knowing that sex was expected as part of the job, (see id.) – and there is no evidence that the alleged victims' prior sex work was involuntary. Cf. Valenzuela, 2008 WL 2824958, at *3 ("To the extent that the government introduces evidence tending to show that the victims were not prostitutes or did not expect to engage in prostitution in the United States, . . . it will have put those victims' sexual histories at issue."). Under the circumstances, the court is satisfied that the probative value of alleged victims 3, 4, and 5's prior sex work as shown by their arrest reports, and insofar as it contradicts statements made under oath on their T-visa applications, significantly outweighs the harm to the alleged victims.[4]

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion **(Document No. 409)** is **granted in part** and **denied in part**. Defendant

---

[4] Because the court concludes that the evidence is admissible under defendant's first basis, it need not consider her second argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

may attempt to introduce the arrest reports for alleged victims 3, 4, and 5 in order to contradict statements made under oath on their T-visa applications and to show the alleged victims' bias. However, consistent with the court's prior rulings, defendant is prohibited from introducing evidence of any alleged victim's post-arrest sexual behavior or any alleged victim's sexual behavior before encountering defendant to show that they made false statements to police.

    2.  The government's Ex Parte Application for Order to Request Sealed Transcript of Rule 412 Hearing **(Document No.  466)** is **denied as moot** and **without prejudice**.

| | |
|---|---|
| Initials of Deputy Clerk | gga |