CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
NEHA A. CHRISTERNA (Bar No. 245191)
Deputy Federal Public Defender
(E-Mail: Neha_Christerna@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

CALLIE GLANTON STEELE, Esq. (Bar No. 155442)
(E-mail: calliesteeleesq@gmail.com)
2222 Foothill Boulevard, Suite 301
La Cañada, Flintridge, California 91011
Telephone: (626) 405-4910
Facsimile: (626) 388-9759

Attorneys for Defendant
MEI XING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MEI XING,<br><br>    Defendant. | Case No. CR 20-228-FMO<br><br>**MEI XING'S RENEWED REQUEST FOR RELEASE ON BOND; EXHIBIT** |

# MEI XING'S RENEWED REQUEST FOR RELEASE ON BOND

## SUPPLEMENTAL INFORMATION THAT ESTATLISHES THAT THE RELEASE OF MS. XING TO HOME DETENTION IS APPROPRIATE

### I.      INTRODUCTION

Ms. Xing is charged in a Second Superseding Indictment with five counts of sex trafficking, in violation of 18 U.S.C. §§1591(a)(1), (a)(2), and (b)(1).  She has been in custody for over three years.  The trial began on May 23, 2023.

On September 14, 2022, Ms. Xing filed an Application for Review/Reconsideration of Order Setting Conditions of Release/Detention.  (ECF No. 254.)  On October 7, 2022, the government opposed her request for bail.  (ECF No. 296.)  On October 11, 2022, Ms. Xing filed a reply.  (ECF No. 302.)  A hearing was held on October 26, 2022, and the decision on bail was taken under submission.  (ECF Nos. 335 and 340.)  At a hearing on February 17, 2023, the issue of bail was addressed, but no decision was made.  The Court indicated that it "was not really considering letting her out on bond".[1]  In light of the weight of the evidence, Ms. Xing is neither a flight risk nor a danger to the community.  She therefore requests that she be released on home detention with electronic monitoring, upon the posting of a $500,000 appearance bond, with full deeding of property.

///

///

---

[1] Transcript of hearing on February 17, 2023, (ECF No. 461) at 120.

## II. ARGUMENT

### A. Relevant Law

The Bail Reform Act of 1984 "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). The Act is intended to authorize pretrial detention "only in rare circumstances," and "doubts regarding the propriety of release should be resolved in favor of the defendant." *Id.* The presumption under the Act is that there is no detention hearing, and that a defendant should be released on personal recognizance or unsecured appearance bond. 18 U.S.C. § 3142(a), (b). The plain language of the Act also makes clear that a detention hearing is not a routine event that the government is entitled to simply for the asking. Rather, a detention hearing, which is provided for at subsection (f) of the statute, is appropriate only in certain, limited circumstances. 18 U.S.C. § 3142(f).

The government claims that it is entitled to a presumption under 18 U.S.C. § 3142(e). Should the presumption be invoked, Ms. Xing need only present some credible evidence showing that she is not a flight risk nor a danger to the community, *e.g.*, Ms. Xing has the burden of production only. *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *see also United States v. Chimurenga*, 760 F.2d 400, 405 (2d Cir. 1985). The burden of persuasion as to flight or danger remains with the government. *Chimurenga*, 760 F.2d at 405.

Thus, the government bears the burden of demonstrating that Ms. Xing is a serious risk of flight by a preponderance of the evidence. The government must prove by clear and convincing evidence that she is a danger to the community. *Motamedi*, 767 F.2d 1406, *see also United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Additionally, in evaluating

whether pretrial detention is appropriate, the Court looks to certain enumerated factors, specifically, (1) the nature and circumstances of the charged offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. §3142(g).

When the government fails to meet its burden, as in this case, the Act mandates the release of the accused facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. *Motamedi*, 767 F.2d at 1405 (emphasis added); *see also* 18 U.S.C. § 3142(c)(1)(B).

## B.   Ms. Xing should be released on Home Detention with Electronic Monitoring

In its opposition to her request for release on bond, the government relied on the reasoning set forth in the detention order issued by Magistrate Judge Standish on April 22, 2020.[2] In the detention order, Magistrate Judge Standish ordered that Ms. Xing remain detained because the "weight of the evidence against defendant is strong" and she had "insufficient financially responsible sureties." Exhibit A at 2. However, Ms. Xing has financially responsible sureties willing to post a $500,000 appearance bond, with full deeding of property.[3] Additionally, the weight of the evidence

---

[2] The Detention Order of April 22, 2020 (ECF No. 12), is attached as Exhibit A,  *See* Exhibit A.

[3] *See* transcript of bail hearing of November 4, 2022 (ECF No. 340, at 13-14),  Ms. Xing's husband Patrick Hooley and her friend Ying Xing are willing to post a property bond in the amount of $500,000.

4

against Ms. Xing has changed substantially since April of 2020—the evidence provided by the government since then establishes that its witnesses engaged in voluntary sex work when they worked for Ms. Xing.

Indeed, in April of 2020, the government had not provided the Cellebrite evidence from the witnesses' cellphones to the defense. On October 16, 2022, this Court granted Ms. Xing's motion to compel the government to provide digital evidence in the government's possession (ECF No. 270) and ordered it to produce a copy of the full Cellebrite extraction from the phones in its possession by October 19, 2022. (Minute Order of October 16, 2022, ECF No. 311.) Since receiving that evidence, the defense has translated relevant data from Mandarin to English and has found that much of it is exculpatory. Prior to the Court's order, the government had a small portion of the data translated. Since the Court issued its order, the government has not provided any additional translations, thus it is not aware of the substantial exculpatory evidence contained in its own discovery. Because the Cellebrite data contains an extraordinary amount of evidence that *refutes* the government's previous claims, and the government has not bothered to have it translated, the government cannot rely on the "weight of the evidence" in detaining Ms. Xing.

Magistrate Judge Standish's detention order is also based on alleged threats that Ms. Xing made to the witnesses.[4] However, the government has produced no objective evidence of sex trafficking or of Ms. Xing threatening the witnesses or their family members. Rather, the government relies exclusively on claims by five witnesses who are biased,

---

[4] Exhibit A at 3.

and four of whom applied for and received their T-Visas as a result of their cooperation. Since the government is relying on a partial review of the evidence when it argues that Ms. Xing should remain detained, this Court should release Ms. Xing to home detention with electronic monitoring.

### III. CONCLUSION

Ms. Xing has been in custody for over three years. Because the weight of the evidence against Ms. Xing is weak and the government has failed to review all of the evidence, Ms. Xing respectfully requests that the Court release her upon the posting of a $500,000 appearance bond, with full deeding of property, with a condition that she remain on home detention with electronic monitoring during the pendency of her case.

Respectfully submitted,

DATED: May 29, 2023    By  /s/ Callie Glanton Steele
                            CALLIE GLANTON STEELE, Esq.
                            NEHA A. CHRISTERNA
                            Deputy Federal Public Defender
                            Counsel for Mei Xing