E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAMARIS M. DIAZ (Cal. Bar No. 277524)
SCOTT M. LARA (Cal. Bar No. 296944)
Assistant United States Attorneys
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0302/0427
     Facsimile: (213) 894-3713
     E-mail:    damars.diaz@usdoj.gov
                Scott.lara@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 20-228(B)-FMO |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S SIXTH REQUEST FOR RELEASE ON BOND |
| v. | |
| MEI XING, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Damaris Diaz and Scott Lara, hereby files its Opposition to Defendant's Sixth Request for Release on Bond.

//

//

This filing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 4, 2023　　　　　　　　Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

　　　　/s/
DAMARIS M. DIAZ
SCOTT M. LARA
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This Court should deny defendant's most recent request to be released from custody on bond to home detention because she presents no new (1) facts justifying release and, instead, her main argument is a bald, unsupported claim discovery to which she has always had access contains exculpatory evidence (while simultaneously ignoring the numerous inculpating facts), (2) sureties, and (3) arguments she is not a danger and flight risk.

### II. STATEMENT OF FACTS & ARGUMENT

#### A. Defendant is moving a sixth time for bond

Defendant has repeatedly moved for, and been denied, bond in this case. United States v. Xing, CR 20-228(B)-FMO. In fact, although she stylized her most recent filing as a "renewed request" for bond based on "supplemental information," she is, in fact, moving a sixth time for release on bond having previously denied bond four times. (Dkt. 591.) The initial bond request and first and second application for reconsideration of bond were both denied in 2020. (Dkts. 9, 41, 50.) In June 2022, defendant filed her third application for reconsideration of bond before Judge Standish, which Judge Standish denied after a hearing. (Dkt. 243.) In October 2022, defendant appealed that decision to this Court (her fourth application for reconsideration of bond), which this Court did not grant. Then in February on the eve of trial, defendant again raised a bond motion, which this Court did not grant and told defense counsel that the Court was not inclined to grant such a request. Now, defendant files another bond request, this time in the middle of

1 trial. There is nothing new here. The Court should deny defendant's
2 request.

### B. Defendant's detention is presumed under the law

Under 18 U.S.C. § 3142(e)(3), defendant is presumed detained. That "presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (internal quotations and citation omitted).

Defendant's nonbinding, out-of-circuit cites to inapposite cases do nothing to change the governing statue or affirming and clarifying Ninth Circuit law to the contrary.

### C. The evidence has not changed and supports detention

Defendant does nothing to contend with the inculpating evidence supporting defendant's guilt. (See, e.g., the facts laid forth in Dkt. 239 at pp. 3-5, incorporated by reference herein for brevity's sake, detailing the facts demonstrating defendant's guilt.) Instead, she completely ignores it. The law, however, requires "the weight of the evidence against defendant" be considered as one of four factors in determining whether defendant can overcome a presumption of detention. United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986).

Here the evidence against defendant is strong and includes, but is not limited to, digital data, percipient witness accounts, expert testimony, and financial records. (See, Dkt. 239.) Defendant does not argue – nor could she – that this devastating evidence is in full view of the jury at trial. The evidence presented surely meets the

low bar of establishing the "weight of the evidence against defendant" is sufficient to support the presumption of detention.

1. <u>The evidence defendant cites as exculpating is not new, not exculpating, and not evidence of innocence</u>

Instead of contenting with the inculpatory evidence, defendant merely points to a large set of digital evidence (to which she has always had access), characterizes it as exculpatory, and implicitly argues it therefore justifies release. This mysterious exculpatory evidence has yet to be presented.[1]

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

As a preliminary matter, pursuant to Rule 16, defendant has always had access to this information and therefore is neither newly discovered nor new to her. Indeed defendant's counsel went on multiple occasions to review such evidence before obtaining a copy for themselves in October 2022. Thus the alluded to information is not new. (Dkt. 591 at p. 2.)

She now implicitly argues, however, that "exculpating" evidence in this data set to which she has always had access is a changed

---

[1] If defendant is merely referring to photos with the trafficker and her victims, this is hardly unusual in trafficking cases and is not indicative that the victims were not coerced into commercial sex. It also does not apply to every victim, as defendant only had photos with some of the victims.

3

circumstance which weakens the strength of the government's evidence, and therefore presumption of detention, and justifies release.

However, defendant does not cite a single concrete fact demonstrating exculpation. Instead, she merely makes a bald, unsupported claim that data contained exculpatory evidence. This Court should not accept her bald, unsupported claims.

**D.   Defendant offers no conditions ensuring her presence**

Defendant represents she has sureties (Dkt. p. 4), but fails to mention those sureties are neither new since her last filing nor are the amounts to be posted increased or now secured. Thus, her proffer of sureties was a fact considered during her last motion is not new and should not be considered a changed circumstance to justify reopening a bond hearing.

Defendant's sentencing exposure on this case, her ties to China and resources abroad, the sale of her townhouse on March 27, 2020, evidence of her access to substantial cash resources in the United States and China, and her stated intention to flee to China to avoid incarceration all continue to justify her detention in this case. Defendant is a citizen of the People's Republic of China which does not have an extradition treaty with the United States. Defendant has presented no evidence of any material changed circumstances affecting the analysis of her flight risk.

**E.   Defendant has threatened her victims**

Defendant again goes back in time to Judge Standish's order (completely ignoring Judge Wright's and this Court's consideration and lack of approval of subsequent motions) to argue the threats defendant made against the victims of her sex trafficking in this case cannot be considered in a dangerousness analysis because the

4

"only" evidence the government proffered of those threats were statements by the victims. (Id. at p. 5.)

Defendant merely proffers her own theory of the case to justify her baseless request to disregard defendant's oral threats: that the victims in this case lawfully exercised their rights to apply for legal status in this country. Defendant's theory of the case does not outweigh, however, the multiple victims who have come forward detailing defendant's threats against them and their families.

And in fact, defendant's assertion that this is based solely on the Victims' word is not even correct. For example, the government has presented evidence at trial that agents discovered a text message from defendant to one of the Victims saying: "I'm going to confront the customers and have them say it in person. And this won't end well for you, understood?"

The fact remains that there is no combination of conditions that will reasonably assure defendant's appearance and the safety of the community. 18 U.S.C. § 3142(f).

All of the facts that initially justified defendant's pre-trial detention remain true.

Defendant's threats to witnesses against her, which include threats to harm both the witnesses and their families in China, continue to justify her detention in this case. During the time between defendant's arrest on State charges and her arrest on federal charges, defendant engaged in witness tampering by making threats to her victims about her ability to harm them in the United States and their families in China, and by attempting to have victims/witnesses give false testimony in her favor. There are no conditions of

5

release that will prevent defendant from engaging in similar behavior if released on bond.

Defendant is charged with sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591, an offense carrying a mandatory minimum sentence of 15 years' imprisonment. The government has called at trial four of five victims who have recounted harrowing facts about defendant's sex trafficking – including defendant's coercing of victims to have sex with abusive customers, as well as her threats to have them or their family members killed or harmed if the victims refused to continue working for defendant or reported her illegal conduct. This factor weighs in favor of detention.

Thus, when defendant has threatened victims and their families (and presents no facts denying that other than her theory of the case) and is a citizen of a country who will not extradite her to finish the remainder of her trial if she flees there, she has presented no new facts to this Court to reconsider that she is a danger to the community and a flight risk.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's request for release on bond.