Stephanie Richard (Cal. Bar No. 263790)
RISE Clinic, Loyola Law School
919 Albany Street
Los Angeles, CA 90015
Direct dial: 213-736-8148
Fax: 213-480-6818
Counsel for Alleged Victims

Cassidy Young (Cal. Bar No. 342891)
cassidy.young@klgates.com
Kevin Sullivan (Cal. Bar no. 341596)
kevin.sullivan@klgates.com
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Phone: (310) 552-5058
Counsel for Alleged Victims

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MEI XING,<br><br>　　　　　　Defendant. | Case No. CR 20-228-FMO<br><br>**ALLEGED VICTIMS' NOTICE OF JOINDER IN GOVERNMENT'S OPPOSITION TO DEFENDANT'S SIXTH REQUEST FOR RELEASE ON BOND**<br><br>**Honorable Fernando M. Olguin** |

Victims 1, 2, 4, 5, 6, and 7 ("Alleged Victims") hereby file their Notice of Joinder in the Government's Opposition to Defendant's Sixth Request for Release on Bond at Dkt. 602. In accordance with the Court's Order re: Ex Parte Application at Dkt. 400, Counsel for Alleged Victims 1, 2, 4, 5, 6, and 7 incorporate by reference and adopts the arguments in the government's Opposition as if set forth fully herein.

Alleged Victims add the following information in order to provide the Court with a more full picture of the harm Alleged Victims would suffer should Defendant be released during the pendency of her case.

As the Court well knows, and has taken great care to respect, it has a duty to protect Alleged Victims and uphold Alleged Victims' rights as articulated under the Crime Victim Rights Act. 18 U.S.C. § 3771(b)(1) ("In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a).") (emphasis added); *Reeves v. Shinn*, 2021 WL 5771151, at *5 (D. Ariz. Dec. 6, 2021) (reviewing the CVRA's mandate that district courts "'*shall ensure* that a crime victim is afforded' certain rights," and finding that mandate of ongoing duty requires the court to ensure victims are afforded their rights throughout a criminal case regardless of whether a victim has filed any motion seeking enforcement of their rights because any other approach "would undermine, rather than promote, the CVRA's goals and purpose") (emphasis in original). *Dovala v. Baldauf*, No. 1:16CV2511, 2021 WL 1699917, at *2 (N.D. Ohio Apr. 29, 2021) (bond hearing implicates victims' rights under the CVRA). CVRA rights include the right to be protected from the accused as well as the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(1)&(8).

Injuries to victims caused by criminal proceedings are widely recognized by federal courts. *See, e.g., United States v. Erker*, No. 1:20-CV-478, 2022 WL 368264, at *2 (N.D. Ohio Feb. 8, 2022) (denying request for trial continuance

because "victims have understood that this trial will commence in three weeks and subjecting them to another delay will disrupt their lives"). Studies have also shown "that courts are implicated in retraumatization" of crime survivors because the actual judicial process is a burden on the victim . . . ." *See* Negar Katirai, Retraumatized in Court, 62 Ariz. L. Rev. 81 (2020); Dorislee Gilbert, Emily Bonistall Postel, Truth Without Trauma: Reducing Re-Traumatization Throughout the Justice System, 60 U. Louisville L. Rev. 521 (2022) ("The legal system has been described for victims as 'a theater of shame.' It can be seen to reward bullying behavior. Especially for victims of domestic and sexual violence, where 'strategies of domination and control' are utilized by perpetrators.")

"Section 3142(g) specifies the various factors to be considered by the court in determining whether conditions of release may be imposed including 'the nature and seriousness of the danger to any person or the community that would be posed by the person's release.' 18 U.S.C. § 3142(g) (1984)." *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). Considerations of witnesses and victims are taken into account when evaluating a defendant's danger to the community. *USA v. Cazares*, 445 F. Supp. 3d 425, 432 (N.D. Cal. 2020) (finding defendant "remain[ed] a danger to the community as well as to witnesses and victims.")

The court has a duty to protect Alleged Victims' both physically and mentally. Additionally, the Bail Reform Act allows the court to consider the "danger to the community"—this most certainly includes testifying Alleged Victims. Here, Alleged Victims have operated under the assumption that Defendant would remain in custody pending the jury's decision and decided to testify just days ago based on that assumption. Alleged Victims could suffer increased PTSD[1],

---

[1] Mary Beth Ricke, Victims' Right to a Speedy Trial: Shortcomings, Improvements, and Alternatives to Legislative Protection, 41 Wash. U. J.L. & Pol'y 181, 193 (2013) (Discussing the PTSD crime victims suffer, especially before and during trial) Further it is well documented that
(Footnote continues on following page.)

suicidal ideation and re-traumatization if Defendant is released before the jury verdict, in the middle of trial. In fact they may feel like their testimony was inadequate and that is why Defendant has been released. This will no doubt harm victims and other crime victims who seek to come forward and testify in criminal cases.

In the Court's consideration of Defendant's Sixth Request for Release on Bond, Alleged Victims respectfully request that the Court consider the additional trauma and danger to the testifying Alleged Victims that would occur if Defendant were released from detention just days after Alleged Victims 2, 4, 5 & 6 testified.

Dated: June 4, 2023

By: /s/ Stephanie Richard
Stephanie Richard
RISE CLINIC, Loyola Law School
*Co-counsel for Victims #1, #2, #4, #5, #6, & #7*

By: /s/ Kevin G. Sullivan
Cassidy Young
Kevin G. Sullivan
K&L Gates LLP
*Co-counsel for Victims #1, #2, #4, #5, #6, & #7*

---

(Footnote continued from previous page)

sex trafficking victims suffer from higher levels of PTDS, depression and anxiety than even other victims of violence. *See* Hossain, M., Zimmerman, C., Abas, M., Light, M., & Watts, C. (2010). The Relationship of Trauma to Mental Disorders Among Trafficked and Sexually Exploited Girls and Women. American Journal of Public Health, 100 (12), 2442–2449(finding that PTSD levels found among [trafficked girls and women] (77%) were higher than levels identified in a meta-analysis of associations between intimate partner violence and PTSD (63%) and in studies of persons fleeing war or mass violence (38%–65%).

3