**FILED**
CLERK, U.S. DISTRICT COURT

6/16/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ gga _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 20-0228 FMO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY INSTRUCTIONS (WITH AUTHORITY)** |
| | ) | |
| MEI XING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# JURY INSTRUCTION NO. 1
## Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.1.

**JURY INSTRUCTION NO. 2**

**The Charge – Presumption of Innocence**

This is a criminal case brought by the United States government.  The government charges the defendant with sex trafficking by threats of force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1), (a)(2).  The charges against the defendant are contained in the Indictment.  The Indictment simply describes the charges the government brings against the defendant.  The Indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.2.

# JURY INSTRUCTION NO. 3

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits which are received in evidence; and

Third, any facts to which the parties agree.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.3.

## JURY INSTRUCTION NO. 4

### What is Not Evidence

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.4.

**JURY INSTRUCTION NO. 5**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.5.

**JURY INSTRUCTION NO. 6**

**Ruling On Objections**


There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.


SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.6.

# JURY INSTRUCTION NO. 7

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

SOURCE: Ninth Circuit Model Criminal Jury Instructions, No. 1.7.

**JURY INSTRUCTION NO. 8**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have

1    been ordered not to discuss the matter.  In addition, you must report the
2    contact to the court.

3        Because you will receive all the evidence and legal instruction you
4    properly may consider to return a verdict:  do not read, watch, or listen
5    to any news or media accounts or commentary about the case or
6    anything to do with it[, although I have no information that there will be
7    news reports about this case]; do not do any research, such as
8    consulting dictionaries, searching the Internet or using other reference
9    materials; and do not make any investigation or in any other way try to
10   learn about the case on your own.  Do not visit or view any place
11   discussed in this case, and do not use the Internet or any other
12   resource to search for or view any place discussed during the trial.
13   Also, do not do any research about this case, the law, or the people
14   involved—including the parties, the witnesses or the lawyers—until you
15   have been excused as jurors.  If you happen to read or hear anything
16   touching on this case in the media, turn away and report it to me as
17   soon as possible.

18

19   These rules protect each party's right to have this case decided only on
20   evidence that has been presented here in court.  Witnesses here in court take an
21   oath to tell the truth, and the accuracy of their testimony is tested through the trial
22   process.  If you do any research or investigation outside the courtroom, or gain any
23   information through improper communications, then your verdict may be influenced
24   by inaccurate, incomplete, or misleading information that has not been tested by the
25   trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if
26   you decide the case based on information not presented in court, you will have
27   denied the parties a fair trial.  Remember, you have taken an oath to follow the
28   rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.8.

**JURY INSTRUCTION NO. 9**

**No Transcript Available to Jury**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.9.

**JURY INSTRUCTION NO. 10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.10.

### JURY INSTRUCTION NO. 11

### Jury to be Guided by English Translation/Interpretation

Languages other than English will be used for some evidence during this trial. When a witness testifies in another language, the witness will do so through an official court interpreter.  When recorded evidence is presented in another language, there will be an official court translation of the recording.

The evidence you are to consider and on which you must base your decision is only the English-language interpretation or translation provided through the official court interpreters or translators.  Although some of you may know the non-English language used, you must disregard any meaning of the non-English words that differs from the official interpretation or translation.

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

SOURCE:  Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.12.

**JURY INSTRUCTION NO. 12**

**Foreign Language Testimony**

You will hear testimony from witnesses who will be testifying in the Mandarin Chinese language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or party based solely on the fact that an interpreter was used.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 2.9.

**JURY INSTRUCTION NO.  13**

**Opinion Evidence – Expert Witness**

You will hear testimony from witnesses who will testify about his or her opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.14.

# JURY INSTRUCTION NO. 14

## Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

SOURCE:  Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.16.

**JURY INSTRUCTION NO. 15**

**Outline of Trial**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.11.

**JURY INSTRUCTION NO. 16**

**Transcript of Recording in Foreign Language**

You are about to [hear/watch] a recording in the Mandarin Chinese language. Each of you has been given a transcript of the recording that has been admitted into evidence. The transcript is an English-language translation of the recording.

Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence. The transcript is the evidence, not the foreign language spoken in the recording. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning of the non-English words.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 2.7.

# JURY INSTRUCTION NO. 17

## Duties of Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.1.

# JURY INSTRUCTION NO. 18
## Presumption of Innocence

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the Indictment, begins the trial with a "clean slate" – with no evidence against her. The Indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that defendant has committed each and every element of the offenses charged in the Indictment, you must find defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

SOURCE: O'Malley, et al., Federal Jury Practice and Instructions, § 12.10 (6th ed. 2008).

**JURY INSTRUCTION NO. 19**

**Charge Against Defendant Not Evidence –
Presumption of Innocence – Burden of Proof**

The Indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.2.

**JURY INSTRUCTION NO.  20**

**Statement by Defendant**


You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.


SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.1.

# JURY INSTRUCTION NO. 21

## Defendant's Decision to Testify

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.4.

# JURY INSTRUCTION NO. 22

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

    First, the sworn testimony of any witness;

    Second, the exhibits received in evidence; and

    Third, any facts to which the parties have agreed.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.6.

# JURY INSTRUCTION NO. 23

## What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.7.

**JURY INSTRUCTION NO. 24**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.8.

# JURY INSTRUCTION NO. 25

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some

things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.9.

# JURY INSTRUCTION NO.  26

## Other Crimes, Wrongs, or Acts of Defendant

You have heard evidence that the defendant committed other crimes, wrongs, or acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 3.3.

**JURY INSTRUCTION NO. 27**

**Activities Not Charged**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.10.

**JURY INSTRUCTION NO.  28**

**Separate Consideration of Multiple Counts – Single Defendant**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.11.

**JURY INSTRUCTION NO. 29**

**Foreign Language Testimony**

You have heard testimony of witnesses who testified in the Mandarin Chinese language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.17.

**JURY INSTRUCTION NO.  30**

**Disputed Transcript of Recording in Foreign Language**

You have heard about several statements by witnesses in interviews and in voice notes.  In some of these, the witnesses spoke only in the Mandarin Chinese language.  During trial, the lawyers asked the witnesses questions related to these statements.  The accuracy of the translation of the statements is disputed in this case.

Whether the parties have presented an accurate translation of the statements, in whole or in part, is for you to decide.  In considering whether the parties have accurately described the words spoken, you should consider the testimony presented to you regarding how, and by whom, the translation was made.  You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the statement or conversation, and the reasonableness of the translation in light of all the evidence in the case.

Although some of you may know the Mandarin Chinese language, it is important that all jurors consider the same evidence.  Therefore, you must not rely in any way on any knowledge you may have of the language spoken when these recordings or statements were made; your consideration of the statements must be based on the evidence in the case.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No.  2.8 (modified).

## JURY INSTRUCTION NO. 31

### On or About – Defined

The Indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.18.

**JURY INSTRUCTION NO.  32**

**Knowingly**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 4.8.

**JURY INSTRUCTION NO. 33**

**Sex Trafficking by Threats of Force, Fraud, or Coercion**
**(18 U.S.C. § 1591(a)(1), (a)(2), (b)(1))**

The defendant is charged in Count One, Count Three, and Count Four of the Indictment with engaging in sex trafficking by threats of force, fraud, or coercion in violation of Section 1591 of Title 18 of the United States Code.  For the defendant to be found guilty of those charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant:

> (a) knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Alleged Victim 2, Alleged Victim 3, or Alleged Victim 4 to engage in a commercial sex act; or

> (b) benefitted financially or by receiving anything of value from participation in a venture that recruited, enticed, harbored, transported, provided, obtained, or maintained Alleged Victim 2, Alleged Victim 3, or Alleged Victim 4 to engage in a commercial sex act;

Second, the defendant knew or was in reckless disregard of the fact that threats of force, fraud, coercion or any combination of such means would be used to cause Alleged Victim 2, Alleged Victim 3, or Alleged Victim 4 to engage in a commercial sex act; and

Third, the defendant's acts were in or affecting interstate or foreign commerce.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 20.25 & 20.26.

**JURY INSTRUCTION NO. 34**

**Affecting Interstate Commerce**

To convict the defendant of sex trafficking by threats of force, fraud, or coercion, the government must prove that the defendant's conduct affected or could have affected interstate commerce.  Conduct affects interstate commerce if it in any way involves, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money, or other property in commerce between or among the states or between the United States and a foreign country.  The effect can be minimal.

It is not necessary for the government to prove that the defendant knew or intended that her conduct would affect commerce; it must prove only that the natural consequences of her conduct affected commerce in some way.  Also, you do not have to find that there was an actual effect on commerce.  The government must show only that the natural result of the offense would be to cause an effect on interstate commerce to any degree, however minimal or slight.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 9.9.

### JURY INSTRUCTION NO. 35
### Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your

1  deliberations, you should not hesitate to reexamine your own views and change

2  your opinion if you become persuaded that it is wrong.

3

4  SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.19.

# JURY INSTRUCTION NO. 36

## Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.20.

**JURY INSTRUCTION NO. 37**

**Use of Notes**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.21.

**JURY INSTRUCTION NO. 38**

**Jury Consideration of Punishment**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.22.

# JURY INSTRUCTION NO.  39

## Verdict Form

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.23.

**JURY INSTRUCTION NO.  40**

**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

SOURCE: Ninth Circuit Manual of Model Criminal Jury Instructions, No. 6.24.